| | |
|---|---|
| **DISTRICT COURT**<br>**ARAPAHOE COUNTY, COLORADO**<br><br>7325 South Potomac Street<br>Centennial, Colorado 80112 | |
| | ▲  COURT USE ONLY  ▲ |
| In the Interest of:<br><br>██████████████████<br><br>           Minor Children | Case Number:<br><br>**2019 JV 158**<br><br>Division **22** |
| For the People:<br><br>    Kristi Erickson, Esq.<br>    Arapahoe County Attorney's Office<br>    14980 East Alameda Drive, Suite 007<br>    Aurora, Colorado 80012<br>    Telephone:  303-636-1100<br><br>Guardian ad Litem:<br><br>    Sarah Yarbrough, Esq.<br>    Bettenberg, Maguire & Associates, LLC<br>    7009 South Potomac Street, Suite 220<br>    Centennial, Colorado 80112<br>    Telephone:  303-952-4949<br><br><br>For the Respondent Mother:<br><br>    Joe Pickard, Esq.<br>    Pickard Law, P.C.<br>    12712 West Ken Caryl Avenue<br>    Littleton, Colorado 80127<br>    Telephone:  303-989-6655 | |

For the Respondent Father:

    Richard Bednarski, Esq.
    Sherman & Howard, LLC
    90 South Cascade Avenue, Suite 1500
    Colorado Springs, Colorado 80903
    Telephone:  719-448-4084

      The matter came on for hearing on September 30, 2019, before the HONORABLE NATALIE CHASE, JUDGE of the District Court, and the following FTR proceedings were had.



       8             THE COURT:  Okay.  My turn.

       9        So, ████ ████  I'm really glad you're here today

      10   'cause I'm going to be open and honest with you, and you're

      11   not going to like what I have to say today.  But you're making

      12   it so that you're not having a relationship with your

      13   daughters.  This has become exactly like, why you're here in

      14   the first place for -- from the DR case.

      15        I mean, I'm on volume 3 of this case.  And this case

      16   is four or five months old.  I can't remember exactly when

      17   this started.  So you have an opportunity to either decide to

      18   do a treatment plan and do it, or you choose not to.  If you

      19   choose not to -- which is what this Court is gathering -- is

      20   that APR is going to go directly to ████████  That's what's

      21   going to end up happening.

      22        You have chosen not to do treat- -- psychological

      23   evaluation.  You have chosen to have a limited release.  You

      24   have chosen -- everything you're doing is like a constant

      25   battle and a constant fight, instead of being willing to open

```
 1    up to this team and allow this team to help.  That's what this

 2    team is for.  But you have chosen a different path.

 3            And what I'm telling you is, that path is going to

 4    end up hurting you in the long run.  This Court saw -- and I

 5    don't remember if it was August 22nd or when it was when we

 6    were here -- the letter that says you do not have cancer.  It

 7    is a skin condition.  And if you're going to sit here and tell

 8    me that you cannot come to court, then you cannot do parenting

 9    time visits.

10            And then you cannot have the children full-time

11    ever.  If you can't come to court for half-hour to an hour,

12    then you can't do parenting time visits either.  That's how it

13    works.  Okay?  So the skin condition doesn't go away just

14    because of court -- court dates, and then it's -- or happen

15    because of court dates and then go away for parenting time.

16    That's how it works.  So I'm doing this order.

17            You will appear at your psychological evaluation

18    with Dr. Bartels, and you will participate.  You will not have

19    parenting time visits until we get the recommendations and the

20    evaluations back.  You will attend all court appearances.  I

21    only allow parents to not attend is if they're complying with

22    their treatment plan, other than if they live out of state.

23    You live in state.  Period.  You will be here.  If you're not

24    here, I'm going to draw a negative inference.

25            I don't know what I did with your FSP.  I read it.
```

```
 1   I took notes, obviously.  I talked about it.  May I have a
 2   copy from someone, please?
 3             MS. ERICKSON:  I (indiscernible) --
 4             THE COURT:  The -- it might've gone into volume 2,
 5   or I did something with it.
 6             MR. PICKARD:  Here's one, Your Honor.
 7             THE COURT:  Thank you.
 8             We will not be setting a hearing with ████████.
 9   A benign, non-malignant letter is enough for me to say no
10   cancer.  Something from Europe does not suffice.  We don't
11   live in Europe.  We live in the United States, so...
12             I'm also going to tell the parties, like that filing
13   5,000 motions is not going to get you further, in this case,
14   and is probably going to delay things.  I don't mind when
15   motions are filed when they're -- and I'm not saying they're
16   not legitimate -- because I'm just having trouble finding my
17   words right now -- is that all it is is like a domestic
18   relations case right now.  And that's not what we're here for.
19             We're here to reunite this family, and to try to get
20   them on the right page here.  So I have always said that if
21   you need a hearing, you contact my staff after Rule 121 has
22   been complied with.  That way, you can say -- I mean, these
23   two professionals here are spending thousands and thousands
24   and thousands of dollars of these two people's money, where
25   you could simply pick up a phone, call everyone that's
```

1    involved.  If nobody agrees, you can contact my staff and ask

2    for a hearing.  Do you know how much money you would save both

3    of them?  Tons.

4            And I've always said that.  So if you really need a

5    hearing, that's what you need to do.  Filing a motion,

6    response, and reply is costing these people a lot of money and

7    is delaying what's in the best interests of these kids, which

8    is to have a family that is in a unified front, that can

9    parent -- both these parents that can parent appropriately and

10   effectively, and not emotionally harm these children.  So,

11   please be aware of that.

