19CA1161 Peo in Interest of KP 02-27-2020

COLORADO COURT OF APPEALS

DATE FILED: February 27, 2020
CASE NUMBER: 2019CA1161

Court of Appeals No. 19CA1161
Arapahoe County District Court No. 19JV158
Honorable Natalie T. Chase, Judge

The People of the State of Colorado,

Appellee,

In the Interest of K.P., L.P., and M.P., Children,

and Concerning C.P., a/k/a C.H.,

Appellant.

# JUDGMENT AFFIRMED

Division II
Opinion by JUDGE TOW
Terry and Casebolt*, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced February 27, 2020

Ron Carl, County Attorney, Kristi Erickson, Assistant County Attorney, Aurora, Colorado, for Appellee

Sarah Yarbrough, Alison A. Bettenberg, Guardians Ad Litem

Pickard Law, P.C., Joe Pickard, Jay Pickard, Kevin Massaro, Jennifer Gehring, Littleton, Colorado, for Appellant

*Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and § 24-51-1105, C.R.S. 2019.

¶ 1     C.H. (mother) appeals the dispositional order adjudicating K.P., L.P., and M.P. (the children) dependent and neglected. We affirm.

## I.     Background

¶ 2     In February 2019, the Arapahoe County Department of Human Services (the Department) filed a petition in dependency and neglect regarding the children. The Department alleged that it had received a referral that K.P. had been sexually abused by her father. The Department also alleged that the family was involved in a prior dependency and neglect action in 2017, involving very similar disclosures by L.P. and M.P. In the prior action, the jury found that neither parent abused or neglected the children. Following an assessment, the Department concluded that K.P.'s newest disclosure was part of a larger pattern of emotional manipulation by mother.

Exh. A-1

¶ 3     Mother denied the allegations in the petition and requested an adjudicatory jury trial.  The jury adjudicated the children dependent and neglected as to mother.[1]

      II.     References to Prior Dependency and Neglect Action

¶ 4     Mother first alleges that the juvenile court erred in allowing the jury to consider the prior dependency and neglect action.  Specifically, she alleges that (1) claim preclusion and issue preclusion prevented the relitigation of these former claims; (2) the court should have limited the purposes for which the jury would be permitted to consider the evidence pertaining to the prior action; (3) the court should have provided a jury instruction requiring the jury to find at least one new instance of abuse; and (4) the court should have allowed mother access to and use of the special verdict forms from the prior dependency and neglect action.  We address each contention in turn.

---

[1] The juvenile court also adjudicated the children dependent and neglected as to father.  That decision is not at issue in this appeal.

A. Neither Claim Preclusion Nor Issue Preclusion Applies

¶ 5   Mother alleges that because the petition refers to allegations from the 2017 case, this constitutes an "inappropriate relitigation of claims." We discern no error.

1. Standard of Review

¶ 6   Whether a claim is barred under the doctrine of claim preclusion or issue preclusion presents a legal question that we review de novo. *Foster v. Plock,* 2017 CO 39, ¶ 10; *Camp Bird Colo., Inc. v. Bd. of Cty. Comm'rs,* 215 P.3d 1277, 1281 (Colo. App. 2009).

2. Law and Application

¶ 7   A prior dependency and neglect petition does not bar a subsequent proceeding where instances of child abuse occurred after the dismissal of the prior petition and such facts are alleged in, and form the basis of, a subsequent petition. *People in Interest of D.L.E.,* 645 P.2d 271, 273 (Colo. 1982); *People in Interest of D.A.K.,* 198 Colo. 11, 14-15, 596 P.2d 747, 749 (1979). Here, the second petition alleges that one of the children reported a new allegation of sexual abuse by her father in a similar manner to reports that had prompted the first petition. Although the petition refers to both "current allegations" and "allegations that pre-date

the Jury Trial in the 2017 case," the Department clarifies in a footnote that "[t]he current case ought to be about matters that have arisen since the earlier case." Moreover, while the proceeding to determine whether a child is dependent and neglected "is designed to determine the child's status or situation at the time of the adjudication . . . the child's situation on the day of the hearing cannot be viewed in a vacuum." *D.A.K.*, 198 Colo. at 14-15, 596 P.2d at 749. Therefore, "evidence of a continual pattern of abuse or neglect since a time prior to dismissal of the previous action may be relevant in this kind of case." *Id.* at 15, 596 P.2d at 750.

