IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 23-cv-01558-KLM

K.A.,

    Plaintiff,

v.

MICHELLE BARNES, Executive Director of Colorado Department of Human Services, in her official capacity, *et. al.*,

    Defendants.

### ACDHS DEFENDANTS' UNOPPOSED MOTION TO RESTRICT COMPLAINT UNDER LEVEL 1 RESTRICTION AND RESTRICT PUBLIC ACCESS

Defendants Arapahoe County Department of Human Services ("ACDHS"), ACDHS Division Manager Michelle Dossey ("Ms. Dossey"), in her official capacity only, and the Arapahoe County Board of County Commissioners ("Board") (collectively, the "ACDHS Defendants"), through counsel, hereby move the Court pursuant to D.C.COLO.LCivR 7.2 to restrict the Complaint [Doc. #1] filed by Plaintiff under Level 1 restriction and restrict public access to the same. In support, the ACDHS Defendants state as follows:

#### Conferral

Undersigned counsel conferred with Plaintiff's counsel regarding this motion. Plaintiff does not oppose the relief sought.

#### Argument

1.     This case arises out of a state court dependency and neglect action in which Plaintiff's parental rights were terminated following a finding of the state court that Plaintiff had

1

coached her minor children into making false allegations of sexual abuse against their father, to whom the court awarded sole custody of the children. *See generally* Compl. [Doc. #1]. Plaintiff continued to make false allegations of abuse through social media posts during the course of the dependency and neglect case and was found to have violated the state court's protective order against such statements. *See, e.g.,* Compl. ¶¶ 63-64 (May 2020 protective order entered prohibiting Plaintiff "from posting on social media sites information related to the Minor Children and the allegations of abuse or neglect associated with this case"). The protective order was issued to protect the privacy interests of both father and the minor children. Additionally, father and the minor children were able to obtain a $1.76 million defamation judgment against Plaintiff related to these same baseless and false allegations of abuse that Plaintiff now includes in her Complaint. *Id.* ¶ 85.

2.   Here, in the Complaint, while Plaintiff does not use the minor children's names, she includes both her name and the father's name in contravention of Colorado's Children's Code, making it likely one could identify the minor children discussed in the Complaint.[1] *See* Compl., ¶¶ 6, 11. Under the Colorado Children's Code, records of child abuse and neglect are required to be kept confidential and "shall not be public information." Colo. Rev. Stat. § 19-1-307(1)(a). Specifically, Colo. Rev. Stat. § 19-1-307(1)(b) prohibits the disclosure of the name and address of children *and family members* and other identifying information. As a result, state court pleadings in dependency and neglect cases are suppressed, or if court orders or pleadings are available to the

---

[1] Tellingly, Plaintiff redacts the names of Plaintiff, father, and the minor children in all of the exhibits to the Complaint, despite naming Plaintiff and the father in the body of the Complaint. *See* Docs. #5-1 through 5-11.

public, they only refer to family members by initials, protecting the privacy interest of the minor children and family members involved.

3. Given the extensive history of protective orders and the sensitive nature of the allegations in this case coupled with Plaintiff's failure to follow the conventional pleading standard of using initials for family members instead of listing full names, which allows the public to identify the minor children involved, the privacy interests of father and the minor children outweigh the interests of the pubic in nondisclosure and good cause exists to restrict the Complaint. *See Gen. Steel Domestic Sales, LLC v. Chumley*, 129 F. Supp. 3d 1158, 1188–89 (D. Colo. 2015) ("There is a presumption that documents essential to the judicial process are to be available to the public, but they may be sealed when the public's right of access is outweighed by interests which favor nondisclosure.") (citing *United States v. McVeigh*, 119 F.3d 806, 811 (10th Cir.1997)); *Ledezma v. Young Life*, No. 20-cv-01896-NYW, 2021 WL 2823261, at *3 (D. Colo. Jan. 8, 2021) ("[C]ourts may exercise discretion and restrict a public's right to access judicial records if that 'right of access is outweighed by competing interests.'") (quoting *JetAway Aviation, LLC v. Bd. of Cty. Comm'rs of Montrose*, 754 F.3d 824, 826 (10th Cir. 2014)).

4. The injury associated with the public disclosure of these false allegations of sexual abuse (which have been rejected multiple times by the state court) to father and the minor children is substantial and it is the damaging nature of such allegations that underlies the state policy protecting the confidentiality of this type of information. Accordingly, the ACDHS Defendants respectfully request the Court protect the minor children and father involved in this case by

restricting the Complaint.[2] The ACDHS Defendants further request the Court amend the caption in this case to list Plaintiff as K.A. instead of listing her full name.

5. Given the strong privacy interests the minor children and father have with respect to the salacious and false allegations included in the Complaint, the ACDHS Defendants respectfully request that the Complaint [Doc. #1] be placed under a **Level 1 Restriction**. Additionally, restriction is warranted in this case as it is not opposed by Plaintiff who has agreed to identify mother and father by initials only in any further pleadings.

WHEREFORE, the ACDHS Defendants respectfully request the Court place the Complaint [Doc. #1] under a **Level 1 Restriction** and restrict access thereto by members of the public in order to protect the privacy interests of father and the minor children. The ACDHS Defendants further request that the Court amend the caption in this matter to change Plaintiff's name to K.A. instead of using her full name and order all further pleadings in this matter refer to Plaintiff and her family members by their initials.

---

[2] Not only does Plaintiff's Complaint outline state court orders prohibiting her from making these baseless allegations of sexual abuse (*see* Compl., ¶¶ 63-64), but she was found in contempt of court on four separate occasions for violating court orders prohibiting her from spreading these false allegations about her children, including in the underlying dependency and neglect matters and separate defamation actions brought by her ex-husband. Compl., ¶ 22 (father filed a defamation action against Plaintiff and her private investigator, which settled to include an order prohibiting defamation), ¶ 63 (Plaintiff put a petition online about the issues in this case in April 2020), ¶ 66 (Plaintiff found in contempt for violating 2017 settlement with father for defamation claim for posting petition), ¶ 72 (found in contempt of court in dependency and neglect matter for posting this petition), ¶ 93 (Plaintiff found in contempt for fourth time).

Respectfully submitted this 17th day of July 2023.

**Arapahoe County Attorney's Office**
By: *s/ Writer Mott*
Writer Mott
Deputy County Attorney
Rebecca M. Taylor
Senior Assistant County Attorney
Arapahoe County Attorney's Office
5334 S. Prince Street
Littleton, CO 80120-1136
wmott@arapahoegov.com
rtaylor@arapahoegov.com
*Attorneys for Defendants ACDHS,*
*Michelle Dossey, and the Arapahoe County*
*Board of County Commissioners*

### Certificate of Service

This is to certify that on the 17th day of July 2023, a true and correct copy of the foregoing **ACDHS DEFENDANTS' UNOPPOSED MOTION TO FILE DOCUMENTS UNDER LEVEL 1 RESTRICTION AND RESTRICT PUBLIC ACCESS** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail address(es):

**Counsel for Plaintiff:**

**Suzanne Taheri**
West Law Group
6501 E. Belleview, Suite 375
Denver, CO 80111
E-mail: st@westglp.com

**Kristine L. Brown**
8700 E. Jefferson Ave. #370953
Denver, CO 80237
E-mail: kristiburtonbrown@gmail.com

*s/ Stacy Hines*
Stacy Hines, Paralegal
Arapahoe County Attorney's Office

5