**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

**Civil Action No. 23-cv-01558-KLM**

K.A.,

    Plaintiff,

v.

MICHELLE BARNES, Executive Director of Colorado Department of Human Services, in her official capacity, *et. al.*,

    Defendants.

---

**UNOPPOSED MOTION TO FILE DOCUMENTS UNDER LEVEL 1 RESTRICTION
AND RESTRICT PUBLIC ACCESS**

---

    Defendants Arapahoe County Department of Human Services ("ACDHS"), ACDHS Division Manager Michelle Dossey ("Ms. Dossey"), in her official capacity only, and the Arapahoe County Board of County Commissioners ("Board") (collectively, the "ACDHS Defendants"), through counsel, hereby move the Court pursuant to D.C.COLO.LCivR 7.2 to accept the filing of the documents described herein under Level 1 restriction and restrict public access to the same. In support, the ACDHS Defendants provide as follows:

    1.    This case arises out of a state court dependency and neglect action in which Plaintiff's parental rights were terminated following a finding of the state court that Plaintiff had coached her minor children into making false allegations of sexual abuse against their father, to whom the court awarded sole custody of the children. *See generally* Compl. [Doc. #1]. Plaintiff continued to make false allegations of abuse through social media posts during the course of the

dependency and neglect case and was found to have violated the state court's protective order against such statements. *See, e.g.,* Compl. ¶¶ 63-64 (May 2020 protective order entered prohibiting Plaintiff "from posting on social media sites information related to the Minor Children and the allegations of abuse or neglect associated with this case"). The protective order was issued to protect the privacy interests of both father and the minor children. Additionally, father and the minor children were able to obtain a $1.76 million defamation judgment against Plaintiff related to these same baseless and false allegations of abuse that Plaintiff now includes in her Complaint. *Id.* ¶ 85.

2. Under the Colorado Children's Code, records of child abuse and neglect are required to be kept confidential and "shall not be public information." Colo. Rev. Stat. § 19-1-307(1)(a). Specifically, Colo. Rev. Stat. § 19-1-307(1)(b) prohibits the disclosure of the name and address of children *and family members* and other identifying information. As a result, state court pleadings in dependency and neglect cases are suppressed, or if court orders or pleadings are available to the public, they only refer to family members by initials, protecting the privacy interest of the minor children and family members involved.

3. Here, the ACDHS Defendants filed a Motion to Dismiss (the "Motion") [Doc. #10]. The Motion is supported with exhibits, some of which contain, in whole or in part, confidential identifying information, including the parents' full names that might allow the public to identify the children involved in this case and in the underlying dependency and neglect case. As a result, the ACDHS Defendants submitted the following exhibits under restriction: Exhibit A-2 Plaintiff's habeas petition [Doc. #11] and Exhibit A-3 the Notice of Dismissal of the habeas petition [Doc. #11-1].

4. Good cause, therefore, exists for restricting these records, which if not protected would enable the public to identify the children and family members involved in the underlying dependency and neglect action. Given the extensive history of protective orders and the sensitive nature of the allegations in this case and in the underlying dependency and neglect action, the privacy interests of the parents and the minor children outweigh the interests of the pubic in nondisclosure and good cause exists to restrict the documents. *See Gen. Steel Domestic Sales, LLC v. Chumley*, 129 F. Supp. 3d 1158, 1188–89 (D. Colo. 2015) ("There is a presumption that documents essential to the judicial process are to be available to the public, but they may be sealed when the public's right of access is outweighed by interests which favor nondisclosure.") (citing *United States v. McVeigh*, 119 F.3d 806, 811 (10th Cir.1997)); *Ledezma v. Young Life*, No. 20-cv-01896-NYW, 2021 WL 2823261, at *3 (D. Colo. Jan. 8, 2021) ("[C]ourts may exercise discretion and restrict a public's right to access judicial records if that 'right of access is outweighed by competing interests.'") (quoting *JetAway Aviation, LLC v. Bd. of Cty. Comm'rs of Montrose*, 754 F.3d 824, 826 (10th Cir. 2014)).

4. The injury associated with the public disclosure of allegations of sexual abuse (which have been rejected multiple times by the state court) to father and the minor children is substantial and it is the damaging nature of such allegations that underlies the state policy protecting the confidentiality of this type of information. Accordingly, the ACDHS Defendants respectfully request the Court protect the minor children and father involved in this case by restricting Exhibits A-2 & A-3 to their Motion to Dismiss.

5. Accordingly, the movants are seeking **Level 1 Restriction** with regard to the exhibits attached to their Motion to Dismiss, specifically **Exhibits A-2** and **A-3**. Docs. #11, 11-1.

3

7. Apart from the public policy purposes served by the confidentiality restrictions imposed on the disclosure of records and information under state law, the ACDHS Defendants submit that the disclosure of the redacted and/or sealed information contained in their filings could needlessly expose the children and other persons who are not parties to this litigation, and who have through no fault of their own been caught up in Plaintiffs' action, embarrassment and/or humiliation absent any countervailing public interest or need.

8. Plaintiff in this action has been consulted on this matter and does not oppose the motion.

WHEREFORE, the ACDHS Defendants, with the consent and approval of the Plaintiff in this action, request that the Court accept the documents identified above for filing under seal and restrict access thereto by members of the public, granting the records Level 1 Restricted Access.

Submitted this 26th day of July 2023.

**Arapahoe County Attorney's Office**

By: _s/ Writer Mott_
Writer Mott
Deputy County Attorney
Rebecca M. Taylor
Senior Assistant County Attorney
5334 S. Prince Street
Littleton, CO 80120-1136
Tele: 303-795-4639
E-mail: Wmott@arapahoegov.com
E-mail: Rtaylor@arapahoegov.com

*Attorney for Defendants Arapahoe County Department of Human Services, Michelle Dossey, and the Arapahoe County Board of County Commissioners*

**Certificate of Service**

  This is to certify that on the 26th day of July 2023, I electronically filed the foregoing **UNOPPOSED MOTION TO FILE DOCUMENTS UNDER LEVEL 1 RESTRICTION AND RESTRICT PUBLIC ACCESS** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail address(es):

Suzanne Taheri
st@westglp.com

Kristine L. Brown
kristiburtonbrown@gmail.com

Aaron J. Pratt
aaron.pratt@coag.gov

Allison R. Ailer
Allison.ailer@coag.gov

Jennifer L. Carty
jennifer.carty@coag.gov

*s/ Stacy Hines*
Stacy Hines, Paralegal
Arapahoe County Attorney's Office

5