## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

**Civil Action No. 23-cv-01558-KLM**

K. A.,

     Plaintiff,

v.

MICHELLE BARNES, Executive Director of Colorado Department of Human Services, in her official capacity, *et. al.*,

     Defendants.

---

### DEFENDANTS' UNOPPOSED MOTION TO STAY AND VACATE SCHEDULING CONFERENCE

---

Defendants Arapahoe County Department of Human Services ("ACDHS"), ACDHS Division Manager Michelle Dossey ("Ms. Dossey"), in her official capacity only, and the Arapahoe County Board of County Commissioners ("Board") (collectively, the "ACDHS Defendants") and Defendant Executive Director of the Colorado Department of Human Services ("CDHS") Michelle Barnes ("Ms. Barnes"), in her official capacity only (collectively, "Defendants"), through their respective counsel, hereby jointly move to stay all discovery pursuant to Fed. R. Civ. P. 26(c) and to vacate the scheduling conference set in this matter for September 26, 2023 at 9:30 a.m. [Doc. #9] pending resolution of the ACDHS Defendants' Motion to Dismiss [Doc. #10] and the Motion to Dismiss to be filed by Ms. Barnes. In support, Defendants state:

#### Conferral

Undersigned counsel conferred with Plaintiff's counsel. Plaintiff does not oppose the stay.

## Overview

Plaintiff asserts six constitutional claims all challenging the outcome of her fully litigated state dependency and neglect case in which her parental rights were terminated. The ACDHS Defendants, in their Motion to Dismiss, assert a number of jurisdictional defenses including the domestic relations exception to federal jurisdiction, the *Rooker-Feldman* doctrine, Eleventh Amendment immunity, and that Plaintiff's claims are barred by the applicable statute of limitations. As a result of these jurisdictional deficiencies, the ACDHS Defendants moved to dismiss all claims asserted by Plaintiff. [Doc. #10]. Ms. Barnes is planning to assert several of these same jurisdictional defenses in her Motion to Dismiss, including Eleventh Amendment immunity, the *Rooker-Feldman* doctrine, and that the claims are time-barred. This request to stay discovery is triggered by the arguments and defenses raised in the Motions to Dismiss.

## Argument

Staying discovery pending determination of a dispositive motion is an appropriate exercise of this Court's discretion. Courts have inherent power "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Stone v. Lockheed Martin Corp.,* No. 08–cv–02522–REB–KMT, 2009 WL 267688, at *1 (D. Colo. Feb. 2, 2009) (citing *Landis v. North American Co.*, 299 U.S. 248, 254-255 (1936)). The trial court has broad discretion to stay an action while a motion to dismiss is pending pursuant to Fed. R. Civ. P. 26(c). *See String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 1:02–CV–01934–LTB–PA, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006); *see also Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 692 (M.D. Fla. 2003) (determining a stay

may be warranted if "resolution of a preliminary motion may dispose of the entire action."); *Vivid Techs., Inc. v. Am. Sci. & Eng'g, Inc.*, 200 F.3d 795, 804 (Fed. Cir. 1999) ("When a particular issue may be dispositive, the court may stay discovery concerning other issues until the critical issue is resolved.").

Here, the Court should stay discovery to preserve Defendants' assertion of the jurisdictional defenses of Eleventh Amendment immunity, *Rooker-Feldman* doctrine, and the domestic relations exception as well as the statute of limitations defense asserted in the Motions to Dismiss.[1] Moreover, staying discovery is appropriate in this case because the Motions to Dismiss, if successful, would be dispositive of all claims. *See Namoko v. Milgard Mfg., Inc.*, No. 06–cv–02031–WDM–MEH, 2007 WL 1063564, at *1-2 (D. Colo. April 6, 2007) (a stay is appropriate if resolution of the preliminary motion may dispose of the entire action).

I.   **Discovery should be stayed to preserve the protections of Eleventh Amendment immunity and to allow the court time to make an initial determination as to whether it has jurisdiction to adjudicate Plaintiff's claims**

A stay of discovery is warranted in this case because Defendants have asserted the jurisdictional defenses of Eleventh Amendment immunity, *Rooker-Feldman* doctrine, the domestic relations exception, and that the claims are time-barred, any of which could fully divest the court of jurisdiction to adjudicate Plaintiff's claims. *See Maynard v. Colorado Supreme Ct. Off. of Att'y Regul. Couns.*, No. 09-cv-02052-WYD-KMT, 2010 WL 231555, at *2 (D. Colo. Jan. 13, 2010) ("In this District, courts have found that forcing a party to engage in discovery when a

