IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 23-cv-01558-KLM

K.A.,

    Plaintiff,

v.

MICHELLE BARNES, Executive Director of the Colorado Department of Human Services, in her official capacity,
ARAPAHOE COUNTY DEPARTMENT OF HUMAN SERVICES, DIVISION OF CHILD & ADULT PROTECTION SERVICES,
MICHELLE DOSSEY, Division Manager of the Arapahoe County Department of Human Services, Division of Child & Adult Protection Services, in her official capacity, and
ARAPAHOE COUNTY BOARD OF COUNTY COMMISSIONERS,

    Defendant.

_____

# ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on Defendants' **Unopposed Motion to Stay and Vacate Scheduling Conference** [#19] (the "Motion to Stay"). Defendants ask the Court to stay this case until after resolution of the pending Motion to Dismiss [#10], filed by Defendants on July 17, 2023.

    Although the stay of proceedings in a case is generally disfavored, the Court has discretion to stay discovery while a dispositive motion is pending. *See Wason Ranch Corp. v. Hecla Mining Co.*, No. 07-cv-00267-EWN-MEH, 2007 WL 1655362, at *1 (D. Colo. June 6, 2007) ("A stay of all discovery is generally disfavored in this District." (citation omitted)); *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 1:02-cv-01934-LTB-PAC, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006) (finding that a thirty-day stay of discovery was appropriate when a motion to dismiss for lack of personal jurisdiction

1

was pending); *Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 692 (M.D. Fla. 2003) (stating that a stay may be appropriate if "resolution of a preliminary motion may dispose of the entire action."); 8 Charles Alan Wright, et al., *Federal Practice and Procedure* § 2040, at 521-22 (2d ed. 1994) ("[W]hen one issue may be determinative of a case, the court has discretion to stay discovery on other issues until the critical issue has been decided."); *Vivid Techs., Inc. v. Am. Sci. & Eng'g, Inc.*, 200 F.3d 795, 804 (Fed. Cir. 1999) ("When a particular issue may be dispositive, the court may stay discovery concerning other issues until the critical issue is resolved."); *Gilbert v. Ferry*, 401 F.3d 411, 415-16 (6th Cir. 2005) (finding that ordering a stay of discovery is not an abuse of discretion when a defendant has filed a motion to dismiss challenging the court's actual subject matter jurisdiction); *Chavous v. D.C. Fin. Responsibility & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 2 (D.D.C. 2005) ("A stay of discovery pending the determination of a dispositive motion is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources." (internal quotation omitted)).

When exercising its discretion, the Court considers the following factors: (1) the interest of the plaintiff in proceeding expeditiously with discovery and the potential prejudice to the plaintiff of a delay; (2) the burden on the defendants of proceeding with discovery; (3) the convenience to the Court of staying discovery; (4) the interests of nonparties in either staying or proceeding with discovery; and (5) the public interest in either staying or proceeding with discovery. *String Cheese Incident*, 2006 WL 894955, at *2 (citing *FDIC v. Renda*, No. 85-2216-O, 1987 WL 348635, at *2 (D. Kan. Aug. 6, 1987)).

In this case, the parties assert no potential prejudice to Plaintiff from a stay, and, indeed, Plaintiff is unopposed to the stay request.  *Motion* [#19] at 1.  The Court therefore finds that the first *String Cheese Incident* factor weighs in favor of entering a stay.

With regard to the second factor, the Court finds that Defendants have demonstrated that proceeding with the discovery process presents an undue burden given the Eleventh Amendment immunity issues underlying the Motion to Dismiss [#10].  Further, proceeding could be wasteful if the Motion to Dismiss [#10] is granted.  The Court therefore finds that the second *String Cheese Incident* factor weighs in favor of entering a stay.

With regard to the third factor, it is certainly more convenient for the Court to stay discovery until it is clear that the case will proceed.  *See Chavous*, 201 F.R.D. at 5 (staying discovery pending decision on a dispositive motion that would fully resolve the case "furthers the ends of economy and efficiency, since if [the motion] is granted, there will be no need for [further proceedings]").  The Court therefore finds that the second *String Cheese Incident* factor weighs in favor of entering a stay.

With regard to the fourth factor, there are no identified nonparties with significant particularized interests in this case.  Accordingly, the fourth *String Cheese Incident* factor neither weighs in favor nor against entering a stay.

With regard to the fifth and final factor, the Court finds that the public's only interest in this case is a general interest in its efficient and just resolution.  Avoiding wasteful efforts by the Court clearly serves this interest.  Thus, the fifth *String Cheese Incident* factor weighs in favor of entering a stay.

Weighing the relevant factors, the Court concludes that entering a stay pending resolution of Defendants' Motion to Dismiss [#10] is appropriate.  Accordingly,

IT IS HEREBY **ORDERED** that the Motion to Stay [#19] is **GRANTED** to the extent that all discovery is stayed pending resolution of Defendants' Motion to Dismiss [#10].

DATED: July 31, 2023

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge