IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 23-cv-01558-KAS

K.A.,

     Plaintiff,

v.

MICHELLE BARNES, Executive Director of the Colorado Department of Human
Services, in her official capacity,
ARAPAHOE COUNTY DEPARTMENT OF HUMAN SERVICES, DIVISION OF CHILD
& ADULT PROTECTION SERVICES,
MICHELLE DOSSEY, Division Manager of the Arapahoe County Department of Human
Services, Division of Child & Adult Protection Services, in her official capacity, and
ARAPAHOE COUNTY BOARD OF COUNTY COMMISSIONERS,

     Defendants.

_____

**MINUTE ORDER**

_____

**ENTERED BY MAGISTRATE JUDGE KATHRYN A. STARNELLA**

     This matter is before the Court on Defendants Arapahoe County Department of
Human Services, Michelle Dossey, and Arapahoe County Board of County
Commissioners' ("Arapahoe County Defendants") **Unopposed Motion to File
Documents Under Level 1 Restriction and Restrict Public Access** [#18] (the
"Motion"). Specifically, the Arapahoe County Defendants seek Level 1 restriction to
restrict public access to Exhibits A-2 [#11] and A-3 [#11-1], which were filed in support of
their Motion to Dismiss [#10]. Doc. # 11 is a Writ of Habeas Corpus Pursuant to C.R.C.P.
106(a)(1), which was filed in a civil proceeding in Arapahoe County District Court and
Doc. # 11-1 is an Order granting a Notice of Dismissal Pursuant to C.R.C.P. 41, which
was filed in the same civil proceeding.

     In support of Level 1 restriction, the Arapahoe County Defendants assert that "state
court pleadings in dependency and neglect cases are suppressed, or if court orders or
pleadings are available to the public, they only refer to family members by initials,
protecting the privacy interest of the minor children and family members involved." *Motion*
[#18] ¶ 2. They further state, "[t]he Motion is supported with exhibits, some of which
contain, in whole or in part, confidential identifying information, including the parents' full
names that might allow the public to identify the children involved in this case and in the
underlying dependency and neglect case." *Id*. ¶ 3.

In accordance with D.C.COLO.LCivR 7.2, the Motion [#18] was publicly posted to allow for any objections to the sealing of the documents. No timely objections were filed. Pursuant to D.C.COLO.LCivR 7.2, the Court finds that the presumption of public access to Court files is outweighed by the parties' interest in privacy. However, the Court finds that the parties have not shown that the less restrictive alternative of redaction is not practicable. Exhibits A-2 [#11] and A-3 [#11-1] contain a litigant's full name in the caption, but no place else. Neither exhibit otherwise contains information that would, if disclosed, violate the privacy interest of the minor children and family members involved. Also, neither exhibit appears to have been filed under restriction in the Arapahoe County District Court civil proceedings. Accordingly,

IT IS HEREBY **ORDERED** that the Motion [#18] is **GRANTED**.

IT IS FURTHER **ORDERED** that the Clerk of the Court is directed to maintain the following documents **UNDER RESTRICTION** at **LEVEL** 1:[1] (1) Exhibit A-2 [#11] and (2) Exhibit A-3 [#11-1].

IT IS FURTHER **ORDERED** that that, **no later than August 22, 2023**, the Arapahoe County Defendants shall *either*: (A) file public versions of Exhibit A-2 [#11] and Exhibit A-3 [#11-1], which redact **only** the information that affects the privacy interest of the family members implicated in this lawsuit, *e.g.*, the full name of the litigant contained in both exhibits' case captions; or (B) file a notice explaining why redaction is not practicable.

Dated: August 15, 2023

---

[1] Level 1, the least restrictive, limits access to the parties and the Court.  D.C.COLO.LCivR 7.2(b).