IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 23-01558-NYW-KAS

K.A.

    Plaintiff,

v.

MICHELLE BARNES, et al.

    Defendants.

## BARNES' MOTION TO DISMISS

Pursuant to Fed. R. Civ. P. 12(b)(1) and (6), Michelle Barnes[1] moves to dismiss all claims asserted by K.A. ("Plaintiff") and states as follows:

### D.C.COLO.LCivR 7.1 CERTIFICATION

The undersigned certify that in compliance with Local Rule 7.1, on July 19, 2023, they conferred with Suzanne Taheri, counsel for Plaintiff concerning this motion. Ms. Taheri stated Plaintiff objects to the relief sought herein.

### THE ALLEGATIONS

In May 2016, Plaintiff filed for divorce and the court ordered shared custody of the couple's children. Doc. #21 at ¶¶ 11-12. Over the next several years, Plaintiff's children repeatedly reported sexual abuse by their father, and the Arapahoe County

---

[1] For purposes of this brief, Defendant will be referred to as "Director Barnes" even though she is temporarily acting outside this role as Commissioner of the Colorado Behavioral Health Administration.

Human Services Department (the "County") investigated.[2] *Id.* at ¶¶ 13-42. After finding the children's complaints baseless, the County became suspicious of Plaintiff and investigated Plaintiff for emotional abuse/coaching of the oldest daughter. Doc. #21 at ¶ 28. The County subsequently filed a dependency and neglect action against Plaintiff. *See Id*. at ¶ 28. A jury found Plaintiff's children dependent and neglected, and the court awarded Plaintiff's husband full temporary custody of the children. *Id.* at ¶¶ 29-31.

In April 2020, Plaintiff posted information online about her children. Doc. #21 at ¶ 63. The County sought a protective order, and the court ordered Plaintiff to take down the online posting. *Id.* at ¶ 64. Plaintiff violated the court's protective order multiple times, was charged with contempt multiple times, and received multiple jail sentences. *Id.* at ¶¶ 66; 81; 86-96.

Eventually in August 2020, the court terminated Plaintiff's parental rights. Doc. #21 at ¶ 70; Ex. 12 at ¶¶ 9-10. In May 2021, Plaintiff filed an untimely appeal. *Id.* at ¶¶ 100-102. On June 18, 2021, the Colorado Court of Appeals dismissed Plaintiff's untimely appeal. *Id. at* ¶ 105. Plaintiff filed a petition for certiorari in the Colorado Supreme Court, which the Supreme Court denied. *Id.*

In this lawsuit, Plaintiff attempts to collaterally attack the state court dependency and neglect and contempt proceedings. Doc. #21.

---

[2] Director Barnes refers to the County as such in order to distinguish between, and note the separation between, the State Department of Human Services created in § 26-1-104, C.R.S., and the County Departments of Human Services created in § 26-1-115, C.R.S.

## LEGAL ARGUMENT

Director Barnes moves to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) because the Court lacks subject matter jurisdiction. Additionally, Director Barnes moves to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) because Plaintiff fails to state a claim upon which relief can be granted.

**I.    THE COURT LACKS SUBJECT MATTER JURISDICTION**

Under Rule 12(b)(1), dismissal is appropriate where the Court lacks subject matter jurisdiction. When a party facially attacks the complaint's allegations as to the existence of subject matter jurisdiction, Plaintiff has the burden of establishing jurisdiction. *Port City Props. v. Union Pac. R.R. Co.*, 518 F.3d 1186, 1189 (10th Cir. 2008). Here, Plaintiff cannot establish jurisdiction because she lacks standing, and her claims are barred by the Eleventh Amendment, the domestic relations exception, and the *Rooker-Feldman* doctrine.

