IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 23-cv-01558-NYW-KAS

K. A.,

    Plaintiff,

v.

MICHELLE BARNES, Executive Director of Colorado Department of Human Services, in her official capacity, *et. al.*,

    Defendants.

**DEFENDANTS' JOINT RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE A SECOND, OUT OF TIME RESPONSE TO THE DEFENDANTS' MOTIONS TO DISMISS**

Defendants Arapahoe County Department of Human Services ("ACDHS"), ACDHS Division Manager Michelle Dossey ("Ms. Dossey"), in her official capacity only, and the Arapahoe County Board of County Commissioners ("Board") (collectively, the "ACDHS Defendants"), and Defendant Executive Director of the Colorado Department of Human Services Michelle Barnes ("Ms. Barnes"), in her official capacity only, (collectively, "Defendants"), by and through their respective counsel, hereby submit this Joint Response in opposition to Plaintiff's Motion to file a second, untimely Response to the Defendants' Motions to Dismiss not to exceed 15 pages ("Motion") [Doc. #39].

**Overview and Procedural Background**

The ACDHS Defendants filed their Motion to Dismiss [Doc. #10] on July 17, 2023. Ms. Barnes filed her Motion to Dismiss [Doc. #34] on August 28, 2023. *See also* Doc. #35-1 (a

1

corrected version of Ms. Barnes' Motion to Dismiss). Plaintiff sought an extension of time to respond to the ACDHS's Motion to Dismiss until September 18, 2023 in order to file a combined response to both Defendants' Motions to Dismiss. Doc. #20 (Plaintiff's Motion for Extension of Time); Doc. #24 (Order granting Plaintiff's requested extension of time). In Plaintiff's Motion for Extension of Time, Plaintiff explained she intended to file a *single* combined Response because the defenses to be raised by the Defendants were substantially the same. Doc. #20 at 1. On September 18, 2023, Plaintiff filed her combined Response to the Motions to Dismiss. Doc. #38. Two days after the deadline for filing her Response to the Motions to Dismiss (and after having already filed her Response), Plaintiff filed her Motion requesting leave to file a second, untimely Response to the Motions to Dismiss to address the issue of parental alienation theory, which Plaintiff claims was relied upon by the counsel for the ACDHS during the state court hearing on termination of Plaintiff's parental rights.[1] This Court should deny Plaintiff's request on grounds that it is untimely, not contemplated by the rules of civil procedure, and, most importantly, on grounds that neither the ACDHS Defendants nor Ms. Barnes raise any legal defenses in their Motions related to parent alienation theory and, thus, an additional 15-pages to address this topic would not be responsive to either of the Defendants' Motions to Dismiss.

## Argument

I. **Neither of the Motions to Dismiss raise any legal defenses or arguments about parental alienation theory**

In the Motion, Plaintiff seeks leave to file a second Response to the Motions to Dismiss to

---

[1] Although Plaintiff couches her request as one "for leave to file an additional 15 pages Memorandum of Law," her Motion makes clear this additional 15-page brief is effectively a second response to the Motions to Dismiss.

2

address the issue of the parent alienation doctrine allegedly relied upon by counsel for the ACDHS during the state court hearing on termination of Plaintiff's parental rights. Plaintiff fails to provide good cause for permitting a second, untimely Response brief where the only issue Plaintiff intends to address is the parent alienation theory, which is an issue not raised in either of the Defendants' Motions to Dismiss. Rather, Plaintiff's request to include extensive, additional 15 pages of briefing on the parental alienation theory appears instead to be yet another example of Plaintiff attempting to relitigate her state law dependency and neglect case, not to address the legal defenses raised in the Motions to Dismiss. In fact, the term "parental alienation theory" does not appear anywhere in either of the Defendants' Motions to Dismiss. Accordingly, where Plaintiff seeks permission to file a second, untimely Response to the Motions to Dismiss, but seeks leave only to address an issue not raised in either of the Motions to Dismiss, the Court should deny Plaintiff's request. Any briefing on the issue of parental alienation theory would be irrelevant and is wholly unrelated to the defenses raised in the Motions to Dismiss and, accordingly, Plaintiff fails to provide good cause for granting her Motion.

**II.     Plaintiff's request is untimely and she should not be entitled to file multiple responses**

In addition to Plaintiff's request being unnecessary and entirely unrelated to the defenses raised in the Motions to Dismiss, Plaintiff's request should also be denied as untimely. Pursuant to Civ. Practice Standard 6.1A(d), "[n]o motion for an extension of time to file a document shall be considered unless it is filed on or before the original filing deadline date." Here, the deadline for Plaintiff to file her response(s) to the Motions to Dismiss was on or before September 18, 2023. Rather than requesting additional pages for her Response or timely seeking an extension of time to file her Response, Plaintiff instead waited until after her response deadline to seek an extension.

Pursuant to the Court's practice standard, no requests for extension of time filed after the original deadline date should be considered and, thus, this Court should deny Plaintiff's untimely request.

WHEREFORE, Defendants respectfully request this Court deny Plaintiff's request for leave to file an untimely second response to the Defendants' Motions to Dismiss to brief an issue not raised in either of the Motions to Dismiss.

Submitted this 25th day of September 2023.

**Arapahoe County Attorney's Office**

By:     *s/ Writer Mott*
Writer Mott
Deputy County Attorney
Rebecca M. Taylor
Senior Assistant County Attorney
5334 S. Prince Street
Littleton, CO 80120-1136
Phone: (303) 795-4639
wmott@arapahoegov.com
rtaylor@arapahoegov.com

*Attorneys for Defendants Arapahoe County Department of Human Services, Michelle Dossey, and the Arapahoe County Board of County Commissioners*

**PHILIP J. WEISER**
**Attorney General**

By:     *s/ Allison R. Ailer*
Aaron J. Pratt
Second Assistant Attorney General
Allison R. Ailer
Senior Assistant Attorney General
Jennifer L. Carty
Assistant Attorney General
Colorado Attorney General's Office
1300 Broadway, 6th Floor
Denver, Colorado 80203
Phone: (720) 508-6157
aaron.pratt@coag.gov

jennifer.carty@coag.gov
allison.ailer@coag.gov

*Attorneys for Defendant Barnes*

## Certificate of Service

This is to certify that on the 25th day of September, 2023, I electronically filed the foregoing **DEFENDANTS' JOINT RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE A SECOND, OUT OF TIME RESPONSE TO THE DEFENDANTS' MOTIONS TO DISMISS** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail address(es) and or U.S. Mail to:

Suzanne Taheri
st@westglp.com

Kristine L. Brown
kristiburtonbrown@gmail.com

Aaron Pratt
aaron.pratt@coag.gov

Jennifer Carty
jennifer.carty@coag.gov

Allison Ailer
allison.ailer@coag.gov

*s/ Stacy Hines*
Stacy Hines, Paralegal
Arapahoe County Attorney's Office