**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

**Civil Action No. 23-CV-01558-NYW-KAS**

K.A.,

Plaintiff,

v.

MICHELLE BARNES, et al.,

Defendants.

---

**BARNES' REPLY IN SUPPORT OF MOTION TO DISMISS**

---

Michelle Barnes (hereinafter, "Director Barnes") hereby submits the following reply in support of her Motion to Dismiss. For the reasons set forth in the motion, and the reasons set forth below, the Court should dismiss the claims of K.A. ("Plaintiff").

## ARGUMENT

Director Barnes has demonstrated that this lawsuit should be dismissed. Plaintiff failed to establish subject matter jurisdiction. Additionally, Plaintiff failed to state a claim upon which relief can be granted.

### I. THE COURT LACKS SUBJECT MATTER JURISDICTION.

In the Request for Relief of the Complaint, Plaintiff expressly requests that the Court "reverse the termination of [her] parental rights; and if not, "order the state court to conduct a new hearing, issue multiple declaratory judgments, strike portions of Colo. Rev. Stat. § 19-3-612, and award money damages". Doc. #1 at p. 32. In her response to the Motion to Dismiss, Plaintiff conceded that she requests such relief. Doc. #38 at

pp. 6-10. Director Barnes moved to dismiss Plaintiff's claims because this Court lacks subject matter jurisdiction.

Plaintiff bears the burden of proof on the issue of subject matter jurisdiction. *Marcus v. Kansas Dept. of Revenue,* 170 F.3d 1305, 1309 (10th Cir. 1999). She has not met her burden of proof. *See* Doc. #38. First, Plaintiff failed to respond to Director Barnes' Rule 12(b)(1) arguments concerning standing and the Declaratory Judgment Act and, thus, Plaintiff confessed the motion on those grounds.

Second, Plaintiff failed to explain how her claims survive Eleventh Amendment immunity. Instead, Plaintiff argued case law concerning qualified immunity in her response to Director Barnes' Motion to Dismiss. Doc. #38 at pp. 17-20. Because Plaintiff demands money damages and requests relief for past injury – the termination of her parental rights – Plaintiff's claims fall squarely within Eleventh Amendment immunity. Further, Plaintiff only focuses on the County Defendants regarding Eleventh Amendment immunity in her reply. Doc. #38, pp. 12-15.

Plaintiff appears to suggest that her claims fall within the narrow *Ex parte Young* doctrine exception. Doc. #38 at p. 4. Plaintiff is wrong. *Ex parte Young* applies only when the lawsuit seeks prospective equitable relief. *Edelman v. Jordan,* 415 U.S. 651, 666-68 (1974). Here, Plaintiff seeks retroactive relief and, thus, her claims are barred. Doc. #1 at p. 32.

Finally, the *Rooker-Feldman* doctrine also implicates the court's subject matter jurisdiction. *PJ ex rel. Jensen v. Wagner,* 603 F.3d 1182, 1193 (10th Cir. 2010). The

doctrine "precludes federal district courts from effectively exercising appellate jurisdiction over claims actually decided by a state court and claims inextricably intertwined with a prior state-court judgment." *No's Express, LLC v. Sopkin,* 441 F.3d 1229, 1233 (10th Cir. 2006). Tenth Circuit jurisprudence has emphasized the relief sought by plaintiffs. *Jensen,* 603 F.3d at 1193. Here, Plaintiff is asking the Court to reverse the state court judgment and restore her parental rights by finding a state statute unconstitutional. Doc. #1 at p. 32.; Doc. #38 at p. 6-10. Attempts to recast state court losses as deprivations of constitutional rights do not overcome the *Rooker-Feldman* jurisdictional bar. *Bruce v. City and County of Denver,* 57 F.4d 738, 749 (10th Cir. 2023). For this reason, Plaintiff's claims are also barred by the *Rooker-Feldman* doctrine.

## II. PLAINTIFF'S CLAIMS ARE TIME-BARRED AND NOT SUBJECT TO EQUITABLE TOLLING

As noted below, Director Barnes joins the County's arguments on statute of limitations. The below discussion is included as supplement to the County's discussion.

Plaintiff had knowledge of any alleged injuries on the following dates:

- August 5, 2020: Plaintiff was held in contempt for the first time. Doc. #11 at ¶ 14.
- August 25-26, 2020: Plaintiff's parental rights are terminated. Doc. #21 at ¶¶ 67-73.

- On or around August 26, 2020: Plaintiff was held in contempt for the second time. Compl., ¶¶ 67, 70, and 72.
- November 6, 2020: Plaintiff was held in contempt for the third time. Compl., ¶ 87.
- March 12, 2021: Plaintiff was held in contempt for the fourth time. Compl., ¶ 93.

*Canfield v. Douglas County,* 619 Fed. Appx. 774 (10th Cir. 2015)(unpublished), although not binding, is instructive. The Court in *Canfield* determined that the termination of parental rights becomes evident when children are first ordered removed from the parent's custody. "She did not need to await the final decision to know that her parental rights had been injured." *Id.* at 777.

