IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 23-1558

K.A., Plaintiff

v.

MICHELLE BARNES, Executive Director of Colorado Department of Human Services, in her official capacity, ARAPAHOE COUNTY DEPARTMENT OF HUMAN SERVICES, DIVISION OF CHILD AND ADULT PROTECTION SERVICES, MICHELLE DOSSEY, Division Manager of the Arapahoe County Department of Human Services, Division of Child & Adult Protection Services, in her official capacity and the ARAPAHOE COUNTY BOARD OF COMMISSIONERS, Defendants.

**MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**

Plaintiff, by and through her attorneys, respectfully renews her request to amend her Complaint pursuant to F.R.C.P. Rule 15.  Plaintiff here renews her request to amend her Complaint, as this Court gave her permission to make this request by February 2, 2024. This Court released a 20-page decision granting Defendants' Motions to Dismiss less than two hours after Plaintiff filed her Motion to Amend. This timeline indicates the Court could not have thoroughly reviewed Plaintiff's Amended Complaint before deciding to deny it and going

forward with an order that was clearly already written. This denial of Plaintiff's Motion to Amend came after Plaintiff's earlier request for additional pages to respond to Defendant's Motion to Dismiss was denied by this Court on September 25, 2023. This Court criticized Plaintiff for failing to respond to all arguments, but had denied Plaintiff's request to provide more information and facts to this Court, which Plaintiff was willing and able to do. The additional information would have addressed a number of the factors raised by the Court in its opinion, including traceability of Plaintiff's injury to state actors. As the Court requested in its most recent order, Plaintiff included additional necessary facts in her proposed Amended Complaint (including newly discovered facts which should toll the statute of limitations), and also addresses the Court's findings in this Motion, as requested.

Pursuant to D.C. Colo.LCivR 7.1 (a), Plaintiff has provided the proposed amended complaint and conferred with Defendants' Counsel. for the Department of Human Services and Counsel for Arapahoe County. All Defendants object to the Motion.

**STANDARD FOR GRANTING AMENDED COMPLAINTS**

Pursuant to Rule 15 of the Federal Rules of Civil Procedure, "The court should freely give leave when justice so requires." in the absence of futility, undue delay, bad faith or dilatory motive on the part of the plaintiff, leave to amend should be"freely given." *Foman v. Davis,* 371 U.S. 178, 182 (1962); *see also* Fed. R. Civ. P.15(a)(2) ("The court should freely give leave when justice so requires.").

The rule prescribes a liberal policy of amendment and encourages the courts to look favorably on requests to amend. Amendments to pleadings should be granted in accordance with the overriding purpose of the Rules of Civil Procedure, which "shall be construed and

2

administered to secure the just, speedy, and inexpensive determination of every action." *In re Cooper Tire & Rubber Co.*, 568 F.3d 1180,1183 (10th Cir. 2009).

"Rule 15 . . . was designed to facilitate the amendment of pleadings except where prejudice to the opposing party would result." *United States v. Hougham*, 364 U.S. 310, 316, 81 S. Ct. 13, 5 L. Ed. 2d 8 (1960). Typically, courts will find prejudice only when an amendment unfairly affects non-movants "'in terms of preparing their [response] to the amendment.'" *Minter v. Prime Equipment Co.*, 451 F.3d 1196, 1208 (10th Cir. 2006) (quoting *Patton v. Guyer*, 443 F.2d 79, 86 (10th Cir. 1971)).

## NEW INFORMATION FRAUDULENTLY CONCEALED IS KEY

Here, justice requires that this Court grant Plaintiff's Motion. This is Plaintiffs' first request to amend her Complaint. Plaintiff only recently had access to the information contained in the Ddeclaration and the Amended portions of the complaint. (See Niceta Declaration). The amendment relates only to the new information that demonstrates unconstitutional patterns and practices of the County, an ongoing conspiracy to deprive plaintiff of her constitutional rights, and a reason for the equitable tolling of the statute of limitations. This is pled with particularity and satisfies the three part test in *Ballen v. Prudential Bache Sec.,Inc.,* 23 F.3d 335, 337 (10th Cir.1994): (1) the use of fraudulent means by the party who raises the ban of the statute; (2) successful concealment from the injured party; and (3) that the party claiming fraudulent concealment did not know or by the exercise of due diligence could not have known that he might have a cause of action.

