IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 23-cv-01558-NYW-KAS

K.A.,

    Plaintiff,

v.

MICHELLE BARNES, et al.,

    Defendants.

**DEFENDANT BARNES' OBJECTION TO MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**

Michelle Barnes (hereinafter, "Director Barnes") hereby submits the following objection to K.A.'s ("Plaintiff") filing of an amended complaint and, for the reasons set forth below, requests this Court to disallow Plaintiff from filing an amended complaint:

**I.    LEGAL ARGUMENT**

Plaintiff asserts this Court should grant her Motion for Leave to File an Amended Complaint ("Motion") because justice so requires. [Doc. 47 at 3-5]. In support of her claim, Plaintiff indicates the amendment relates only to (1) new information, (2) an ongoing conspiracy to deprive of her constitutional rights, and (3) reasons to equitably toll the statute of limitations. [*Id.* at 3].

A court is justified in denying a motion to amend upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment. *Frank v. U.S. West, Inc.,* 3 F.3d 1357, 1365 (10 Cir. 1993). In this case, Plaintiff's motion to amend

1

should be denied because she failed to cure deficiencies identified by this Court's previous Order, the proposed amendment would be futile, and Director Barnes would be prejudiced.

> A. **The proposed amendments are futile.**
>
> 1. **Article III standing requirements are not satisfied.**

In her Corrected Barnes' Motion to Dismiss filed on August 28, 2023, Director Barnes averred that Plaintiff lacked standing to bring her action, as she could not demonstrate her alleged injuries were fairly traceable to the State Department's conduct or that her alleged injuries were likely to be redressed by a favorable judicial decision. [Doc. 37 at 4]. This Court found that Plaintiff did not rebut the argument. [Doc. 46 at 11-12].

In an attempt to cure her deficiencies, Plaintiff alleges DHS utilizes a "debunked theory" of parental alienation in connection with state laws as a policy or custom, and this policy or custom caused her injury. [Doc. 47 at 8]. Plaintiff also continues to allude to the enforcement of an unidentified state law and glibly suggests adding the Governor as a party. [*Id.*].

Plaintiff may bring an official-capacity suit, under § 1983, against the State if a state official, "under color of any law, statute, ordinance, regulation, custom, or usage" causes the deprivation of her rights. *See Monell v. Dept. of Social Services*, 436 U.S. 658, 692 (1978) (discussing the statutory language and liability under § 1983). It is not enough, however, to base a claim against the State on the employer-employee relationship with an alleged tortfeasor. *Id.* The Plaintiff must identify a specific law the

State is responsible for enforcing, or a policy or custom that can be fairly said to represent official policy, that inflicted the alleged injury. *Id.* at 692, 694.

Plaintiff failed to cure her previous deficiencies in that she still does not identify any law in her proposed First Amended Complaint and Jury Demand ("proposed complaint") that Director Barnes has a duty to enforce[1], nor does she identify any formal policy of the State that caused the actions which she alleges resulted in her harms. *Marshall v. Dix*, 640 F.Supp.3d 1033, 1046-47 (D. Colo. 2022); *see also Monell*, 436 U.S. at 692 (the language of § 1983 imposes liability on a government that "under color of some official policy, 'causes' an employee to violate another's constitutional rights.").

Further, Plaintiff does not identify a custom or practice demonstrated by "edicts or acts [that] may fairly be said to represent official policy[.]" *Monell*, 436 U.S. at 694. Rather than meet this burden, in her proposed complaint, Plaintiff alleges the State:

- Had a practice of entering false information or altering information in case files.  [Doc. 47-2, ¶¶ 18, 118];

- Had some unidentified practice related to the actions of the court-appointed GAL, a person not employed by the Department. [Id., ¶ 35];

- Had a practice of "treating single mothers like this in dependency hearings" – presumably, meaning having conversations through text message about single mothers during dependency hearings. [Id., ¶ 36];

---

[1] As previously argued, and incorporated herein by reference, section 19-3-612 is not an obligation enforced by the Department; rather, it is a remedial statute in the control of the judiciary that specifically states it doesn't create a cause of action against the County. [Doc. 37 at 4-6, 8].

- Had a practice of using private cellphones to avoid "detection of records." [Doc. 47-2 at 20];

- Had a practice of predetermining the outcome of certain cases, particularly when a social worker or Department staff person thought the father was "dreamy" and the mother was "stupid or crazy." [Id., ¶ 124]; and

- Had a practice of relying on parental alienation theory to unconstitutionally deprive Plaintiff of her right to parent. [Id., ¶ 119].

