IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**Civil Action No. 23-cv-01558-NYW-KAS**

K. A.,

    Plaintiff,

v.

MICHELLE BARNES, Executive Director of Colorado Department of Human Services, in her official capacity, *et. al.*,

    Defendants.

---

**THE ACDHS DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT POST-DISMISSAL**

---

Defendants Arapahoe County Department of Human Services ("ACDHS") and ACDHS Division Manager Michelle Dossey ("Ms. Dossey"), in her official capacity only, (collectively, the "ACDHS Defendants"), through counsel, hereby submit this Response in opposition to Plaintiff K.A.'s post-dismissal Motion for Leave to File an Amended Complaint ("Motion") [Doc. #47] on grounds the proposed amendments are futile, fail to address the Court's reasons for dismissing her claims, and Plaintiff's new claims for injunctive relief are all moot and are not narrowly tailored.[1] In opposition to the Motion, the ACDHS Defendants state as follows:

**Overview and Procedural Background**

This case stems from a state dependency and neglect action in which K.A.'s parental rights

---

[1] Plaintiff, in her proposed amended complaint, voluntarily dismisses her claims against the Arapahoe County Board of County Commissioners ("Board"). *See* Doc. #47-2 at 1 (striking the Board as a party). *See also* Motion at 5 (agreeing to dismissal of the Board).

1

were terminated following revelations she had been coaching her children to falsely accuse their father of sexual abuse and from multiple contempt orders issued when K.A. continued to post these same allegations of abuse on social media in violation of a gag order issued to protect the children's privacy. Following the conclusion of her dependency case (including all appeals), Plaintiff filed this suit asking the federal court to intervene in the state action by "[r]estor[ing] Plaintiff's parental rights," and asserting multiple claims for damages under 42 U.S.C. § 1983 ("Section 1983"), all of which stem from the state court's orders. Doc. #47-2, Request for Relief, pg. 34 at ¶ 2.

On January 19, 2024, this Court issued its Memorandum Opinion and Order ("Order") [Doc. #46] granting both Ms. Barnes' and the ACDHS Defendants' respective Motions to Dismiss. Earlier that same day, Plaintiff had filed a Motion for Leave to Amend her Complaint [Doc. #45], attaching a November 2023 declaration from former ACDHS caseworker Robin Niceta, who was never directly involved in Plaintiff's underlying dependency case. In its Order, the Court dismissed all of Plaintiff's claims, denied Plaintiff's Motion for Leave to Amend Complaint [Doc. #45] on grounds "it is not evident that the proposed amendments cure the deficiencies identified" in the Order, and granted Plaintiff until February 2, 2024 to renew her request for leave to file an amended pleading and noting any new motion for leave "*must address and account for the Court's rulings* reflected in [the Order]." Order at 19-20 n.10 (emphasis added).

In dismissing the claims against the ACDHS Defendants, the Court found:

- The claims asserted against Ms. Dossey, which were asserted in her official capacity only, were duplicative of the claims against the ACDHS, there were no substantive allegations in the Complaint identifying any actions taken by Ms. Dossey, and, thus, Ms. Dossey should be stricken as a party. Order at 13-14.

- All of Plaintiff's damages claims against the ACDHS Defendants were barred by Eleventh Amendment immunity because the ACDHS is an arm of the state. Order at 15-16.

- The Court lacked jurisdiction over Plaintiff's first and second claims because the relief requested, restoring Plaintiff's parental rights, is barred by the domestic-relations exception to federal jurisdiction. Order at 16.

- Plaintiff's declaratory and injunctive relief claims were only directed against Ms. Barnes not the ACDHS Defendants and, where Plaintiff had failed to state any viable claims for relief, the Court lacked jurisdiction over her requests for declaratory relief. Order at 17.

- Plaintiff's claims were untimely and barred by the statute of limitations and equitable tolling "would be unwarranted." Order at 17-19, quotation at 19.

In her latest attempt to file a redressable complaint, Plaintiff again relies on Ms. Niceta's declaration to add generalized allegations against the ACDHS when this Court already rejected an attempt to amend based on this declaration. Further, Plaintiff's Motion fails to explain how she has addressed the Court's bases for dismissal of her prior complaint and instead largely argues with this Court's conclusions. And despite conceding certain claims are not viable, such as her claims for money damages, Plaintiff nonetheless re-alleges them. Ultimately, Plaintiff's proposed amendments are futile and fail to cure the deficiencies identified in the Order.

