IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Nina Y. Wang

Civil Action No. 23-cv-01558-NYW-KAS

K.A.,

    Plaintiff,

v.

MICHELLE BARNES, in her official capacity,
ARAPAHOE COUNTY DEPARTMENT OF HUMAN SERVICES, DIVISION OF CHILD AND ADULT PROTECTION SERVICES,
MICHELLE DOSSEY, in her official capacity, and
ARAPAHOE COUNTY BOARD OF COMMISSIONERS,

    Defendants.

## ORDER

This matter comes before the Court on the Motion for Leave to File Amended Complaint ("Motion for Leave"), [Doc. 47, filed February 2, 2024], filed by Plaintiff K.A.[1] ("Plaintiff" or "K.A."). The Motion for Leave is opposed by Defendant Michelle Barnes ("Defendant Barnes" or "Ms. Barnes"). [Doc. 51]. The Motion for Leave is also opposed by Defendants Michelle Dossey ("Defendant Dossey" or "Ms. Dossey") and the Arapahoe County Department of Human Services (the "Department") (together, the "ACDHS Defendants").[2] [Doc. 52]. The Court finds that oral argument will not materially assist in the disposition of the Motion for Leave. Upon review of the Parties' briefing, the entire

---

[1] Plaintiff proceeds under her initials in this action. See [Doc. 15].

[2] As Plaintiff now concedes that the Arapahoe County Board of County Commissioners (the "Board") is not a proper party to this action, [Doc. 47 at 5], the Board does not join in the ACDHS Defendants' filing, see [Doc. 52 at 1 n.1].

docket, and the applicable case law, this Court respectfully **DENIES** the Motion for Leave.

## BACKGROUND

The Court has already set out the factual allegations underlying this case in some detail. *See* [Doc. 46 at 2–8]. The Court limits its discussion here to the procedural background that is relevant to the instant Motion for Leave. Plaintiff originally filed this action on June 20, 2023. [Doc. 1; Doc. 21]. Two motions to dismiss the Complaint (the "Motions to Dismiss") followed, one from Defendant Barnes and one from the ACDHS Defendants. On January 19, 2024, this Court entered a Memorandum Opinion and Order granting the Motions to Dismiss and holding: (1) that Plaintiff failed to carry her burden of demonstrating that she had standing to sue Defendant Barnes; (2) that Defendants Dossey and the Board were improperly or redundantly named; and (3) that Plaintiff could not obtain injunctive, monetary, or declaratory relief from the remaining Defendant, the Department. [Doc. 46 at 11–17]. In the alternative, the Court held that K.A.'s claims were all barred by the statute of limitations and that equitable tolling was not warranted. *See* [*id.* at 17–19].

Shortly before the Court entered the Memorandum Opinion and Order, K.A. filed an opposed Motion for Leave to File Amended Complaint. [Doc. 45]. The Court denied this request without prejudice in the course of dismissing K.A.'s Complaint, explaining:

> Although Plaintiff did not seek leave to amend in response to the Motions to Dismiss, *see generally* [Doc. 38], she did file a Motion for Leave to File Amended Complaint ("Motion to Amend") today. [Doc. 45]. Because Plaintiff does not have a right to amend under Rule 15(a) of the Federal Rules of Civil Procedure; the Motion to Amend is opposed; and based on the Court's initial review, it is not evident that the proposed amendments cure the deficiencies identified herein, this Court proceeds with this Memorandum Opinion and Order and DENIES without prejudice the Motion to Amend. If, after Plaintiff has an opportunity to review this Memorandum Opinion and Order, she continues to contend that amendment is proper,

2

> she must meet and confer with Defendants about any proposed amendments and may renew her request for leave to file an amended pleading no later than February 2, 2024. Any renewed request for leave must address and account for the Court's rulings reflected in this Memorandum Opinion and Order.

[Doc. 46 at 19 n.10 (emphasis omitted)]. The instant Motion for Leave, which attaches a proposed First Amended Complaint and Jury Demand ("First Amended Complaint"), [Doc. 47-1], timely followed.[3] Defendants oppose the motion. [Doc. 51; Doc. 52]. Plaintiff has not filed a reply brief and the time to do so has passed. *See* D.C.COLO.LCivR 7.1(d). The Motion for Leave is ripe for resolution.