12           So the motion to reinstate parenting time, I just

13   dealt with.  The Court has also just dealt with excusal of

14   absences.

15           Mr. Pickard, if you want to file status reports,

16   you're welcome to.  But like I said, you can do it orally and

17   save your client a lot of money, which I'm sure she would

18   appreciate.  So the motion to permit responsive report, you

19   can't call it a court report, but what I'm telling you is, it

20   would save your client a lot of money if you did it orally.

21   Because that's what most people do.

22           And because of my big black hole where I'm only

23   getting partial stuff.  And this is not just your case.  It's

24   every case because we're not online.  So...

25        All right.  I think I dealt with all five of them.

```
 1              MS. ERICKSON:  Your Honor, the final order I'd ask

 2    for is that ███ ███ keep the release of information for Dr.

 3    ███████ active until Ms. Quinn can get in contact with Dr.

 4    ██████.

 5              THE COURT:  Well, that's going to be up to her.  But

 6    like I said, when you do -- when you don't have an open

 7    release to this Court, it makes it appear like there's

 8    something to hide.  Especially when this has become such a big

 9    issue, and these kids believe Mom's going to die because of

10    what she's said.

11              So that will be up to her.  I hope you take to --

12    what I said to heart.  You have the opportunity -- and I've

13    said this time and time again -- to change things.  You've

14    chosen not to, and I'm telling you where this path has gone.

15    And it's going to be directly to ███████████, which is exactly

16    what you don't want.

17              And it will be with supervised parenting time for

18    the rest of their young adult lives until they become adults.

19    That's where you're headed.  Okay?

20              We need another date.  How far out?

21              MS. ERICKSON:  Your Honor, can we come back in

22    November for a parent's review?

23              THE COURT:  Can we not do a docket day?

24              MS. ERICKSON:  Yes, please.

25              MS. YARBROUGH:  Yes, please.
```

```
 1              THE COURT:  November 6 -- or November 13th at 8:30?
 2              MS. ERICKSON:  My calendar says that you're out.
 3              THE COURT:  On November 13th?  Where am I?
 4              MS. ERICKSON:  I don't know.  It's what my calendar
 5     says, "Judge Chase out."
 6              MR. BEDNARSKI:  And, Your Honor --
 7              THE COURT:  I would love to --
 8              MR. BEDNARSKI:  -- if --
 9              THE COURT:  -- know where I'm supposed to be, 'cause
10     I have things set.
11              MR. BEDNARSKI:  And, Your Honor, I'm in trial in
12     Jefferson County on the 13th --
13              THE COURT:  Okay.
14              MR. BEDNARSKI:  -- 14th, 15th.
15              THE COURT:  I'm sorry, the 13th?
16              MR. BEDNARSKI:  14th and 15th, Your Honor.
17              THE COURT:  Okay.  I'm out the week of Thanksgiving.
18     That's not Thanksgiving.
19              MS. ERICKSON:  I don't know.
20              THE COURT:  I could do November 19th at two o'clock?
21              MS. YARBROUGH:  Judge, I'm in a contested APR
22     downstairs that's scheduled all day.
23              THE COURT:  November 22nd at 8:30?
24              MS. YARBROUGH:  And I'm out that day.
25              THE COURT:  November 1st at 1:30?
```

```
 1                MS. YARBROUGH:  That'll be fine.

 2                MS. ERICKSON:  That's fine.

 3                MR. BEDNARSKI:  At what time, Your Honor?

 4                THE COURT:  1:30.

 5                MR. BEDNARSKI:  That works, Your Honor.

 6                MR. PICKARD:  That's what I'm hearing.

 7                MR. BEDNARSKI:  That's November 1st at 1:30?

 8                THE COURT:  Does that work for you, Mr. Pickard?

 9                MR. PICKARD:  Yes, Your Honor.

10                THE COURT:  Okay.  November 1st at 1:30.  May I

11      adopt the rec -- recs, please?

12                MS. ERICKSON:  Yes.

13                MS. YARBROUGH:  No objection.

14                MR. BEDNARSKI:  And, Your Honor, just for the

15      record.  We disagree with one, two, and three; four you dealt

16      with, in terms of parenting time; and have no objection to

17      five, six, or seven.

18                THE COURT:  Okay.  I'm still adopting one -- all

19      recs.

20                MR. BEDNARSKI:  And we have no objection, Your

21      Honor.

22                THE COURT:  I didn't think you did.  Okay.

23          (Proceeding concluded at 12:21 p.m.)

24

25
```

1                          **CERTIFICATE**

2

3              I, Tammy Stewart, certify that I transcribed this

4     record from the digital recording of the above-entitled

5     matter, which was heard on September 30, 2019, before THE

6     HONORABLE NATALIE CHASE, in Division 22 of the Arapahoe County

7     District Court.

8

9              I further certify that the aforementioned transcript

10    is a complete and accurate transcript of the proceedings based

11    upon the audio facilities of these CDs and my ability to

12    understand them.  Indiscernibles are due to microphones not

13    working properly, excessive noises or muffled voices.

14

15             Signed this 19th day of October, 2019, in Longmont,

16    Colorado.

17

18

19                              *Tammy Stewart*

20                              _____

21                              Tammy Stewart
                                Aapex Legal Services, LLC
                                10521 Booth Drive
22                              Longmont, CO 80504
                                Tel: 303-532-7856
23                              Fax: 303-539-5298

24

25