¶ 8   Because the second petition was based on allegations of child abuse that arose subsequent to the dismissal of the prior petition, neither claim preclusion nor issue preclusion bars the present dependency and neglect proceeding.

        B.   Mother Did Not Request a Limiting Instruction

¶ 9   Mother also asserts that the court should have provided a limiting instruction for evidence regarding the prior dependency and neglect action because the jury was confused about its relevance. But mother does not cite anywhere in the record where she

4

preserved this issue by requesting an evidentiary limiting instruction.

¶ 10    Mother asserts she preserved this argument by briefly asserting in her motion in limine that "any evidence tendered at trial must be new evidence." Mother is mistaken.  The motion in limine attacked the admissibility of the evidence at all — for any purpose.  But mother's claim on appeal appears to be that once admitted, an instruction should have been given limiting the purposes for which the jury could consider the evidence.

¶ 11    To the extent mother now reiterates her claim that the evidence was inadmissible, we disagree.  Because the jury may consider evidence regarding a history of abuse, the court did not abuse its discretion in failing to limit the admissibility of historical facts in this case.  *People in Interest of D.I.*, 2015 COA 136, ¶ 26.

¶ 12    Any challenge regarding the lack of a limiting instruction was not preserved.  Therefore, we will not consider this issue.  *In re E.R.S.*, 2019 COA 40, ¶¶ 31-33.

Exh. A-1

C.   The Court Did Not Err in Denying Mother's Proposed Jury Instruction

¶ 13   Mother also contends that the court erred by failing to provide her proposed jury instruction.  We disagree.

1.   Standard of Review

¶ 14   "A trial court's decision to give a particular instruction, or to reject a party's tendered instruction, is reviewed for an abuse of discretion.  *People in Interest of S.X.M.*, 271 P.3d 1124, 1129 (Colo. App. 2011).  However, "[w]e review jury instructions de novo to determine whether the instructions, when considered as a whole, accurately informed the jury of the pertinent law."  *People in Interest of J.G.*, 2016 CO 39, ¶ 33.

2.   Law and Application

¶ 15   Mother's proposed jury instruction states in relevant part: "To adjudicate the children dependent or neglected, the jury must base their findings on instances of abuse occurring after November 3, 2017" — in other words, after the first action was dismissed.  But this instruction is too broad, and thus is an incorrect statement of the law.

6

Exh. A-1

¶ 16    "The evidence of alleged instances of abuse and parental neglect relied upon to establish the child's dependency and neglect must be considered in the context of the child's history as well as the respondent parent's prior behavior." *D.A.K.*, 198 Colo. at 15, 596 P.2d at 749–50.  Thus, in determining whether abuse occurred after November 3, 2017, the jury was appropriately permitted to consider the children's history and mother's prior behavior in determining whether the children were dependent and neglected by mother at the time of the jury's consideration.  Because mother's tendered instruction misstated the law, the court did not abuse its discretion in declining to provide it.  *Taylor v. Regents of Univ. of Colo.*, 179 P.3d 246, 248 (Colo. App. 2007) ("The trial court has substantial discretion in formulating jury instructions so long as they include correct statements of the law[.]").

¶ 17    Mother also contends that the juvenile court erred in providing the jury instruction of the Department and the guardian ad litem (GAL) instead.  The court instructed the jury, "Respondent Mother was a respondent parent in a prior dependency and neglect case in 2017.  A previous jury determined, for whatever reason, that the

Exh. A-1

State failed to prove its case by a preponderance of the evidence."
This was a correct recitation of the factual background of the case.[2]
Therefore, we perceive no error.

### D. The Special Verdict Forms Were Not Relevant

¶ 18    Mother also contends that the court erred by denying her motion to release the signed special verdict forms from the prior dependency and neglect action and make them a part of the record because the forms were "relevant to show exactly what the previous Jury had — or had not — determined to have been proved." But we are not persuaded that the forms from the prior action were relevant to the new action, which was based on events that occurred after the prior action was dismissed. Therefore, we perceive no error.

### III. Appointment of the Guardian Ad Litem

¶ 19    Mother next asserts that the juvenile court erred by appointing the same GAL that had served as the children's GAL in the prior

---

[2] The court took the language for this instruction from *Kinney v. People*, 187 P.3d 548, 558 (Colo. 2008). Though we conclude that the instruction given in this case was not error, we caution that the "use of an excerpt from an opinion in an instruction is generally an unwise practice." *Evans v. People,* 706 P.2d 795, 800 (Colo. 1985).