---

[1] While the Board is not entitled to Eleventh Amendment immunity like the other Defendants, the Board is an improper party altogether because it was sued based on the policies and practices of the ACDHS, which are created and controlled by the Colorado state department of human services and *not* the Board. *See Doe v. Woodard*, No. 15-cv-01165-KLM, 2016 WL 11658659, at *16 (D. Colo. Sept. 30, 2016); *see also* the ACDHS Defendants' Mot. to Dismiss [Doc. #10] at 13-14.

motion to dismiss based on a jurisdictional defense is pending would subject him to undue burden or expense if the motion to dismiss is later granted."); *Namoko,* 2007 WL 1063564, at *2 (stay of discovery is appropriate where motion to dismiss alleges claims are time-barred).

Additionally, the assertion of Eleventh Amendment immunity by the ACDHS, Ms. Dossey, and Ms. Barnes not only protects them from liability, but also from suit, including the burdens of discovery.

> 'Eleventh Amendment immunity entitles a state not only to protection from liability, but also from suit, including the burden of discovery, as a party, within the suit.' Eleventh Amendment state sovereign immunity applies to the state itself and state entities, as well as 'to state officials sued in their official capacities for retrospective monetary relief.' Consequently, courts in this district have routinely held that a well-supported claim of Eleventh Amendment immunity warrants a temporary stay of discovery until this threshold issue can be resolved.

*Taylor v. Colorado Dep't of Health Care Pol'y & Fin.*, No. 12-cv-00300-PAB-KMT, 2012 WL 1657862, at *2 (D. Colo. May 11, 2012) (citations omitted).[2] Given the assertion of Eleventh Amendment immunity and the jurisdictional defenses of the *Rooker-Feldman* doctrine and the domestic relations exception to jurisdiction asserted by the Defendants, a stay of discovery is warranted until the immunity defenses are resolved.

## II. The *String Cheese* factors weigh in favor of staying all discovery pending resolution of the ACDHS Defendants' Motion to Dismiss

In addition to preserving the defense of Eleventh Amendment immunity and other

---

[2] In her request for relief, Plaintiff includes requests for declaratory relief in addition to seeking damages. Compl., pg. 32. However, Plaintiff does not include any declaratory claims in her claims for relief and, thus, has not properly pled those claims. The declaratory claims would further be barred by the *Rooker-Feldman* doctrine, since they are premised on direct challenges of the state court's orders. *See Crone v. Dept. of Human Servs.*, No. 11–cv–02270–WJM–CBS, 2012 WL 5832438, at *4 (D. Colo. October 5, 2012) (plaintiff's assertion that state court order was product of deprivation of constitutional rights meant federal claim was inextricably intertwined with state court judgment and was subject to dismissal for lack of subject matter jurisdiction).

jurisdictional defenses, a stay of discovery is warranted under the discretionary *String Cheese* factors. When determining whether to issue a stay of discovery, courts consider: (1) plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest. *String Cheese Incident, LLC*, 2006 WL 894955, at *2. Here, the factors heavily weigh in favor of Defendants and discovery should be stayed pending resolution of Defendants' dispositive motions.

The first two factors balance the plaintiff's desire to proceed expeditiously in this case against the burden on defendants of proceeding forward. *Id*. Here, the burden on Defendants outweighs any limited interests of the Plaintiff in moving forward. Significantly, Eleventh Amendment immunity and other challenges to the federal court's jurisdiction such as the *Rooker-Feldman* doctrine and the domestic relations exception have been asserted by Defendants. As noted by the Supreme Court, "[o]ne of the purposes of immunity, absolute or qualified, is to spare a defendant not only unwarranted liability, but unwarranted demands customarily imposed upon those defending a long drawn out lawsuit." *Siegert v. Gilley,* 500 U.S. 226, 232 (1991); *see also Eaton v. Meneley,* 379 F.3d 949, 954 (10th Cir. 2004). Therefore, officials who assert immunity are entitled to have such immunity determined as a threshold issue of law before incurring the burdens of litigation associated with costly discovery and trial. *Mitchell v. Forsyth,* 472 U.S. 511, 526 (1985) ("The entitlement is an *immunity from suit* rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial."). This is especially true where, like here, a determination of the official's immunity and jurisdictional defenses may be dispositive of all of the plaintiff's claims. *See Genberg v. Porter*, No. 11-cv-

02434-WYD-MEH, 2012 WL 640150, at *2 (D. Colo. Feb. 27, 2012) ("Courts have recognized that a stay is warranted while the issue of jurisdiction is being resolved."). In contrast, Plaintiff cannot demonstrate how a delay in commencing discovery would substantially burden her, especially where her state law dependency and neglect case has been fully litigated and Plaintiff waited more than two years after any of the alleged actions by any employee of the ACDHS or CDHS to assert her claims. Additionally, since Plaintiff does not oppose the stay, these factors weigh even more strongly in favor of granting a stay.