**A.    Plaintiff lacks standing to sue Director Barnes in her official capacity.**

A motion to dismiss on the grounds that Plaintiff lacks standing is a challenge to the Court's subject matter jurisdiction. *Irvine v. I.C. Sys. Inc.,* 198 F.Supp. 3d 1232, 1235 (D. Colo. 2016). Plaintiff bears the burden of establishing standing. *Spokeo, Inc., v. Robins*, 578 U.S. 330, 338 (2016). To establish standing to bring an action, a plaintiff must show that they have suffered "(1) an injury in fact that is concrete and particularized and actual or imminent, (2) that the injury is fairly. . . trace[able] to the challenged action of the defendant, and (3) that the injury is likely to be redressed by a

3

favorable decision." *Peck v. McCann*, 43 F.4th 1116, 1129 (10th Cir. 2022) (internal quotes omitted); *see also Santa Fe Alliance for Public Health v. City of Santa Fe*, 993 F.3d 802, 813-14 (10th Cir. 2021).

This Court should dismiss Plaintiff's complaint because Plaintiff cannot demonstrate that her alleged injuries—bankruptcy, incarceration, and termination of her parental rights—are fairly traceable to Director Barnes/the State Department's conduct or that her alleged injuries are likely to be redressed by a favorable judicial decision.

Plaintiff cannot show that her alleged injuries are fairly traceable to Director Barnes. Because Plaintiff names Director Barnes in her official capacity as Executive Director of the Colorado Department of Human Services ("the State Department"), she must allege facts that Director Barnes caused her injury through a particular duty to enforce a named statute, *see Prairie Band Potawatomi Nation v. Wagnon*, 476 F.3d 818, 828 (10th Cir. 2007) (quoting *Ex Parte Young*, 209 U.S. at 157), or that a "policy or custom" of the State Department played a part in causing her injury. *Hafer v. Melo*, 502 U.S. 21, 361-62 (1991) (citation omitted). Plaintiff does not identify any statute the State Department has a duty to enforce or State Department policy that caused her injuries. *See Santa Fe Alliance*, 993 F.3d at 814 (plaintiff must allege *a substantial likelihood* that defendant's conduct caused plaintiff's injury in fact) (emphasis added). To the extent Plaintiff identifies any policy or statute at all, she refers only to § 19-3-612, C.R.S.

4

(2016)³. Plaintiff fails to provide notice how the State Department/Director Barnes might have a duty to enforce this statute. Plaintiff's alleged injuries, consequently, have no connection to the State Department or Director Barnes.

In contrast to the State Department/Director Barnes, the state juvenile court is the entity that had control over the matters of which Plaintiff complains. Under Colorado law, the determination of dependency and neglect, and the termination of parental rights, is governed by a comprehensive statutory framework. *See* §§ 19-1-102 to 130; 19-3-100.5 to 704, C.R.S.  Even if human services officials with the County or State Department were to determine that the minor children could be safely returned to Plaintiff's custody, only the court has the power to permit reinstatement of parental rights. *See* § 19-3-612, C.R.S.

Moreover, Plaintiff effectively asks this Court to impermissibly expand the availability of a statutory remedy to include "divorce case[s]. . .where one parent was awarded full custody." Doc. #21 at ¶ 133; *see, e.g., McDaniel v. Sanchez*, 452 U.S. 130, 149-50 n 30 (1981) (noting that even after federal court found a districting plan unconstitutional, redistricting and reapportioning legislative bodies was a legislative task which the federal court should not preempt). Indeed, expanding remedies under § 19-3-612 is a legislative task, not one properly undertaken by a court. In any event, this

---

³ To the extent Plaintiff also identifies enforcement of the appellate rules, it is axiomatic that the State Department is not responsible for enforcement or application of the appellate rules of the Colorado appellate courts. *See* C.A.R. 2. Likewise, to challenge ICWA, Plaintiff was required to provide notice to the U.S. Attorney General. Fed. R. Civ. P. 5.1.

expansion of the scope of the parental rights reinstatement statute would not remedy Plaintiff's alleged injury, as this statute applies to children in the legal custody of a county, not something alleged here. §19-3-612(1).

Because Plaintiff fails to allege any injury fairly traceable to Director Barnes and the State Department, and because this Court cannot provide the remedy Plaintiff seeks, Plaintiff lacks standing. This Court, in turn, lacks subject matter jurisdiction to adjudicate Plaintiff's claims.