Plaintiff's parental rights were terminated on August 26, 2020, and she did not file this current action until June 20, 2023, which is approximately 10 months after the statute of limitations had run. Regarding the policies and practices related to the termination of parental rights, that claim accrued on or around August 26, 2020.

For the contempt findings, Plaintiff missed the statute of limitations by about 10.5 months, 10 months, 7.5 months, and 3.5 months, respectively. Even if this court finds the claims accrued once sentencing occurred, Plaintiff missed the statute of limitations on all the contempt findings. The last sentencing of Plaintiff for contempt occurred on March 12, 2021. Compl., ¶ 23.

Equitable tolling, further, does not apply. In *Canfield* the plaintiff alleged that her claims "should be equitably tolled until the state court entered its final order because the defendants' 'wrongful conduct prevented [her] from pursuing ... her claim.'" *Id.* at 778 (external citations omitted). The Court stated, "Ms. Canfield knew of the defendants' false statements throughout the state litigation, she was continually at odds with the defendants, and the defendants pursued action against her almost relentlessly. In this context it would have been unreasonable for her to delay filing this suit for fear that the litigation would harm her in the state proceedings." *Id*.

In this matter, Plaintiff alleges the similar issues as outlined in *Canfield*. Compl., ¶¶ 21, 31, 35, 39, 46, 48, 51, 52, 55, 56, 57, 63, 65, 92, 93, 97, 98, and 103; Doc #38, pp. 15-16. In fact, Plaintiff made claims to the Arapahoe District Court once, the Colorado Court of Appeals twice, and the Colorado Supreme Court twice. Compl., ¶¶ 97, 102, 105, 109; Doc. # 11. Plaintiff also filed two complaints with the Colorado Department of Regulatory Affairs. Compl., ¶ 21. All this shows that neither Director Barnes nor the global pandemic interfered with Plaintiff's ability to file claims.

Plaintiff's reliance on *Boechler, P.C. v. Commr. of Internal Revenue*, 142 S. Ct. 1493 (2022) is misplaced. In *Boechler*, a federal statute was ambiguous because "multiple plausible, nonjurisdictional interpretations" existed. *Id.* at 1494. In this matter, the statute of limitations for Section 1983 claims are determined by reference to state law. *Nicholas v. Boyd*, 317 F. App'x 773, 778 (10th Cir. 2009). Colorado state law provides that all actions against any public or governmental entity or any employee of a

public or governmental entity must be commenced within two years after the cause of action accrues, and not thereafter. § 13-80-102(1)(h), C.R.S. Further, § 102(1)(g), provides that actions under federal statute, such as 42 U.S.C. 1983, must be commenced within in two years if the federal statute does not provide its own period of limitations. Section 13-80-102(1)'s plain language is clear and narrow. Plaintiff, moreover, has failed to provide the court with viable grounds for extending her statute of limitations, and this Court should find her claims are all time barred.

## III. DIRECTOR BARNES JOINS IN AND INCORPORATES BY REFERENCE CERTAIN ARGUMENTS MADE BY THE COUNTY'S REPLY IN SUPPORT OF THEIR MOTION TO DISMISS

Director Barnes joins in and incorporates by reference arguments made by the County Defendants including that (1) claims are barred by the domestic relations exception and (2) claims are barred by the statute of limitations.

## IV. PLAINTIFF CONFESSES THE PLEADING STANDARDS

Finally, Plaintiff failed to respond to Director Barnes' Rule 12(b)(5) arguments concerning pleading standards for § 1983 claims and, thus she confessed the motion on those grounds.

## V. CONCLUSION

The claims against Director Barnes should be dismissed.

WHEREFORE, Defendant Michelle Barnes respectfully requests that the Court dismiss Plaintiff's claims and award any other relief it deemed just and equitable.

*s/ Aaron Pratt*
AARON J. PRATT* 42291
Second Assistant Attorney General
ALLISON R. AILER* 33008
Senior Assistant Attorney General II
1300 Broadway
Denver, CO 80203
Telephone: (720) 508-6600
Emails: aaron.pratt@coag.gov
allison.ailer@coag.gov
*Counsel of Record
*Attorneys for Defendant Barnes*

CERTIFICATE OF SERVICE

I certify that I served the foregoing **BARNES' REPLY IN SUPPORT OF MOTION TO DISMISS** upon all parties herein by e-filing with the CM/ECF system maintained by the court this 2nd day of October, 2023 addressed as follows:

Suzanne Taheri
West Law Group
6501 E. Belleview, Suite 375
Denver, CO 80111
E-mail: st@westglp.com

Kristine L. Brown
8700 E. Jefferson Ave.
Denver, CO 80237
E-mail: kristiburtonbrown@gmail.com

*Attorneys for Plaintiffs*

Rebecca M. Taylor
Writer Mott
Senior Assistant County Attorney
Arapahoe County Attorney's Office
5334 S. Prince St.
Littleton, CO 80120
Rtaylor@arapahoegov.com Wmott@arapahoegov.com

*Attorneys for Defendants Arapahoe County Department of Human Services, Michelle Dossey, and the Arapahoe County Board of County Commissioners*

*s/ Bonnie Smith*