Until contacted by Niceta, Plaintiff had no means, even having performed due diligence to obtain her records, to know the extent of the concealment and conspiracy that led to the

3

unconstitutional deprivation of her rights. Statutes of limitations should be equitably tolled when an ongoing conspiracy between the government and a private actor continues to be uncovered in further detail. Plaintiff is unable to litigate what she does not know, and could not have raised all of these issues in state court. Because facts of a conspiracy and fraudulent concealment are present (and must be construed in Plaintiff's favor during a Motion to Dismiss), this case should advance to the discovery stage. The details uncovered in the Niceta Declaration give credence and further depth – as well as facts previously unknown – that bolster Plaintiff's claims that she was unconstitutionally discriminated against by Defendants, conspired against by government actors, and deprived of her constitutional rights due to practices and policies of Defendants. Equity requires that K.A. should not be barred from discovering exactly how far this conspiracy runs and to what extent her constitutional rights were violated.

The false and concealed information at issue in this case also help to establish a due process violation. "[E]stablishing [a] procedural due process [violation] is not a particularly high burden to meet[,]" and Plaintiff's Amended Complaint satisfies this low burden. *Shuck v. Acad. Sch. Disst.*, No. 15-cv-02124-KMT, at *25 (D. Colo. Spet. 29, 2017). One question at issue is whether the underlying "procedures" were "fair." *Archuleta v. Colorado Dept. of Institutions*, 936 F.2d 483, 490 (10th Cir. 1991), and as the Declarations and Amended Complaint sets out, they clearly were not. Instead, Defendants' falsification and concealment result in unfair proceedings. *Giglio v. U.S.*, 405 U.S. 150, 153, 155 (1972): "[T]he presentation of known false evidence is incompatible with rudimentary demands of justice[]" and does not satisfy "due process requirements[.]"; see also *Klen v. City of Loveland*, 661 F.3d 498, 516 (10th Cir. 2011) (perjured affidavit and false evidence gave rise to a "remedy under § 1983 for denial of due process.").

Moreover, Plaintiff's Amended Complaint with the Niceta Declaration and parental alienation theory information meets the "shocks the conscience" test used to evaluate a defendant's conduct in familial association cases. *Halley v. Huckaby*, 902 F.3d 1136, 1154 (10th Cir. 2018). Conduct "shocks the conscience" when: (1) officials intend to deprive the plaintiff of a protected relationship with a family member; and (2) officials' intrusion into the relationship was not warranted by state interests in the health and safety of the family member. *Id.* (citing *Thomas v. Kaven*, 765 F.3d 1183, 1196 (10th Cir. 2014)). Declarations in K.A.'s Complaint and Amended Complaint demonstrate how she was intentionally deprived of a protected relationship with her children by Defendants and how Defendants' policies allowed them to pre-select the father as the parent whose side they were on. Furthermore, the intrusion into her relationship with her children was not based on health or safety interests, but on the troubling and discriminatory parental alienation theory as well as the viewpoint discrimination K.A. has detailed.

The request is made in good faith to fully resolve the disputes between the parties.

## PLAINTIFF AGREES TO THE DISMISSAL OF THE BOARD

As this Court will note in Plaintiff's proposed Amended Complaint, K.A. would remove the Board of County Commissioners and agree it is the Department and Directors Barnes and Dossey that implements state policies. It is the Department's policies and procedures as well as state law, implemented and overseen by Defendants Barnes and Dossey and the Department, that caused her injuries.

**PLAINTIFF'S AMENDED REQUEST FOR RELIEF**

While Plaintiff reasserts her claim that the removal of her parental rights was caused by the process and policies of the Defendants and the operation of state law (which she challenges as unconstitutional), and while she reasserts that it is the law she challenges and not the state court decision, she has also amended her request for relief to illustrate additional options at this Court's disposal that could resolve her claims. Plaintiff makes it clear that she is alleging Defendants' policies, procedures, and falsification of her records, along with a conspiracy with a private party to deprive her of her rights violated her constitutional right to familial integrity. Defendants intended that their unconstitutional policies and discriminatory actions against K.A. – including denying her process rights – would result in her children's removal. The right to familial integrity has been recognized by the 10th Circuit in at least three specific cases: *O'Connell v. Tuggle*, No. 20-1148 (10th Cir. Dec. 16, 2021); *Malik v. Arapahoe Cnty. Dept. of Soc. Srvcs.*, 191 F.3d 1306 (10th Cir. 1999); and *Snell v. Tunnell*, 920 F.2d 673 (10th Cir. 1990).