For a § 1983 claim based on a custom or practice to withstand a Motion to Dismiss, the Plaintiff must sufficiently allege that the custom or practice "amounts to a widespread, permanent, and well-settled practice with the force of law." *N.E.L. v. Douglas Cnty*, 740 F. App'x. 920, 933 (10th Cir. 2018). To support her assertions, Plaintiff points only to her own case, and the statements in the Niceta declaration. [Doc. 47, 47-2, 47-3].

The Plaintiff, as this Court made clear in a different matter, cannot rely on her individual treatment to establish a policy or custom, even if she is treated in a particular way on multiple days by different employees. *See De Gomez v. Adams County*, No. 20-cv-01824-CMA-NYW, 2021 WL 1581241, at *7 (D. Colo. Feb. 23, 2021) (citations omitted). Plaintiff does not point to any other person, let alone a similarly situated "single mother," to demonstrate the alleged "practices" which she claims.

Further, Niceta makes only two statements that indicate the possibility of a "practice" by the County: (1) that county attorneys and caseworkers were taught that using personal cellphones was an acceptable practice and (2) Niceta's supervisor would

4

have "us. . .alter notes if she felt like they needed more or if they didn't match the direction the case was headed." [Doc. 47-3 at 1]. But "a single statement doesn't suffice to allege a continuing, persistent, and widespread [ ] custom," *N.E.L*, 740 F.App'x at 933, and Plaintiff does not indicate how her injuries are fairly traceable to the (1) use of personal cellphones or (2) altering case notes. Moreover, it is unclear from Niceta's declaration if altering notes was nefarious, whether it was the practice of the particular supervisor or all supervisors, and if this notes alteration occurred in cases outside of Plaintiff's case. Accordingly, Plaintiff has not cured her previous deficiencies, as she fails to overcome the traceability prong required to establish standing. *See Spokeo, Inc., v. Robins*, 578 U.S. 330, 338 (2016).

Moreover, an official capacity suit based on a state policy or custom claim can only seek prospective relief –here, an injunction. *See Ex Parte Young*, 209 U.S. 123, 159-60 (1908); *Tarrant Reg'l Water Dist. v. Sevenoaks*, 545 F.3d 906, 911 (10th Cir. 1998); *Hill v. Kemp*, 478 F.3d 1236, 1255-56 (10th Cir. 2007). Because Plaintiff fails to identify any statute enforced by the State or establishing any policy or custom of the State that caused her injury, there is nothing to enjoin. Moreover, because Plaintiff failed to establish an independent basis for jurisdiction over her claim, her requests for declaratory relief cannot serve as the basis for her claim. *See Devon Energy Prod. Co., L.P. v. Mosaic Potash Carlsbad, Inc.*, 693 F.3d 1195, 1202 (10th Cir. 2012).

### 2.      Plaintiff fails to overcome the domestic relations exception/*Rooker-Feldman* doctrine bar to jurisdiction.

This Court previously found that it lacked jurisdiction over Plaintiff's requests to reverse the termination of her parental rights and to order a new hearing wherein she could appeal the termination of her parental rights [Doc. 46 at 16].

The United States District Courts have no authority to review final judgments of a state court in judicial proceedings. *Dist. Of Columbia Ct. of Appeals v. Feldman,* 460 U.S. 462, 482 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923). Review of state court judgments and decrees may be had only in the United States Supreme Court. *Id.;* 28 U.S.C. § 1257. This is true even where there are allegations that the state court's action was unconstitutional, such as a deprivation of equal protection and due process rights. *Feldman*, 460 U.S. at 485-86 (citation omitted). The *Rooker-Feldman* doctrine prevents a party losing in state court from seeking what amounts to appellate review of a state judgment in federal court based on a claim that the state judgment violates the loser's federal rights. *Tal v. Hogan,* 453 F.3d 1244, 1256 (10th Cir. 2006) (internal citation omitted*)*.

Where a constitutional issue could have been reviewed on direct appeal by the state appellate courts, a litigant may not seek to reverse or modify the state court judgment by bringing a constitutional challenge. *Anderson v. State of Colo.*, 793 F.2d 262 (10th Cir. 1986). To the extent Plaintiff seeks review of the orders from her dependency and neglect proceedings, protection orders concerning those proceedings, orders holding her in contempt, and the Court of Appeals' refusal to hear her untimely

appeal, this Court lacks subject matter jurisdiction over her claims. *See Crone v. Dept. of Human Servs.*, 2012 WL 5832438 (D. Colo. October 5, 2012).

Plaintiff attempts to overcome this bar to jurisdiction by modifying her request for relief by replacing her prior request for the court to reverse the termination of her parental rights with a request for restoration of her parental rights and adding a request for an order to fully disclose her case records to her. [Doc. 47-2 at 34-35]. Plaintiff fails to correct her deficiencies and overcome the domestic relations exception and *Rooker-Feldman* bar to jurisdiction.