Specifically, Plaintiff's proposed amended complaint again asserts official capacity claims against Ms. Dossey that are redundant to her claims against the ACDHS. Accordingly, Ms. Dossey is not a proper party and the proposed amendments fail to address this pleading deficiency. Order at 13.[2] Second, Plaintiff renews her request for the Court to restore her parental rights, which is the very reason this Court found it lacked jurisdiction over her first and second claims under the domestic-relations exception.[3] *See* Doc. # 47-2, Request for Relief, pg. 34 at ¶ 2; *see also* Order at 16 ("The Court cannot exercise jurisdiction over Plaintiff's first and second claims for relief related

---

[2] None of the new allegations in the amended complaint ever mention Ms. Dossey. Doc. #47-2.
[3] The domestic-relations exception would also bar Plaintiff's sixth claim, her conspiracy claim to deprive her of her parental rights.

3

to the termination of her parental rights by the Colorado state Court.").

Third, Plaintiff reasserts multiple damages claims in her proposed amended complaint and again requests money damages within her requests for relief despite conceding (as this Court found in its Order) that Eleventh Amendment immunity bars all of her damages claims. *Compare* Doc. #47-2, Request for Relief, pg. 36 at ¶ 11 *with* Motion at 10 (acknowledging all of her claims for monetary damages are barred and only her claims for injunctive relief remain). Here, where Plaintiff concedes all of her claims for monetary damages are barred, she is only left with her claims for injunctive and declaratory relief, which either relate to her closed state dependency case or are challenges to state or federal statutes or state court procedural rules, which the ACDHS neither promulgated nor is the proper party to defend those statutes or court rules. Because Plaintiff's state dependency case is closed, her claims for injunctive and declaratory relief related to her state case are all moot and the requested amendments are futile.

Finally, Plaintiff, acknowledging all of her claims are untimely, asks this Court to toll the statute of limitations based on new allegations of fraud on the part of a non-party Guardian-Ad-Litem ("GAL"), the state court judge, and an ACDHS caseworker. The problem with Plaintiff's tolling request, however, is the "new" allegations of fraud are substantially similar, if not identical, to the allegations included in her initial complaint and, thus, there is no basis for granting any equitable tolling where Plaintiff was already aware of and pled these claims in her initial complaint.

## **Standard of Review**

Under Fed. R. Civ. P. 15(a), leave to amend "shall be freely given when justice so requires." Despite the liberal standards governing amendments, a court may refuse leave to amend "upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure

4

to cure deficiencies by amendments previously allowed, or futility of amendment." *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993) (citations omitted). "A court properly may deny a motion for leave to amend as futile when the proposed amended complaint would be subject to dismissal for any reason." *Bauchman for Bauchman v. W. High Sch.*, 132 F.3d 542, 562 (10th Cir. 1997). A district court, therefore, does not abuse its discretion "by denying [plaintiff's] motion for leave to amend" where the "proffered amended complaint and supporting evidence and affidavits fail to cure the deficiencies in [the] original complaint." *Id.*; *see also Shifrin v. Toll*, 483 F. App'x 446, 450 (10th Cir. 2012) (affirming refusal to grant leave where the proposed amendments failed to cure the deficiencies with the initial complaint). Accordingly, here where Plaintiff's amended complaint fails to address the deficiencies with her original complaint and includes new claims for injunctive relief, which are moot, this Court should deny Plaintiff's request for leave.

## Argument

### I. Plaintiff fails to address the Court's findings that the official capacity claims against Ms. Dossey are redundant to the claims against the ACDHS

Plaintiff fails to address the dismissal of Ms. Dossey, in her official capacity, in her Motion. In its Order, the Court struck Ms. Dossey as a party on grounds the official capacity claim asserted against her was duplicative of the claims asserted against the ACDHS. Order at 13; *see also Tavasci v. Cambron*, No. CIV 16-0461 JB/LF, 2017 WL 3173011, at *28 (D.N.M. May 31, 2017) ("courts routinely dismiss official-capacity claims against officials as redundant with claims against the entity itself."); *Silverstein v. Fed. Bureau of Prisons*, 704 F. Supp. 2d 1077, 1087 (D. Colo. 2010) (explaining "there is no need for an official-capacity claim" where the entity is also named). Here, the amended complaint does not include any additional allegations against Ms. Dossey and Plaintiff fails to address in her Motion why the claims against Ms. Dossey would not

5

be redundant to the claims against the ACDHS as already found in the Order. Accordingly, this Court should find Plaintiff's attempt to revive her claims against Ms. Dossey is futile.