## LEGAL STANDARD

As relevant here, Rule 15 of the Federal Rules of Civil Procedure provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave," which should be "freely give[n] . . . when justice so requires." Fed. R. Civ. P. 15(a)(2). "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Frank v. U.S. W., Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993). Accordingly, a general presumption exists in favor of allowing a party to amend its pleadings, *see Foman v. Davis*, 371 U.S. 178, 182 (1962), and the non-moving party bears the burden of showing that the proposed amendment is sought in bad faith, futile, or would cause substantial prejudice, undue delay, or injustice, *see Corp. Stock Transfer, Inc. v. AE Biofuels, Inc.*, 663 F. Supp. 2d 1056, 1061 (D. Colo. 2009). "A court properly may deny a motion for leave to amend as

---

[3] The Motion for Leave incorrectly asserts that it is Plaintiff's "first request to amend her Complaint." [Doc. 47 at 3].

3

futile when the proposed amended complaint would be subject to dismissal for any reason." *Bauchman ex rel. Bauchman v. W. High Sch.*, 132 F.3d 542, 562 (10th Cir. 1997).

## ANALYSIS

### I. Equitable Tolling

In its January 19, 2024, Memorandum Opinion and Order, this Court held that Defendants had a meritorious statute of limitations argument that required dismissal of all asserted claims. *See* [Doc. 46 at 17–18]. Specifically, the Court explained that "the only events described in the Complaint that occurred within the limitations period—the two years preceding June 20, 2023—are decisions denying review of K.A.'s state court cases by the Colorado Court of Appeals and the Colorado Supreme Court in mid-2021," but K.A. "[was] not suing the Colorado state courts." [*Id.* at 18]. The Court further held that equitably tolling the statute of limitations, which requires extraordinary circumstances, was "unwarranted" here because "Plaintiff [did] not explain why she could not litigate these issues sooner and, critically, she ha[d] already been litigating some of these issues in various state court cases." [*Id.* at 19].

In the Motion for Leave, K.A. does not appear to quarrel with the Court's determination that no alleged events giving rise to this litigation occurred within the applicable limitations period. *See generally* [Doc. 47]. Instead, she suggests that "newly discovered facts" support equitably tolling the statute of limitations pursuant to the doctrine of fraudulent concealment. [*Id.* at 2–3]. In particular, Plaintiff draws the Court's attention to the new allegations contained in the First Amended Complaint, as well as the supporting declarations of Robin Niceta ("Niceta Declaration") and Kristin Nichols

4

("Nichols Declaration").[4]  *See* [*id.* at 3 ("The amendment relates only to the new information that demonstrates unconstitutional patterns and practices of the County, an ongoing conspiracy to deprive plaintiff of her constitutional rights, and a reason for the equitable tolling of the statute of limitations.")]; *see also* [Doc. 47-3; Doc. 47-4].  She contends that, until contacted by Ms. Niceta, she "had no means, even having performed due diligence to obtain her records, to know the extent of the concealment and conspiracy that led to the unconstitutional deprivation of her rights." [Doc. 47 at 3–4]; *see also* [*id.* at 4 ("Plaintiff is unable to litigate what she does not know, and could not have raised all of these issues in state court.")].  She asks that the Court "[t]oll any statute of limitations because of the falsified records and continuation of the conspiracy." [*Id.* at 7].  Defendants disagree, arguing that equitable tolling remains unwarranted in this case.  *See* [Doc. 51 at 9–12; Doc. 52 at 11–14].