8

action. The People and the GAL argue that this issue was not properly preserved for appeal. We agree.

¶ 20   Because a magistrate entered the order appointing the GAL, mother was required to make a timely request for review by the district court before raising the issue on appeal. § 19-1-108(5.5), C.R.S. 2019 ("A petition for review is a prerequisite before an appeal may be filed with the Colorado court of appeals[.]"); *see People in Interest of J.D.*, 2017 COA 156, ¶ 12 (stating that the governing statute prevails over conflicting provisions in the Rules for Magistrates when reviewing magistrate orders entered in juvenile proceedings) (*cert. granted* Sept. 17, 2018).

¶ 21   Mother argues that the appointment "never became subject to review at the district court level" because the magistrate failed to include "a written notice that the order or judgment was issued in a proceeding where no consent was necessary, and that any appeal must be taken within 21 days pursuant to Rule 7(a)." C.R.M. 7(a). To the extent section 19-1-108 does not prevail over this rule, we agree that the order omitted the written notice required by C.R.M. 7(a)(1). And a division of this court has acknowledged that the

9

Exh. A-1

Rules for Magistrates "create a 'confusing appellate labyrinth' perplexing both counsel and pro se parties alike." *In re Marriage of Stockman*, 251 P.3d 541, 543 (Colo. App. 2010).  Nevertheless, mother cites no authority, and we are aware of none, that holds that the failure to include this language relieves a litigant of his or her obligation to timely seek review.

¶ 22    Without district court review, we have no jurisdiction to review the appointment of the GAL.  *See id.*  Therefore, we cannot address this challenge.

    IV.    Consideration of the Parental Evaluation Report

¶ 23    Mother next argues that the juvenile court erred by allowing the jury to consider the parental evaluation report (PRE) from the parents' dissolution of marriage.  Specifically, she contends that (1) the PRE was not relevant and (2) the PRE was obtained prematurely.

    A.    Mother Did Not Preserve a Challenge to Relevancy

¶ 24    Mother asserts that PREs from domestic relations matters are not relevant to dependency and neglect proceedings.  But mother did not preserve this argument.  In the juvenile court, she challenged the PRE on privilege and discovery grounds.  But she did

10

Exh. A-1

not object to the PRE as being irrelevant. Therefore, we do not consider this issue. *E.R.S.*, ¶¶ 31-33.

B. Mother Fails to Demonstrate the Inadmissibility of the PRE

¶ 25   Mother also contends that the PRE was obtained prematurely and improperly under C.R.C.P. 45 and *In re Marriage of Wiggins*, 2012 CO 44, and was therefore inadmissible.

1. Standard of Review

¶ 26   We review de novo issues involving interpretation of the rules of civil procedure. *In re Parental Responsibilities of M.B.-M.*, 252 P.3d 506, 509 (Colo. App. 2011). And we review a court's evidentiary rulings for an abuse of discretion. *D.I.*, ¶ 26. We will not disturb the court's ruling unless it was manifestly arbitrary, unreasonable, or unfair, or based on a misapplication of the law. *Id.*

2. Law and Application

¶ 27   Pursuant to C.R.C.P. 45(a)(2), the clerk of court or an attorney who has entered an appearance in the case may issue a signed subpoena. If production of records is required as part of the subpoena, C.R.C.P. 45(c) and (d) should be attached to the subpoena. C.R.C.P. 45(a)(1)(A)(vii). C.R.C.P. 45 is violated if

11

Exh. A-1

subpoenaed documents are then provided prior to the specified hearing date, thus depriving a party of the opportunity to object to the subpoena before the documents are disclosed.  *Wiggins*, ¶¶ 30-31.

¶ 28   Here, the subpoena was signed by a judge and did not include the language of C.R.C.P. 45(c) and (d).  The PRE was then provided to the Department prior to the hearing at which it was required.  But mother fails to cite any case law to support her assertion that this procedural flaw makes the PRE inadmissible.  Nor does mother allege prejudice resulting from the fact that it was provided early.  Therefore, we perceive no error in the admission of the PRE.[3]

V.   Allocation of Peremptory Challenges

¶ 29   Mother next argues that the juvenile court erred in allocating only one third of peremptory challenges to her because the Department and the GAL were aligned in their trial positions.