The third *String Cheese* factor also favors a stay as the Court's convenience will be served by a stay of discovery here while it determines which, if any, claims survive the motion to dismiss, especially where the defenses asserted, like those asserted by Defendants here, may be dispositive of all of the claims asserted. *See Bassett v. CDOC Employee*, No. 13-cv-03391-MJW, 2014 WL 2974982, at *2 (D. Colo. July 2, 2014) ("[T]he court acknowledges the efficiency and fairness of delaying the proceedings pending resolution of a motion to dismiss that could resolve this matter in its entirety" and "[a] stay of discovery pending the determination of a dispositive motion 'is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources.'") (internal citation omitted)*; Eggert ex rel. Eggert v. Chaffee County*, No. 10-cv-01320-CMA-KMT, 2010 WL 3359613, at *4 (D. Colo. Aug. 25, 2010) (when a motion to dismiss could be dispositive of a case, it is more efficient and convenient to the court to stay the entire proceedings rather than engage in piecemeal discovery.). Moreover, Defendants have raised jurisdictional defenses**,** which "should be resolved at the earliest stages of litigation, so as to conserve the time and resources of the Court and the parties. Thus, a stay of discovery during the pendency of a dispositive motion asserting a jurisdictional challenge may be

appropriate and efficient." *Sandoval v. U.S.*, No. 11-cv-01533-REB-KLM, 2011 WL 3682768, at *2 (D. Colo. Aug. 23, 2011) (citing *Behrens v. Pelletier*, 516 U.S. 299, 308 & 310 (1996) and noting "that discovery can be particularly disruptive when a dispositive motion regarding immunity is pending").

Even in the event the Motion to Dismiss is granted only in part, the scope of discovery will be more limited and the likelihood of discovery disputes will be lessened if discovery is stayed until surviving claims are determined.

With respect to the fourth and fifth factors, Defendants are aware of no third parties or of any discernible public interest that would be negatively impacted by the requested stay. "To the extent the public is interested in reducing the workload of the Court, factor five also weighs in favor of a stay." *Lane v. Yohn*, No. 12-cv-02183-MSK-MEH, 2012 WL 4928216, at *3 (D. Colo. Oct. 15, 2012). Thus, the *String Cheese* factors favor this Motion, and the Court should stay all discovery pending the resolution of Defendants' Motions to Dismiss, especially where the requested stay is not opposed.

## Conclusion

For the foregoing reasons, Defendants respectfully request that the Court stay all discovery and vacate the scheduling conference pending resolution of Defendants' Motions to Dismiss.

Submitted this 28th day of July 2023.

**Arapahoe County Attorney's Office**

By: ___*s/ Writer Mott*___
Writer Mott
Deputy County Attorney
Rebecca M. Taylor
Senior Assistant County Attorney
5334 S. Prince Street

Littleton, CO 80120-1136
Phone:  (303) 795-4639
wmott@arapahoegov.com
rtaylor@arapahoegov.com

***Attorney for Defendants Arapahoe County
Department of Human Services, Michelle
Dossey, and the Arapahoe County Board of
County Commissioners***

PHILIP J. WEISER
Attorney General

s/ AARON J. PRATT
AARON J. PRATT*
Second Assistant Attorney General
ALLISON R. AILER*
Senior Assistant Attorney General
JENNIFER L. CARTY *
Assistant Attorney General
Colorado Attorney General's Office
1300 Broadway, 6th Floor
Denver, Colorado 80203
Telephone: (720) 508-6157
Email: aaron.pratt@coag.gov
          jennifer.carty@coag.gov
          allison.ailer@coag.gov

***\*Attorneys for Defendant Barnes***

### Certificate of Service

This is to certify that on the 28th day of July, 2023, I electronically filed the foregoing **MOTION TO STAY** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail address(es) and or U.S. Mail to:

Suzanne Taheri
st@westglp.com

Kristine L. Brown
kristiburtonbrown@gmail.com

Aaron Pratt
aaron.pratt@coag.gov

Jennifer Carty
jennifer.carty@coag.gov

Allison Ailer
allison.ailer@coag.gov


_s/ Theresa Smith_
Theresa Smith, Paralegal
Arapahoe County Attorney's Office