### B. Plaintiff's claims are barred by the Eleventh Amendment.

Intertwined with Plaintiff's lack of standing is the Eleventh Amendment bar to suits against the State. The Eleventh Amendment provides: "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." This means the Eleventh Amendment bars suits in federal court for damages and injunctive relief against states, state agencies, and state officials in their official capacities, unless the state unequivocally waives its immunity or Congress expressly abrogates the state's immunity in creating a statutory cause of action. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 97-102 (1984). A state's waiver must be express and unequivocal. *V-1 Oil Co. v. Utah State Dep't of Pub. Safety*, 131 F.3d 1415, 1421 (10th Cir. 2002). It is well established that the Colorado Governmental Immunity Act (the "CGIA") does not waive Eleventh Amendment immunity for claims under § 1983. § 24-10-101, C.R.S. *et. seq.*; *Greiss v.*

*Colorado*, 841 F.2d 1042, 1044-45 (10th Cir. 1988). "The Eleventh Amendment is a jurisdictional bar that precludes unconsented suits in federal court against a state and arms of the state." *Wagoner Cnty. Rural Water Dist. No. 2 v. Grand River Dam Auth.*, 577 F.3d 1255, 1258 (10th Cir. 2009).

Here, Plaintiff sues Director Barnes, in her official capacity as the executive director of the Colorado Department of Human Services. *See* Doc. #21 at ¶ 7. The Eleventh Amendment bars official capacity lawsuits against state employees like Director Barnes. *See Hill v. Kemp*, 478 F.3d 1236, 1255-56 (10th Cir. 2007); U.S. Const. amend. XI. Because Plaintiff is seeking relief for past injury arising out of the termination of her parental rights and convictions for contempt, Plaintiff's case does not fall within the *Ex Parte Young* exception.

Further, as is required for standing, overcoming Eleventh Amendment immunity requires that the named state officer have "some connection with the enforcement of the act that is in continued violation of federal law." *Finstuen v. Crutcher*, 496 F.3d 1139, 1151 (10th Cir. 2007). Plaintiff must allege facts that the state official had a particular duty to enforce the named statute, that the state official demonstrated a willingness to exercise that duty, or that a policy or custom played a part in the violation of federal law. *See Prairie Band Potawatomi Nation*, 476 F.3d at 828 (quoting *Ex Parte Young*, 209 U.S. at 157), *Hafer*, 502 U.S. at 361-62; *Monell v. Dept. of Social Servs.*, 436 U.S. 658, 694 (1978). Plaintiff fails to do so.

Here, Plaintiff does not point to any State Department policy or custom, and the only Colorado statute that Plaintiff identifies as a "law of Colorado enforced by Defendant Barnes" is §19-3-612, C.R.S. (2016). Section 19-3-612 is a remedial procedural statute. It does not create any duty for Director Barnes/State Department. To the contrary, § 19-3-612 provides that a former parent's parental rights may be restored *by the court* when the County has custody of a child.

If a county has custody of a child whose parent's parental rights were terminated, the county, a child of twelve years or older, *or* a court-appointed guardian ad litem may file a petition to reinstate the parent-child relationship. *See id* at (2)-(3). Certain conditions must be met, the child and former parent must both want reinstatement, there must be a successful trial period, and restoration must be found to be in the best interest of the child—all of which are determinations to be made by a court, not the State Department. *See* §19-3-612(1), (8)-(12)[4]. Accordingly, Plaintiff fails to allege a duty to enforce connected to Director Barnes. *See, i.e., Hendrickson v. AFSCME Council 18*, 992 F.3d 950, 967 (10th Cir. 2021) ("Because the judiciary was responsible for administration of marriage licenses, the 'claims [we]re simply not connected to the duties of the Attorney General or the Governor."); *Gorenc v. Klaassen*, 421 F.Supp.3d

---

[4] Notably, the statute specifies that it does not create a cause of action against the counties for the original order terminating the parent-child legal relationship, thereby strengthening the interpretation that this statute is not one enforced by the State Department or its employees. Rather, it is a remedial option for various parties, granted by the court. *See* §19-3-612(16).