In *Starkey v. Boulder*, this court noted that the plaintiffs were "not directly challenging the state court rulings made in the underlying dependency and neglect proceedings[]" and "were not being reviewed [by the Court] in this lawsuit." Instead, "the conduct being challenged…is the alleged unconstitutional actions by Defendants during the pendency of the state court action." *Stakey*, No. 06-cv-00659-LTB-PAC, *4 (D. Colo. Nov. 21, 2006). The same is true here. K.A.'s claims would be the same "even in the absence of the state court [orders]." *Bolden v. City of Topeka, Kan.*, 441 F.3d 1129, 1145 (10th Cir. 2006).

From the outset, Plaintiff requested any relief this Court deemed just and equitable, but her Amended Complaint requests relief specific to the conspiracy and unconstitutional discrimination against her, explicitly outlined in the Nichols and Niceta Declarations and in her

6

Complaint. Defendants' policies allowed materially false and otherwise misleading statements to be made by Department staff in support of the removal orders and termination against K.A. Unfounded and distorted allegations were made against her, based on the parental alienation theory, to falsely support the removal of her daughters and to deny her due process throughout.  In addition to relief originally requested, K.A. now requests that this Court:

1. Toll any statute of limitations because of the falsified records and continuation of the conspiracy by County Defendants against Plaintiff;
2. Order that Plaintiff's records, which she has been deprived of throughout this case, be given to her in full and that any falsified record be identified and corrected;
3. Issue an injunction against County Defendants to prevent future and ongoing conspiracies with private parties against Plaintiff;
4. Order a neutral evaluator to oversee the Department's child dependency and removal proceedings for a full calendar year to ensure the Department ends the unconstitutional and discriminatory practices in K.A.'s case;

## DECLARATORY RELIEF

Plaintiff respectfully disagrees with this Court's conclusion that she only seeks declaratory relief against Defendant Barnes. In addition to Defendant Barnes, Plaintiff seeks this relief against the Department and Defendant Dossey as well. It is the county and state policies, as well as state law, that were discriminatorily utilized against K.A. and were involved in the conspiracy to deprive her of her constitutional rights – many details of which were only just uncovered and which K.A. should have the right to discover further as this case proceeds.

## STANDING AND TRACEABILITY

Plaintiff respectfully disagrees that her Reply did not address standing issues with Director Barnes. Plaintiff directly stated that she had "alleged facts that both the state and county DHS utilize the debunked theory of parental alienation in connection with state laws to deprive divorced parents of their parental rights as a practice." [Doc. 38, p. 4]. The additional pages this Court denied Plaintiff the ability to file with her Response would have included many additional facts that trace this state policy, for which Director Barnes is responsible, to her injuries. Plaintiff directly stated that "This 'policy or custom' is precisely what caused Plaintiff's injury," addressing traceability head on. *Id.* Plaintiff also cited Director Barnes' "responsibility to oversee her own agency and the county agencies that are enforcing and applying the state laws challenged by Plaintiff" to demonstrate traceability.

Plaintiff submitted that she "alleged facts showing the State and County Defendants both implement and enforce state law, policies, and practices that utilize the discriminatory policy of parental alienation, an overly short time for appeals that lacks due process, and a practice of viewpoint discrimination in parental termination cases like K.A.'s." *Id. at 4 and 5.* The facts surrounding these policies and practices are supported by Plaintiff's Nichols and Niceta Declarations, and the facts must be construed in her favor in a Motion to Dismiss. Furthermore, the State of Colorado is certainly responsible to enforce its own laws and the policies of its own departments – both of which K.A. is challenging here. And, this Court stated that the "claims against the Department and Ms. Dossey in her official capacity are ultimately treated as claims against the State of Colorado." Doc. 46 *13. Traceability exists with the current state and county actors, but Plaintiff is also willing to add the Governor as a Defendant if the Court decides he is ultimately responsible for the enforcement of state law.

8

## TERMINATION OF PARENTAL RIGHTS AND REDRESSABILITY

This Court asserts that it cannot exercise jurisdiction over Plaintiff's claims for relief related to the termination of her parental rights. While Plaintiff reasserts her claims on domestic relations cases and how this Court could restore her parental rights, she also emphasizes her assertion that this Court can declare the state law at issue – which is the basis for her deprivation – unconstitutional. If the state law is declared unconstitutional or discriminatory in application by this Court, K.A. would have the right to seek the restoration of her parental rights in state court. This is even more true if this Court found that the state's nearly impossible deadline for appealing the termination of parental rights is unconstitutional.