Although modifying the language of her requests for relief, Plaintiff continues to challenge the state-court decision to terminate her parental rights. Removing the words "reverse the termination of" and replacing them with the word "restore" does not change the fact that (1) Plaintiff's alleged injury – the termination of her parental rights – is caused by the state court judgment, and (2) Plaintiff's requested relief requires review and nullification of that judgment. *See Crone v. Dept. of Human Servs.*, No. 11–cv–02270–WJM–CBS, 2012 WL 5832438, *3 (D. Colo. 2012) (quoting *Kenmen Engineering v. City of Union*, 314 F.3d 468, 476 (10th Cir. 2002)).

As previously noted by this Court, "a federal court cannot 'reopen, reissue, correct, or modify' an order in a domestic-relations case." *Alfaro v. Cnty. of Arapahoe*, 766 F. App'x 657, 659 (10th Cir. 2019) (quoting *Leathers v. Leathers*, 856 F.3d 729, 756 (10th Cir. 2017)). [Doc. 46 at 17]. A request for restoration of parental rights would require such review and modification. *McKeel v. Colorado*, 74 F. App'x. 11, 13-15 (10th

7

Cir. 2003) (claims where the Court would be forced to consider the underlying Colorado state court judgment in order to restore plaintiff's parental rights are barred).

Further, requesting relief in the form of an order for full disclosure of Plaintiff's case records from her dependency and neglect proceedings would also necessarily require review of the state court's orders that the attorneys were not to share court records with K.A. [Doc. 47-2, ¶¶ 83, 87, 93, 135]. *See Powell v. Blumenthal*, 43 F. App'x. 246, 247 (10th Cir. 2002) (federal courts do not have jurisdiction over a challenge to the outcome of a domestic relations question in state court). Such a claim for relief is inextricably intertwined with the state court's orders that bar federal jurisdiction. *Bisbee v. McCarty*, 3 F. App'x 819, 823 (10th Cir. 2001) (If adjudication of the claim would require the court to determine that a state court judgment was erroneously entered or void, the claim is inextricably intertwined with the merits of the state court judgment).

Accordingly, this Court cannot exercise jurisdiction over Plaintiff's second and third claims for relief.

### 3. The Eleventh Amendment bars suit.

Plaintiff continues to make allegations and assert claims over which this Court has no jurisdiction; therefore, the proposed amendment is futile.

Plaintiff's proposed amendment constitutes an official capacity claim against a state employee and requests relief for a past injury. The Eleventh Amendment bars official capacity claims against state employees and bars relief for past injury. *See Prairie Band Potawatomi Nation*, 476 F.3d at 828 (quoting *Ex Parte Young*, 209 U.S. at

157); *Hafer v. Melo*, 502 U.S. 21, 25 (1991) (citation omitted); *Kentucky v. Graham*, 473 U.S. 159, 166-67 (1985); *Green v. Mansour*, 474 U.S. 64, 73 (1985).

### B. The claims are time-barred.

The proposed complaint fails because the claims are barred by the statute of limitations. *Lyons v. Kyner,* 367 F. App'x 878, 882 (10th Cir. 2010); *Bradley v. Val-Mejias,* 379 F.3d 892, 901 (10th Cir. 2004). As previously identified by this Court, equitable tolling of the statute of limitations was not warranted because Plaintiff did not explain why she could not litigate these issues sooner and, critically, she had already been litigating some of the issues in various state court cases. [Doc. 46 at 17-19]. Plaintiff fails to overcome the deficiencies noted by this Court. Plaintiff now argues that this Court should toll the statute of limitations based on (1) fraudulent concealment and (2) continuation of the conspiracy by County Defendants against Plaintiff. [Doc. 47 at 4; Doc. 47-2 at 34]. Plaintiff's argument fails.

State law governs the application of tolling in a civil rights action. *Alexander v. Oklahoma*, 382 F.3d 1206, 1217 (10th Cir. 2004); *Dix*, 640 F. Supp. 3d. at 1048. Colorado law permits application of the equitable tolling doctrine "only in situations in which the defendant has wrongfully impeded the plaintiff's ability to assert the claim or in which 'truly extraordinary circumstances prevented the plaintiff from filing [her] claim despite diligent efforts.'" *Chilcoot Entertainment LLC v. John G. Kinnard Co., Inc.*, 10 P.3d 723, 726 (Colo. App. 2000) (quoting *Dean Witter Reynolds, Inc. v. Hartman*, 911 P.2d 1094, 1099 (Colo. 1996)). The burden is on the Plaintiff to establish that defendants' actions prevented her from filing a timely claim. *Olsvon*, 174 P.3d at 853.