**II.     Plaintiff's due process and conspiracy claims (her first, second, and sixth claims for relief) are barred by the domestic-relations exception**

In its Order, the Court found where Plaintiff sought an order "[r]evers[ing] the termination of Plaintiff's parental rights," her claims related to the termination of her parental rights were barred by the domestic-relations exception to federal jurisdiction. Order at 16. The domestic-relations exception "divests the federal courts of power to issue divorce, alimony, and child custody decrees." *Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992). Thus, a federal court lacks power under the domestic-relations exception from reopening, modifying, correcting, or reissuing an order in state domestic-relations case. *Alfaro v. Cty. of Arapahoe*, 766 F. App'x 657, 659 (10th Cir. 2017). In her amended complaint, Plaintiff changes the language from "[r]everse the termination of Plaintiff's parental rights" to "[r]estore Plaintiff's parental rights." Doc. #47-2, Request for Relief, pg. 34 at ¶ 2. The import of the modified language is the same, however, as Plaintiff is again asking this Court to restore her parental rights, which would require it to reissue, modify, or correct the state court's termination order, which the federal court is prohibited from doing under the domestic-relations exception. Thus, the proposed amendments are futile as this Court still lacks jurisdiction over Plaintiff's claims challenging the termination of her parental rights, namely her first, second, and sixth claims for relief.

**III.    Plaintiff's damages claims are barred by Eleventh Amendment immunity and Plaintiff fails to present any viable claims for declaratory or injunctive relief**

   **A.    Plaintiff concedes all of her claims for money damages are barred by Eleventh Amendment immunity**

As found in the Order, the ACDHS is an arm of the state, which is entitled to Eleventh

6

Amendment immunity against all claims for money damages. Order at 15-16; *see also* Motion at 10 (plaintiff conceding her claims for money damages are barred by Eleventh Amendment immunity and instead arguing "Plaintiff's injuries can be redressed through injunctive and declaratory relief … even without monetary damages."). Despite conceding this point her Motion, Plaintiff once again includes claims for money damages in her amended complaint. *See* Doc. #47-2, Request for Relief, pg. 36 at ¶ 11 (requesting money damages). Thus, Plaintiff, by once again including her barred money damages claims, demonstrates the futility of her amended complaint.

  **B.**  **Plaintiff's requests for injunctive relief are moot and not narrowly tailored**

"Eleventh Amendment immunity does not preclude a suit against a state official which seeks *only **prospective** injunctive relief* in order to end a continuing violation of federal law." *Rinehart v. Smart*, No. CIV-05-1473-HE, 2006 WL 1525939, at *5 (W.D. Okla. May 25, 2006) (emphases added). "Past exposure to [alleged] illegal conduct does not in itself show a present case or controversy regarding injunctive relief…." *O'Shea v. Littleton*, 414 U.S. 488, 495 (1974). "Mootness is a threshold issue because the existence of a live case or controversy is a constitutional prerequisite to federal court jurisdiction. Without a live, concrete controversy, we lack jurisdiction to consider claims no matter how meritorious. Declaratory judgment actions must be sustainable under the same mootness criteria that apply to any other lawsuit." *Rio Grande Silvery Minnow v. Bureau of Reclamation*, 601 F.3d 1096, 1109 (10th Cir. 2010) (citations, internal quotations omitted). Here, Plaintiff's new proposed injunctive claims all seek relief related to Plaintiff's *closed* dependency case. *See* Doc. #47-2 at ¶¶ 104-109 (discussing dismissal of the appeal of the state termination case); 112-114 (discussing dismissal of her appeal of the contempt case); 115 (district court closing the state case following dismissal of her appeals). These claims are,

7

therefore, moot, demonstrating the futility of Plaintiff's Motion.

In her amended complaint, Plaintiff includes three new requests for injunctive relief: (1) an order requiring "Plaintiff's records, which she has been deprived of throughout [her dependency] case, be given to her in full and that any falsified record be identified and corrected;" (2) "[i]ssue an injunction against County Defendants to prevent future and on-going conspiracies with private parties *against Plaintiff*;" and (3) "[o]rder a neutral evaluator to oversee the Department's child dependency and removal proceedings for a full calendar year to ensure the Department ends the unconstitutional and discriminatory practices *in K.A.'s case*." Doc. #47-2, Request for Relief, pp. 34-35 at ¶¶ 3-4, 10 (emphases added). These new injunctive claims all relate to her closed dependency case. There are no allegations in the proposed amended complaint of any on-going activity in Plaintiff's state cases since they were closed and final judgments were entered. In fact, in her Response to the initial Motions to Dismiss, Plaintiff admitted her termination case was final on September 7, 2021 and her contempt proceeding case was final on June 18, 2021. Doc. #38 at 10.[4] Thus, there is no live controversy upon which Plaintiff can seek injunctive relief stemming from her dependency case and, thus, this Court lacks jurisdiction over her new injunctive claims.