For purposes of Plaintiff's claims, "state law determines the appropriate statute of limitations and accompanying tolling provisions." *Fratus v. DeLand*, 49 F.3d 673, 675 (10th Cir. 1995).  "Colorado law permits equitable tolling in situations in which either the defendant has wrongfully impeded the plaintiff's ability to bring the claim or truly extraordinary circumstances prevented the plaintiff from filing his or her claim despite diligent efforts." *Driscoll v. City & Cnty. of Denver*, No. 21-cv-02866-PAB-NRN, 2023 WL 2261132, at *5 (D. Colo. Feb. 28, 2023).  Establishing the propriety of equitable tolling is

---

[4] The Court considers the Nichols Declaration in the context of Plaintiff's argument for equitable tolling only in an abundance of caution, as her brief focuses on the Niceta Declaration.  *See* [Doc. 47 at 3–5].  Plaintiff previously filed the Nichols Declaration when she opposed the Motions to Dismiss in September 2023.  *See* [Doc. 38-1].

5

K.A.'s burden.  *See Olson v. State Farm Mut. Auto. Ins. Co.*, 174 P.3d 849, 853 (Colo. App. 2007).

The Court is respectfully unpersuaded by Plaintiff's argument that the First Amended Complaint supports equitable tolling.  Plaintiff's new allegations are as follows:

16. Upon information and belief (see Niceta Affidavit), Marika Quinn and other Department staff were not neutral and had predetermined opinions of C.P. and K.A., and only went through the motions during this entire process with K.A.
17. Upon information and belief (see Niceta Affidavit), false entries about meetings were made in K.A. and C.P.'s case.
18. The entry of false meetings or altered information about meetings was a practice the Department engaged in regularly.

. . .

35. Upon information and belief, (see Niceta Affidavit), Yarbrough would text other Department workers about K.A., calling her "stupid" and saying her brain hurt from having to listen to her.  She also had a predetermined opinion about K.A. rather than conducting a real investigation.  This was a practice of the Department.
36. Yarbrough, Quinn, and Chase were constantly unprofessional, texted about K.A.'s case to avoid later discovery, and discussed what should happen to K.A. because they did not like her.  Treating single mothers like this in dependency hearings was a practice of the Department.

. . .

114. . . . At the March 1, 2023 hearing, C.P., the County and the GAL appeared together in objection to the request.
115. . . . At the April 13, 2023 hearing, C.P., the AC and the GAL appeared together requesting the protective order transfer to another court.
116. On October 24, 2024, [sic] Robin Niceta, a former caseworker with the County familiar with K.A.'s case and the County practice and procedures contacted Counsel for K.A. by email with additional information about K.A.'s case.
117. On November 27, 2023, Niceta provided a declaration to counsel.
118. Niceta provided information unknown and unattainable to K.A. including:
    - The recommendations and outcomes of K.A.'s case were predetermined by the County
    - The County, the GAL and the parental evaluator conspired to deprive K.A. of her parental rights
    - The County would, as a policy and practice, alter notes and falsify notes in the case files

6

- The County would, as a policy and practice, use private cell phones to avoid detection of records
- The County falsified a record regarding a purported meeting on June 30, 2019 regarding K.A.'s case (Niceta declaration)

119. The County relied upon the theory of parental alienation to unconstitutionally deprive Plaintiff of her right to parent.

[Doc. 47-1 at ¶¶ 16–18, 35–36, 114–19]. The Niceta and Nichols Declarations cover largely the same territory. *See* [Doc. 47-3; Doc. 47-4].

Respectfully, Plaintiff's Motion for Leave and proposed First Amended Complaint read as if this Court had originally dismissed K.A.'s Complaint because she failed to show a pattern or practice of illegal activity by Defendants. But that is not why the Court dismissed the Complaint, nor did it bear on the Court's prior holding that extraordinary circumstances did not support equitable tolling. Notably, the proposed First Amended Complaint contains the *same* causes of action as the original Complaint. *Compare* [Doc. 47-1 at 19–34], *with* [Doc. 21 at 18–31]. It follows that the new information in the proposed First Amended Complaint and its supporting declarations, however material to Plaintiff's anticipated evidentiary presentation, did not prompt Plaintiff to bring either this action or these claims. *Cf.* [Doc. 47 at 4 ("The details uncovered in the Niceta Declaration give credence and further depth—as well as facts previously unknown.")]. Nor does the Motion for Leave effectively demonstrate that Defendants wrongfully impeded Plaintiff from filing this action. After all, Plaintiff already brought this very action, and these precise claims, outside the limitations period, in June 2023. *See* [Doc. 51 at 10 (Defendant Barnes arguing that K.A. "does not allege any new basis of liability" in the First Amended Complaint)].