---

[3] To the extent that mother also alleges that the subpoena was improper because it was not accompanied by a separate order authorizing public inspection pursuant to section 14-10-127(8), C.R.S. 2019, the court remedied any flaw by subsequently ordering the release of the PRE at the hearing.

12

Exh. A-1

¶ 30    C.R.J.P. 4.3(b) provides that "the petitioner, all respondents, and the guardian ad litem shall be entitled to three peremptory challenges." The court is not authorized to decrease the number of peremptory challenges given to the GAL. *People in Interest of J.J.M.*, 2013 COA 159, ¶¶ 9-13 (rejecting father's argument that the department of human services and the GAL should share peremptory challenges because they were aligned in their trial positions). Therefore, the court did not err in providing the Department, the GAL, and mother three peremptory challenges each. *M.B.-M.*, 252 P.3d at 509 (reviewing the court's interpretation of a rule of civil procedure de novo).

VI.    Multiple Advisory Witnesses

¶ 31    Mother contends that she is entitled to a new trial because the juvenile court permitted the Department to have two advisory witnesses. We are not persuaded.

A.    Standard of Review

¶ 32    "Decisions related to the sequestration of witnesses are reviewed for an abuse of discretion." *People v. Lopez*, 2016 COA 179, ¶ 11.

13

Exh. A-1

B. Law and Application

¶ 33    CRE 615 provides that "[a]t the request of a party the court shall order witnesses excluded so that they cannot hear the testimony of other witnesses."  Sequestration orders exist to prevent a witness from conforming his or her testimony to that of another witness and to discourage collusion.  *Martin v. Porak*, 638 P.2d 853, 854 (Colo. App. 1981).  However, "a person whose presence is shown by a party to be essential to the presentation of his cause," otherwise known as an advisory witness, can remain in the courtroom.  CRE 615.

¶ 34    Here, the Department requested, and was granted, two advisory witnesses because two caseworkers had distinct information and advice on the case.  Mother argues that the Department was only allowed one advisory witness under CRE 615.  We need not decide whether CRE 615 limits a party to a single advisory witness because even if mother is correct, she fails to allege any prejudice or point to any collusion between the witnesses.  Because any error in permitting two advisory witnesses was harmless, we discern no basis for reversal.

Exh. A-1

VII.  Cumulative Error

¶ 35   Lastly, mother alleges that the juvenile court demonstrated a cumulative lack of fairness and impartiality to her, thus requiring reversal.  But "[t]he doctrine of cumulative error, although applied regularly in criminal appeals, has not been extended to civil cases." *Acierno v. Garyfallou*, 2016 COA 91, ¶ 66.  And proceedings brought under the Children's Code in juvenile court are civil proceedings.  *E.R.S.*, ¶ 32.  Nor has mother cited any authority suggesting to the contrary.  Therefore, we reject this claim.

VIII.  Conclusion

¶ 36   The judgment is affirmed.

JUDGE TERRY and JUDGE CASEBOLT concur.

Exh. A-1

# Court of Appeals

STATE OF COLORADO
2 East 14th Avenue
Denver, CO 80203
(720) 625-5150

PAULINE BROCK
CLERK OF THE COURT

## NOTICE CONCERNING ISSUANCE OF THE MANDATE

Pursuant to C.A.R. 41(b), the mandate of the Court of Appeals may issue forty-three days after entry of the judgment.  In worker's compensation and unemployment insurance cases, the mandate of the Court of Appeals may issue thirty-one days after entry of the judgment.  Pursuant to C.A.R. 3.4(m), the mandate of the Court of Appeals may issue twenty-nine days after the entry of the judgment in appeals from proceedings in dependency or neglect.

Filing of a Petition for Rehearing, within the time permitted by C.A.R. 40, will stay the mandate until the court has ruled on the petition.  Filing a Petition for Writ of Certiorari with the Supreme Court, within the time permitted by C.A.R. 52(b), will also stay the mandate until the Supreme Court has ruled on the Petition.

BY THE COURT:   Steven L. Bernard
Chief Judge

DATED:  December 27, 2018

> *Notice to self-represented parties*:  *The Colorado Bar Association provides free volunteer attorneys in a small number of appellate cases.  If you are representing yourself and meet the CBA low income qualifications, you may apply to the CBA to see if your case may be chosen for a free lawyer.  Self-represented parties who are interested should visit the Appellate Pro Bono Program page at http://www.cobar.org/Portals/COBAR/repository/probono/CBAAppProBonoProg_PublicInfoApp.pdf*

Exh. A-1