8

1131, 1147, 1149 (D. Kan. 2019) (state officer must have the power to perform the act required).

Likewise, Plaintiff fails to allege that any policy or custom enforced by the State Department played a part in the violations in which Director Barnes is a named defendant. Plaintiff does not allege any facts concerning the conduct of Director Barnes or a State Department employee that are linked to the child welfare investigation, the related juvenile court proceedings in Arapahoe County, or the termination of Plaintiff's parental rights. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (a government entity is liable under § 1983 only when the entity itself is a "moving force" behind the deprivation).

For these reasons, Plaintiff's claims against Director Barnes must be dismissed.

### C.  Plaintiff's claims are barred by the *Rooker-Feldman* Doctrine.

The United States District Courts have no authority to review final judgments of a state court in judicial proceedings. *Dist. Of Columbia Ct. of Appeals v. Feldman,* 460 U.S. 462, 482 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923). Review of state court judgments and decrees may be had only in the United States Supreme Court. *Id.;* 28 U.S.C. § 1257. This is true even where there are allegations that the state court's action was unconstitutional, such as a deprivation of equal protection and due process rights. *Feldman*, 460 U.S. at 485-86 (citation omitted). The *Rooker-Feldman* doctrine prevents 'a party losing in state court . . . from seeking what in substance would be appellate review of [a] state judgment in a United States District

Court, based on the losing party's claim that the state judgment itself violates the loser's federal rights.'" *Tal v. Hogan,* 453 F.3d 1244, 1256 (10th Cir. 2006) (*quoting Johnson v. DeGrandy,* 512 U.S. 997, 1005-06 (1994)).

Where a constitutional issue could have been reviewed on direct appeal by the state appellate courts, a litigant may not seek to reverse or modify the state court judgment by bringing a constitutional challenge. *Anderson v. State of Colo.*, 793 F.2d 262 (10th Cir. 1986). To the extent that Plaintiff seeks review of the orders terminating her parental rights, protection orders prohibiting her from discussing the dependency and neglect proceedings, orders holding her in contempt, and the Court of Appeals' refusal to hear Plaintiff's untimely appeal, this Court lacks subject matter jurisdiction over her claims. *See Crone v. Dept. of Human Servs.*, 2012 WL 5832438 (D. Colo. October 5, 2012) (court lacked jurisdiction over Plaintiff request for declaratory and injunctive relief that required the court to review the state court's dependency, neglect, and custody adjudication). For this reason, Plaintiff's § 1983 claims against Director Barnes must be dismissed. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).

      **D.**    **The Declaratory Judgment Act does not confer jurisdiction.**

Plaintiff asserts that this court has jurisdiction to grant declaratory relief under 28 U.S.C. §§ 2201 and 2202[5], the Declaratory Judgment Act. The Declaratory Judgment

---

[5] Plaintiff cites to 18 U.S.C. §§ 2201 and 2202 in her complaint. Doc. #21 at ¶ 3. The State Department assumes this was a typographical error and that Plaintiff intended to cite to title 28 of the United State Statutory Code.

Act neither extends the jurisdiction of the federal courts nor enlarges substantive rights. *See Devon Energy Prod. Co., L.P. v. Mosaic Potash Carlsbad, Inc.,* 693 F.3d 1195, 1202 (10th Cir. 2012). Accordingly, subject matter jurisdiction cannot be predicated on the Act.  Plaintiff must successfully allege some other federal question to satisfy F.R.C.P. 8(a).  *See* 28 U.S.C. §2201(a) (declaratory relief is available when there is a case of actual controversy within court jurisdiction).

Because there is no independent basis for jurisdiction over Plaintiff's claims, her requests for declaratory relief cannot serve as the basis for her claim.