Therefore, this Court's hands are not completely tied, as it is fully within the realm of federal jurisdiction to declare a state law and its application against a particular plaintiff unconstitutional and discriminatory. This is what K.A. seeks: the remedy this Court can grant her.

It is state statute, not state court order, that prevents K.A. from appealing her termination of parental rights, and she asserted this in her original Complaint. K.A. has also asserted that Defendants Barnes, Dossey, and the Department are responsible for creating and implementing the policies that flow from state law, including the policy of parental alienation. While the Defendants wish to claim they are not responsible for the enforcement of the state laws cited by Plaintiff, this is incorrect as Defendants' policies and procedures flow from the law, and furthermore, the Department used the law to oppose Plaintiff's appeal to reverse her parental termination rights and to discriminatorily recommend her rights be removed in the first place. Plaintiff has asserted the entire time that the process used by the Department – and allowed by Defendants' policies and state law – unconstitutionally deprived her of her rights. Setting aside

9

the state court decisions, it is apparent that state law and Defendants' policies and customs discriminated against Plaintiff and deprived her of her rights throughout the time of an ongoing conspiracy.

If this Court agrees that the state laws and state policies on parental alienation at issue here are unconstitutional – even if it does not agree that it can restore her parental rights – K.A.'s injury is still redressable.

## ELEVENTH AMENDMENT IMMUNITY FOR DEFENDANT BARNES AND THE DEPARTMENT

The Court explains that Eleventh Amendment immunity would bar Plaintiff from seeking monetary damages under § 1983, but this is only one claim for relief among many that Plaintiff has made. Multiple claims asserted by Plaintiff are still alive and not covered by Eleventh Amendment immunity, including Plaintiff's injunctive relief requested against an officer in her official capacity. *Ex Parte Young*, 209 U.S. 123, 159-160 (1908). County Defendants directly acknowledged that the Department's policies are state policies [Doc. 10 at 13–14] ("The policies of the ACDHS are state policies…"), and yet they are implemented and enforced by the Department Directors at the State and County levels.

Plaintiff's injuries can be redressed through injunctive and declaratory relief and the policies, procedures, and law at issue, even without monetary damages.

## THE DEPARTMENT

Regarding the dismissal based on the domestic-relations exception, Plaintiff reasserts that she is not challenging the state court decision (a fact she has clarified in her Amended Complaint

10

by adding different requests for relief), but instead challenging the state law and impossible appeals time period in state law as unconstitutional and discriminatory. These laws do not fall under a domestic-relations exception.

Furthermore, Defendants' policies outlined in both Declarations that also explain the conspiracy against her give rise to her constitutional claims, and are not covered under the domestic relations exception. The process followed by Defendants and their policies are at issue here, not the state court decision. This Court can grant injunctive and declaratory relief that is focused on state and county policies and law. This relief would redress K.A.'s injuries. Regarding the Court's decision on declaratory relief against the Department, Plaintiff reasserts that this relief can be granted against the Department, particularly since Plaintiff's requested injunctive relief in her Amended Complaint can be granted by this Court, her declaratory relief should not be a basis for dismissal.

The request is made in good faith to fully resolve the disputes between the parties.

WHEREFORE, Plaintiffs respectfully requests that the Court grant this Motion for Leave to Amend Complaint. A redline version of the proposed additions and deletions to be made to the original Complaint are attached hereto as is a "clean" copy of the proposed First Amended Complaint. All previously submitted exhibits to the original complaint would be incorporated into the First Amended Complaint under the same exhibit names.

RESPECTFULLY SUBMITTED THIS 2nd DAY OF February, 2024

/s/ Suzanne Taheri
**Suzanne Taheri**
West Law Group
6501 E. Belleview, Suite 375
Denver, CO 80111
Phone Number: (303)263-0844
E-mail: st@westglp.com

/s/ Kristine L. Brown
**Kristine L. Brown**
8700 E. Jefferson Ave. #370953
Denver, CO 80237
Phone Number: (720) 285-9552
E-mail: kristiburtonbrown@gmail.com

*Attorneys for Plaintiff K.A.*