### 1. Continuing conspiracy

Plaintiff alleges that the statute of limitations should be tolled because until she was contacted by Niceta, she had no means to "know the extent of the concealment and conspiracy that led to the unconstitutional deprivation of her rights" and that Niceta's declaration "gives credence and further depth – as well as facts previously unknown" that bolster her claims. [Doc. 47 at 4]. But this is not the standard. Plaintiff must show that she was wrongly *impeded from filing* her claim. *See Damian v. Mountain Parks Elec., Inc.*, 310 P.3d 242, 245 (Colo. App. 2012); *Nicholas v. Boyd*, 317 F. App'x 773, 778 (10th Cir. 1998) ("A plaintiff need not have conclusive evidence of the cause of an injury in order to trigger the statute of limitations. Nor must a plaintiff know of all the evidence ultimately relied on for the cause of action to accrue."). The new evidence Plaintiff's puts forward, however, does nothing to support the crucial element needed by her argument, which would be that the alleged conspiracy impeded her from timely filing this action.

Plaintiff, moreover, does not allege any new basis of liability. A claim for ongoing conspiracy, for which she previously failed to justify equitable tolling, was already alleged in her initial Complaint. [Doc. 1 at 31]. Niceta's declaration does not provide any new facts that demonstrate an ongoing conspiracy. Indeed, while she makes allegations of unprofessional conduct, she does not allege specific facts that show an agreement and concerted action amongst the Defendants to deprive Plaintiff of any particular constitutional right, nor facts that show an actual deprivation of that right. [Doc. 47-3]. *See Frasier v. Evans*, 992 F.3d 1003, 1024-25 (10th Cir. 2021).

### 2. **Fraudulent Concealment**

Plaintiff also fails to allege sufficient facts to support equitable tolling on the basis of fraudulent concealment. To succeed on a claim of fraudulent concealment, a plaintiff must prove the following: (1) The concealment of a material existing fact that in equity and good conscience should be disclosed; (2) Knowledge on the part of the party against whom the claim is asserted that such a fact is being concealed; (3) Ignorance of that fact on the part of the one from whom the fact is concealed; (4) The intention that the concealment be acted upon; and (5) Action on the concealment resulting in damages. *Jehly v. Brown*, 327 P.3d 351, 353 (Colo. App. 2014).

Plaintiff does not identify a material existing fact that should have been disclosed. Instead, she alleges that a County supervisor directed Niceta and other unidentified caseworkers to go into records and "alter notes if she felt like they needed more or if the notes didn't match the direction the case was headed." [Doc. 47-3, p 1]. As an example, she states there is an entry concerning K.A.'s case that indicates Niceta was present for a meeting she did not attend. [Id.]. Plaintiff does not indicate how the supervisor's direction to alter case notes "if she felt like they needed more," or an entry indicating that Niceta was at a meeting she did not attend, are relevant and therefore material to her claim. *See Ulissey v. Shvartsman*, 61 F.3d 805, 808 (10th. Cir. 1995) (a "material fact" is one which might affect outcome of dispute under applicable law).

Further, as argued in sections I.A.1, Plaintiff does not identify a law, policy, or custom that is responsible for the supervisor's actions. Accordingly, Plaintiff has not sufficiently alleged knowledge on the part of Director Barnes that such a fact was being

11

concealed.  See *Jehly*, 327 P.3d at 354-55 (knowledge by the agent, when not communicated to the principal, is not deemed to be that of the principal).  Nor has she alleged facts showing Director Barnes' intention that the concealment be acted upon.  *See id.*  Equitable tolling, consequently, will not operate to allow Plaintiff to file suit untimely.

## II.     CONCLUSION

For the foregoing reasons and authorities, Plaintiff's Motion for Leave to File an Amended Complaint should be denied.

WHEREFORE, the Director Barnes respectfully requests the Court deny Plaintiff's Motion for Leave to File an Amended Complaint.

Respectfully submitted this 6th day of March 2024.

PHILIP J. WEISER
Attorney General

/s/ *Jennifer L. Carty*
JENNIFER L. CARTY, 48991*
Assistant Attorney General II
ALLISON R. AILER, 33008*
Senior Assistant Attorney General II
AARON J. PRATT, 42291*
Second Assistant Attorney General
Ralph L. Carr Colorado Judicial Center
1300 Broadway
Denver, Colorado  80203
Telephone:  720-508-6600
E-Mail:  jennifer.carty@coag.gov
Aaron.pratt@coag.gov
Allison.ailer@coag.gov
*Counsel of Record

CERTIFICATE OF SERVICE

This is to certify that I have duly served the within **DEFENDANT BARNES' OBJECTION TO MOTION FOR LEAVE TO FILE AMENDED COMPLAINT** upon all parties herein by e-filing with the CM/ECF system maintained by the court or by depositing copies of same in the United States mail, first-class postage prepaid, at Denver, Colorado, this 6th day of March, 2024.

                                                ____/s/ Bonnie Smith_____
                                                Bonnie Smith