In addition to failing on mootness, Plaintiff's new injunctive claims are also not cognizable on grounds they are overly broad, generic in scope, and lack specificity. Injunctions must "be reasonably specific in identifying what acts are prohibited or required" and "generally, injunctions

---

[4] Although Plaintiff argued the appeal of her contempt action was dismissed on June 18, 2021 in her Response to the Motion to Dismiss, her proposed amended complaint alleges her appeal was dismissed on January 7, 2023. Doc. #47-2 at ¶ 113. Either way, both cases are now closed, demonstrating the inability for this Court to issue *prospective* injunctive relief.

simply requiring the defendant to obey the law are too vague." *Keyes v. Sch. Dist. No. 1, Denver, Colo.*, 895 F.2d 659, 668 (10th Cir. 1990). Plaintiffs request for an injunction preventing the ACDHS from conspiring with private parties against her is a classic example of an overly broad injunction lacking the requisite specificity. In her Motion, Plaintiff cites *Starkey v. Boulder Cty. Soc. Servs*, No. 06-cv-00659-LTB-PAC, 2006 WL 8073690 (D. Colo. Nov. 21, 2006), for support of her new injunctive claims. Motion at 6. The Court in *Starkey*, however, dismissed all of the plaintiffs' injunctive claims on grounds the requests for injunctive relief were "overly broad, speculative and not narrowly tailored to end an alleged violation of federal law." *Id*. at *7. Specifically, the plaintiffs in *Starkey* sought an injunction "precluding Defendants' continuing efforts to deny Starkeys' parental rights, and to discriminate against Plaintiffs based on their religion." *Id*. The same analysis applies to Plaintiff's new injunctive claims here which generically seek an injunction against the Defendants conspiring or engaging in "unconstitutional or discriminatory practices in K.A.'s case." Doc. #47-2, Requests for Relief, pg. 35 at ¶¶ 4, 10; *see also Hedges v. Anastasio*, No. 09-CV-793-FHM, 2010 WL 5158557, at *2 (N.D. Okla. Dec. 14, 2010) ("Furthermore, '[i]njunctions that broadly order the enjoined party simply to obey the law and not violate the statute are generally impermissible.'") (quoting *N.L.R.B. v. U.S. Postal Service*, 486 F.3d 683, 691 (10th Cir.2007) (Tymkovich, J. concurring)).

Because Plaintiff's new claims for injunctive relief are both moot and not narrowly tailored, Plaintiff has failed to cure the deficiencies with her Complaint and this Court should find the proposed amendments are futile.

### C. Plaintiff's prior claims for declaratory relief were not directed against the ACDHS and are also moot

In addition to her new claims for injunctive relief, Plaintiff reasserts her prior requests for

9

declaratory relief, which were dismissed as to the ACDHS on grounds they were directed at Ms. Barnes or other parties not named in the action. Order at 17 ("Plaintiff's only reference to declaratory relief is her assertion that such relief may properly be sought against Defendant Barnes—who is not one of the ACDHS Defendants. The Court takes this representation as a concession … that Plaintiff does not seek declaratory relief with respect to the [ACDHS], but only as to Defendant Barnes.").[5] Specifically, Plaintiff reasserts the following declaratory claims, which are not directed against the ACDHS Defendants:

- Issue an order striking the 21-day deadline for filing an appeal in a dependency and neglect actions, which is established by Colorado Appellate Rule 3.4(b)(1), a court rule not promulgated or enforced by the ACDHS;

- Striking the "unconstitutional portion of [Colo. Rev. Stat.] § 19-3-612," which is a state statute not promulgated by the ACDHS and this request is also too generic as it never identifies what portion of the statute she is challenging or how the provision might be "unconstitutional;" and

- Challenging the constitutionality of the Federal Indian Child Welfare Act ("ICWA"), which the ACDHS again is not responsible for drafting or is not the proper party to defend such a challenge.[6]

Doc. #47-2, Request for Relief, pg. 35 at ¶¶ 5-6, 9. Moreover, Plaintiff's challenges all relate to the application of those statutes and court rules to her closed dependency case and, thus, like her injunctive claims are moot. Similarly, Plaintiff's other claims for declaratory relief relate to various aspects of her dependency case, i.e., alleged discrimination based on vaccination status and dietary

---

[5] In the Motion, Plaintiff states she disagrees that her injunctive claims are only directed against Defendant Barnes, but fails to provide any explanation as to the applicability of these requests for injunctive relief to the ACDHS Defendants. Motion at 7.