To the extent Plaintiff argues that tolling is supported by the newly uncovered depth of the alleged conspiracy among Defendants, *see* [Doc. 47 at 4 ("Statutes of limitations

7

should be equitably tolled when an ongoing conspiracy between the government and a private actor continues to be uncovered in further detail.")], she provides no authority for that proposition. Besides, as the ACDHS Defendants observe, the allegation of a conspiracy in this case is not new to the proposed First Amended Complaint. *See* [Doc. 52 at 13]; *see also, e.g.*, [Doc. 21 at ¶ 215 (alleging "a conspiracy to deprive Plaintiff of her parental rights")]. And, as Defendant Barnes points out, "[t]he new evidence . . . does nothing to support the crucial element . . . that the alleged conspiracy impeded [Plaintiff] from timely filing this action." [Doc. 51 at 10].

To be sure, the new allegations in the proposed First Amended Complaint and the assertions in the Niceta and Nichols Declarations all "bolster Plaintiff's claims that she was unconstitutionally discriminated against by Defendants, conspired against by government actors, and deprived of her constitutional rights due to practices and policies of Defendants," just as Plaintiff argues. [Doc. 47 at 4]; *see also* [*id.* at 4–5 (discussing how the new allegations "help to establish" a due process violation on the merits)]. But equitable tolling is not based on how robust a plaintiff's allegations are. What matters is that, as this Court has previously discussed, it is unclear how Defendants wrongfully prevented Plaintiff from bringing this case within the limitations period. *See* [Doc. 46 at 19]. Nor does Plaintiff provide authority for the proposition that the conduct alleged in the First Amended Complaint constitutes extraordinary circumstances that warrant tolling. And the only case Plaintiff cites in support of her tolling argument involves a court declining to engage in equitable tolling. *See Ballen v. Prudential Bache Sec., Inc.*, 23 F.3d 335, 336–37 (10th Cir. 1994). Even construing the proposed amendments in Plaintiff's favor, all the First Amended Complaint does is make a more detailed case for

untimely claims. The same is true of the Niceta and Nichols Declarations. [Doc. 47-3; Doc. 47-4]. The Court respectfully agrees with the ACDHS Defendants that "the fact [K.A.] alleges she recently learned additional information to bolster her claims does not provide grounds for tolling her stale claims." [Doc. 52 at 14].

In sum, Plaintiff fails to show that any information allegedly fraudulently concealed by Defendants warrants tolling the statute of limitations, or that any other extraordinary circumstances exist, such that the Court's prior analysis with respect to equitable tolling should be revisited. Because Plaintiff fails to meet her burden as to equitable tolling, the First Amended Complaint would be untimely if operative. Accordingly, Defendants have met their burden to show that K.A.'s proposed amendments would be futile. *See Jefferson Cnty. Sch. Dist. No. R-1 v. Moody's Inv.'s Servs., Inc.*, 175 F.3d 848, 859 (10th Cir. 1999) ("A proposed amendment is futile if the complaint, as amended, would be subject to dismissal."). The Motion for Leave is respectfully **DENIED**.

## II.   Additional Matters

Two aspects of the Motion for Leave call for further discussion. First, Plaintiff suggests that the Court's disposition of her first attempt to amend her pleading in its January 19, 2024, Memorandum Opinion and Order "indicates the Court could not have thoroughly reviewed Plaintiff's Amended Complaint before deciding to deny it and going forward with an order that was clearly already written." [Doc. 47 at 1–2]. Upon further consideration, the Court maintains its view that the proposed amendments would have had no effect on its analysis. But even setting aside the substance of the proposed amendments, the Court specifically denied leave to amend *without prejudice* and invited Plaintiff to make a more thorough case for amendment with the benefit of the grounds for

9

dismissal discussed in the Memorandum Opinion and Order.  *See* [Doc. 46 at 19 n.10]. Doing so expedited this litigation.  *See* Fed. R. Civ. P. 1.