## II.     PLAINTIFF FAILS TO STATE A CLAIM

A defendant may move to dismiss for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6). The complaint cannot survive a motion to dismiss without some factual context sufficient to state a claim to relief that is "plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556-557 (2007); *see also Santa Fe Alliance*, 993 F.3d at 811. To survive dismissal for failure to state a claim, a complaint must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Id.* at 555. To do so, "'[t]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action.'" *Id.* (quoting 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1216, pp. 235-236 (3d ed. 2004)); *see also* Fed. R. Civ. P. 8(a).  A party must plead affirmative factual content, as opposed to a merely conclusory recitation that the elements of a claim have been satisfied, that "allows the court to draw the reasonable

11

inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  The court is not obliged to take as true a legal conclusion couched as a factual allegation.  *Id.* at 678.  Dismissal is proper "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.  *Id.* at 679.  Here, Plaintiff's lawsuit fails to state a claim for several reasons.

### A. Plaintiff's § 1983 claims are time-barred.

Although the statute of limitations is an affirmative defense, a district court may grant a Rule 12(b)(6) dismissal when it is clear from the face of the complaint that Plaintiff's claim is time-barred.  *Sierra Club v. Okla. Gas & Elec. Co.,* 816 F.3d 666, 671 (10th Cir. 2016). In Colorado, all actions against any public or governmental entity or any employee of a public or governmental entity must be commenced within two years after the cause of action accrues, and not thereafter. § 13-80-102(h), C.R.S. The two-year statute of limitations also applies to § 1983 claims. *Lyons v. Kyner,* 367 F. App'x 878, 882 (10th Cir. 2010); *Workman v. Jordan*, 32 F.3d 475, 482 (10th Cir. 1994).

Federal law governs the question of accrual in civil rights actions, and thus, dictates when the statute of limitations begins to run. *Smith v. City of Enid*, 149 F.3d 1151, 1154 (10th Cir. 1998). "A civil rights action accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Id.* "Discrete discriminatory acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges. *Schuler v. University of Denver,* 2014 WL 4948113, *8

(D. Colo. October 1, 2014) (*quoting Nat'l R.R. Pass. Corp. v. Morgan,* 536 U.S. 101, 122 (2002)).

All of Plaintiff's § 1983 claims against Director Barnes arise out of the state court dependency and neglect proceedings. Plaintiff knew or had reason to know about her claimed injuries in August 2020 when the state court terminated her parental rights. Doc. #21 at ¶¶ 67-73. Plaintiff knew about the alleged unfair treatment surrounding the protective order and contempt orders as of April 2021. *Id.* at ¶¶ 97-98.

Because more than two years has passed since these events, Plaintiff's claims are time-barred and must be dismissed with prejudice.

### B. Director Barnes is not a "person" within the meaning of 42 U.S.C. § 1983.

Section 1983 provides:

> Every **person** who, under color of any statute, ordinance, regulation, custom, or usage, of any State… subjects, or causes to be subjected, any citizen of the United States…to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured …

42 U.S.C. § 1983 (emphasis added). The United States Supreme Court has held that neither the state nor its officials acting in their official capacities are "persons" under § 1983 for purposes of damages or equitable claims. *Will v. Michigan Dept. of State Police et al.*, 491 U.S. 58, 71 (1989); *City of Kenosha v. Bruno*, 412 U.S. 507 (1973).

Here, Plaintiff sues Director Barnes in her official capacity. *See* Doc. #21. Consequently, Plaintiff's § 1983 claims for money damages, declaratory and injunctive relief must be dismissed.

**C.     Plaintiff failed to allege Director Barnes participated in the alleged constitutional deprivations.**

"Individual liability under § 1983 must be based on [the defendant's] personal involvement in the alleged constitutional violation." *Schneider v. City of Grand Junction Police Dep't,* 717 F.3d 760, 768 (10th Cir. 2013) (citing *Foote v. Speigel,* 118 F.3d 1416, 1423 (10th Cir. 1997)).  More specifically, "[b]ecause vicarious liability is inapplicable to ... § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal,* 556 U.S. at 676.