[6] Ms. Barnes would be responsible for defending any constitutional challenges to the state statute, while Plaintiff would be required under Fed. R. Civ. P. 5.1 to notify the United States Attorney General prior to challenging the constitutionality of ICWA.

restrictions or the use of parental alienation theory. *Id*., pg. 35 at ¶¶ 7-8. Because Plaintiff's dependency case is closed and final judgment has entered, there no longer is any live controversy under which she can bootstrap declaratory claims about the ACDHS's handling of her case.

### D. Plaintiff's claims for declaratory relief are futile because the court lacks jurisdiction to decide them

In her amended complaint (like her original complaint), Plaintiff does not include any independent claims for declaratory relief. Thus, as the Court found in dismissing her prior declaratory claims, "with all other claims and requests for relief dismissed, the Court lacks jurisdiction over the contemplated declaratory relief." Order at 17 (citing *DeRito v. U.S.*, 445 F.Supp.3d 1258, 1270 (D. Colo. 2020)). Because the Declaratory Judgment Act provides no independent basis for jurisdiction, where all of Plaintiff's claims fail, the Court lacks jurisdiction to consider Plaintiff's requests for declaratory relief. *DeRito*, 445 F.Supp.3d at 1270. Thus, all of her declaratory claims are futile.

### IV.   Plaintiff's claims are untimely and there is no basis for tolling her claims

Plaintiff concedes her claims are time barred as found in the Order. Rather than disputing timeliness, Plaintiff requests this Court toll the statute of limitations due to the discovery of "new" information, which was allegedly fraudulently concealed from her. Motion at 3. Plaintiff attaches a declaration from a former ACDHS caseworker, Robin Niceta, in support of her claim of fraudulent concealment. Doc. #47-3. Not only was this information also attached to her prior motion to amend—which this Court promptly rejected—but the information included in the Niceta Declaration is insufficient to establish grounds for equitably tolling the statute of limitations. And the majority of the information included in the Declaration was already pled in the original Complaint, undercutting Plaintiff's claim she was ignorant of the alleged concealed facts.

Just as the statute of limitations for Section 1983 claims is established under state law, questions concerning tolling are also governed by state law. *P.R. v. Zavaras*, 49 F. App'x 836, 840 (10th Cir. 2002). In Colorado, a plaintiff asserting fraudulent concealment must show:

> (1) concealment of a material existing fact that in equity and good conscience should be disclosed; (2) knowledge on the part of the party against whom the claim is asserted that such a fact is being concealed; (3) ignorance of that fact on the part of the one from whom the fact is concealed; (4) the intention that the concealment be acted upon; and (5) action on the concealment resulting in damages.

*Kopeikin v. Merchs. Mortgage & Trust Corp.*, 679 P.2d 599, 601 (Colo.1984).[7] Here, Plaintiff cannot meet this test and, thus, tolling is not warranted.

Plaintiff argues Ms. Niceta's Declaration demonstrates documents in her dependency case were falsified. Doc. #47-2 at ¶ 17. However, the *only* document identified in the Niceta Declaration that was purportedly falsified in Plaintiff's case was an entry from a June 30, 2019 staff meeting, which allegedly incorrectly identified Ms. Niceta as attending the meeting amongst many participants. Doc. #47-3, pg. 1 at bullet point 11 ("The meeting notes show I was in attendance. This is false, I was not in attendance at this meeting.").[8] This alleged fabrication fails to meet the standard for fraudulent concealment because the fact of whether Ms. Niceta attended that particular meeting is not material to Plaintiff's dependency case, nor her claims in this case. There is also no indication the fact Ms. Niceta was listed as one of the attendees at the staff meeting was done

---

[7] In her Motion, Plaintiff cites to *Ballen v. Prudential Bache Sec., Inc.*, 23 F.3d 335, 337 (10th Cir. 1994) for the standard for proving fraudulent concealment for purposes of equitable tolling. *Ballen*, however, discusses the standard for fraudulent concealment under New Mexico law, which is not the correct standard for Plaintiff's case arising in Colorado.