Second, K.A. asserts in the Motion for Leave:

> Plaintiff's earlier request for additional pages to respond to Defendant's Motion to Dismiss was denied by this Court on September 25, 2023.  This Court criticized Plaintiff for failing to respond to all arguments, but had denied Plaintiff's request to provide more information and facts to this Court, which Plaintiff was willing and able to do.  The additional information would have addressed a number of the factors raised by the Court in its opinion, including traceability of Plaintiff's injury to state actors.

[Doc. 47 at 2].  The implication that the Court prevented Plaintiff from opposing Defendants' arguments for dismissal and then relied upon those very arguments to dismiss her case is simply unsupported.

On July 17, 2023, the first of the two Motions to Dismiss was filed.  [Doc. 10].  In lieu of responding on the merits, Plaintiff filed an Unopposed Motion for an Extension to File a Combined Response to Defendants' Motion to Dismiss, in which she represented that another motion to dismiss was forthcoming and, "in the interest of consolidating arguments and briefing to this Court," she asked "that the deadline for her response to the [ACDHS] Defendants be extended to match the deadline for [responding to Defendant Barnes's motion] and that she answer both motions in one answer."  [Doc. 20 at 1].  The Honorable Kathryn A. Starnella granted that request and permitted Plaintiff to file a combined response to the Motions to Dismiss.  [Doc. 24].  The second motion to dismiss was filed on August 28, 2023.  [Doc. 37].  On September 18, 2023, which was the 21-day response deadline for the second motion, Plaintiff filed her combined response to both Motions to Dismiss.  [Doc. 38].  Plaintiff sought neither an extension of time nor an extension of pages with respect to this filing.

Two days after responding to the Motions to Dismiss on the merits, Plaintiff filed an opposed request "for leave to file an additional 15 pages Memorandum of Law . . . to fully present legal arguments related to the argument of the parental alienation theory relied upon by Defendants in the permanent termination of Plaintiff's parental rights." [Doc. 39 at 1–2]. Plaintiff explained that she "attempted diligently to stay within the page limit but the complexity and importance of the issue presented in the Memorandum of Law necessitates a further explanation." [*Id.* at 2]. On September 25, 2023, Defendants filed a joint response in which they contended that neither of the Motions to Dismiss "raise[d] any legal defenses or arguments about parental alienation theory," rendering Plaintiff's request both irrelevant and untimely. *See* [Doc. 41 at 2–4]. The Court denied Plaintiff's request. [Doc. 42].

Although the Court did not provide a written explanation at the time, it is apparent from Plaintiff's submission that her request for additional pages did not bear on the substantive arguments raised by the Motions to Dismiss. *See generally* [Doc. 39]. K.A. explained in no uncertain terms that her request for additional pages was exclusively aimed at "the argument of the parental alienation theory," [Doc. 39 at 2], which Defendants correctly pointed out goes unmentioned in the Motions to Dismiss, [Doc. 41 at 3]; *see also* [Doc. 10; Doc. 37].[5] Accordingly, the suggestion in the instant Motion for Leave that the Court improperly prevented Plaintiff from arguing all issues raised by Defendants in the Motions to Dismiss is not well taken.

---

[5] To the extent the request for additional pages sought permission to file "Plaintiff's Memorandum on the Parental Alienation Theory," a 14-page document attached without explanation to the instant Motion for Leave, *see* [Doc. 47-6], the Court has reviewed the memorandum and finds that it has no bearing on the legal arguments for dismissal raised by Defendants in this action.

## CONCLUSION

For the foregoing reasons, it is **ORDERED** that:

(1) The Motion for Leave to File Amended Complaint [Doc. 47] is **DENIED**;

(2) Defendants are awarded their costs under Federal Rule of Civil Procedure 54 and Local Rule 54.1; and

(3) The Clerk of Court is direct to close this case.

DATED: April 23, 2024

BY THE COURT:

_____
Nina Y. Wang
United States District Judge