The *Iqbal* standard has "greater bite" in the "context of a § 1983 claim against individual government actors, because 'they typically include complex claims against multiple defendants.'" *Kansas Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1215 (10th Cir. 2011) (citations omitted).  Where several government actors are named as defendants, "it is particularly important … that the complaint make clear exactly *who* is alleged to have done *what* to *whom*, to provide each individual with fair notice as to the basis of the claims against him or her, as distinguished from collective allegations against the state.'" *Robins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008) (emphasis in original).  Further, "the plaintiff's facile, passive-voice showing that his rights 'were violated' will not suffice.  Likewise insufficient is a plaintiff's more active-

14

voice yet undifferentiated contention that 'defendants' infringed his rights. … Rather, it is incumbent upon a plaintiff to identify *specific* actions taken by *particular* defendants …." *Pahls v. Thomas*, 718 F.3d 1210, 1225-26 (10th Cir. 2013) (internal citations and quotation marks omitted, emphasis in original). Plaintiff fails to do so.

Here, other than the caption, Plaintiff substantively mentions Director Barnes in only two manners. *See* Doc. #21. Plaintiff alleges Defendant Barnes was and is the Executive Director of the Colorado Department of Human Services, *Id.* at ¶ 7, as well as vaguely asserts in Counts One through Three that "the laws enforced by Defendant Barnes deprived Plaintiff of her rights, privileges, liberties, and immunities secured by the Constitution of the United States." *Id.* at ¶¶ 136, 141, 183. Plaintiff makes no allegation of the specific actions of Director Barnes that have a connection to alleged constitutional violations or the declaratory and injunctive relief Plaintiff seeks. *See* Doc. #21. As such, Plaintiff has not met the requisite pleading requirement of personal participation, to sustain a § 1983 claim and, therefore, her claims against Director Barnes must be dismissed with prejudice.

### III.   Defendant Barnes joins in and incorporates by reference certain arguments made by ACDHS Defendant's Motion to Dismiss.

Defendant Director Barnes joins in and incorporates by reference arguments made by ACDHS Defendants in their Motion to Dismiss including that (1) claims are barred by the domestic relations exception. (ACDHS Motion, pp. 3-4); (2) claims are barred by the *Rooker-Feldman* doctrine. (ACHDHS Motion, pp. 5-6); and (3) claims are barred by the statute of limitations. (ACHDHS Motion, pp. 9-11).

## IV.    CONCLUSION

For these reasons, the claims against Defendant Director Barnes should be dismissed.

WHEREFORE, Defendant Michelle Barnes respectfully requests the Court dismiss Plaintiff's claims and award them any other relief deemed just and equitable.

Respectfully submitted this 28th day of August 2023.

PHILIP J. WEISER
Attorney General


*s/ Jennifer L. Carty*
JENNIFER L. CARTY* 48991
Assistant Attorney General
AARON J. PRATT* 42291
Second Assistant Attorney General
ALLISON R. AILER* 33008
Senior Assistant Attorney General II
1300 Broadway
Denver, CO  80203
Telephone: (720) 508-6600
Emails: jennifer.carty@coag.gov
aaron.pratt@coag.gov
allison.ailer@coag.gov
*Counsel of Record
*Attorneys for Defendant Barnes*

<u>CERTIFICATE OF SERVICE</u>

I certify that I served the foregoing **BARNES' MOTION TO DISMISS** upon all parties herein by e-filing with the CM/ECF system maintained by the court or by depositing copies of same in the United States mail, first-class postage prepaid, at Denver, Colorado, this 28th day of August 2023 addressed as follows:

Suzanne Taheri
West Law Group
6501 E. Belleview, Suite 375
Denver, CO 80111
E-mail: st@westglp.com

Kristine L. Brown
8700 E. Jefferson Ave.
Denver, CO 80237
E-mail: kristiburtonbrown@gmail.com

*Attorneys for Plaintiffs*

Rebecca M. Taylor
Writer Mott
Senior Assistant County Attorney
Arapahoe County Attorney's Office
5334 S. Prince St.
Littleton, CO 80120
Rtaylor@arapahoegov.com   Wmott@arapahoegov.com

*Attorneys for Defendants Arapahoe County Department of Human Services, Michelle Dossey, and the Arapahoe County Board of County Commissioners*

*s/ Bonnie Smith*