[8] Ms. Niceta also includes general allegations her supervisor would review her reports and have her supplement them if the supervisor thought they "needed more" information. Doc. #47-3, pg. 1 at bullet point 10. The fact supervisors reviewed reports and had employees supplement them hardly suffices to establish a practice of falsifying records as Plaintiff tries to extrapolate.

intentionally or fraudulently as opposed to a simple mistake. Regardless, Ms. Niceta's presence or absence at the meeting is not the type of material fact that would either have impacted her state case or her federal claims, nor is there any explanation in the Motion as to how this discovery would allow her to augment her claims.

Similarly, Plaintiff claims the Niceta Declaration provides evidence of a conspiracy between the GAL for the children, the state court judge, and the ACDHS to predetermine the outcome of her case, which should toll the statute of limitations.[9] This alleged conspiracy, however, was previously included in the original complaint and is not "new" information that Plaintiff is just now learning about. Specifically, the original Complaint is chock-full of allegations of collusion between the GAL, Judge Chase, and the ACDHS caseworker and, thus, Plaintiff cannot claim ignorance of these facts when they were already included in her original complaint before her counsel allegedly ever spoke to Robin Niceta in October 2023. Doc. #1 at ¶¶ 59, 60, 115 (allegations of collusion); *see also* Doc. #47-2 at ¶ 116 (discussing first contact with Robin Niceta). Moreover, as held in the Order, Plaintiff had already been asserting similar constitutional claims in state court before the statute of limitations expired, which undercuts any claim she was prevented from or unaware of her claims within the statutory time frame. Order at 19 ("Plaintiff does not explain why she could not litigate these issues sooner and, critically, she has already been

---

[9] Ms. Niceta admits she was not assigned to K.A.'s case and instead only heard about it in passing through updates provided at weekly staff meetings and, thus, she lacks the requisite personal knowledge to provide information about what happened in Plaintiff's case. Doc. #47-3, p. 1 at bullet point 3. Additionally, the majority of her declaration addresses alleged issues and improper actions of the GAL assigned to the case, who is not an employee of the ACDHS, as well as allegations of improper actions by the state court judge that are not specific to K.A.'s case. Doc. #47-3, p. 1 at bullet points 4-7, p. 2 at bullet points 1-2, 6 (GAL allegations); *see also id.*, p. 2 at bullet points 3-6 (state court judge allegations). These allegations are irrelevant to Plaintiff's claims against the ACDHS Defendants.

litigating some of these issues in various state court cases."); *see also* Doc. #28 (state habeas petition where Plaintiff raised some of these same constitutional claims in May 2021). Accordingly, Plaintiff was aware of facts necessary to state her claims before the statute of limitations ran and the fact she alleges she recently learned additional information to bolster her claims does not provide grounds for tolling her stale claims. *See Vigil v. Laurence*, 524 F. Supp. 3d 1120, 1127 (D. Colo. 2021) ("A court may equitably toll the statute of limitations [only] where extraordinary circumstances render it impossible for a plaintiff to discover information.").

Given Plaintiff concedes her claims were untimely and fails to provide sufficient grounds to equitably toll the statute of limitations, all of her claims are untimely and her proposed amendments fail to cure this deficiency.

WHEREFORE, the ACDHS Defendants respectfully request this Court deny Plaintiff's request for leave to file a post-dismissal amended complaint on grounds the proposed amendments are futile, fail to cure the deficiencies in the original complaint, and where the new requests for injunctive relief are moot and not narrowly tailored.

Submitted this 6th day of March 2024.

                                               **Arapahoe County Attorney's Office**

By: *s/ Writer Mott*
Writer Mott
Deputy County Attorney
Rebecca M. Taylor
Senior Assistant County Attorney
5334 S. Prince Street
Littleton, CO 80120-1136
Phone: (303) 795-4639
wmott@arapahoegov.com
rtaylor@arapahoegov.com

*Attorneys for Defendants Arapahoe County Department of Human Services and Michelle Dossey*

## Certificate of Service

This is to certify that on the 6th day of March 2024, I electronically filed the foregoing **THE ACDHS DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT POST-DISMISSAL** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail address(es) and or U.S. Mail to:

Suzanne Taheri
st@westglp.com

Kristine L. Brown
kristiburtonbrown@gmail.com

Aaron Pratt
aaron.pratt@coag.gov

Jennifer Carty
jennifer.carty@coag.gov

Allison Ailer
allison.ailer@coag.gov

*s/ Theresa Smith*
Theresa Smith, Paralegal
Arapahoe County Attorney's Office