APPEAL,JD1,MJ CIV PP,NDISPO,TERMED

# U.S. District Court – District of Colorado
## District of Colorado (Denver)
## CIVIL DOCKET FOR CASE #: <u>1:23–cv–01558–NYW–KAS</u>

K.A. v. Barnes et al

Assigned to: Judge Nina Y. Wang

Referred to: Magistrate Judge Kathryn A. Starnella

Cause: 42:1983(d)(p) – Civil Right Denial of Due Process

Date Filed: 06/20/2023

Date Terminated: 04/23/2024

Jury Demand: Plaintiff

Nature of Suit: 440 Civil Rights: Other

Jurisdiction: Federal Question

**<u>Plaintiff</u>**

**K.A.**                                represented by   **Kristine Lee Brown**
8700 East Jefferson Avenue
Suite 371703
Denver, CO 80237
720–285–9552
Email: kristiburtonbrown@gmail.com
*ATTORNEY TO BE NOTICED*

**Suzanne M. Taheri**
West Group Law & Policy
6501 East Belleview Avenue
Suite 375
Denver, CO 80111
303–263–0844
Email: st@westglp.com
*ATTORNEY TO BE NOTICED*

V.

**<u>Defendant</u>**

**Michelle Barnes**                   represented by   **Aaron John Pratt**
*Executive Director of the Colorado*                  Colorado Attorney General's Office
*Department of Human Services, in her*                Ralph L. Carr Colorado Judicial Center
*official capacity*                                   1300 Broadway
Denver, CO 80203
720–508–6157
Fax: 720–508–6241
Email: aaron.pratt@coag.gov
*ATTORNEY TO BE NOTICED*

**Allison R. Ailer**
Colorado Attorney General's Office
Ralph L. Carr Colorado Judicial Center
1300 Broadway
Denver, CO 80203
720–508–6392
Fax: 720–508–6037

1

Email: allison.ailer@coag.gov
*ATTORNEY TO BE NOTICED*

**Jennifer L. Carty**
Colorado Attorney General's Office
Ralph L. Carr Colorado Judicial Center
1300 Broadway
Denver, CO 80203
720–508–6471
Email: jennifer.carty@coag.gov
*ATTORNEY TO BE NOTICED*

<u>Defendant</u>

| | | |
|---|---|---|
| **Arapahoe County Department of Human Services Division of Child & Adult Protection Services** | represented by | **Rebecca McClain Taylor**<br>Arapahoe County Attorney's Office<br>5334 South Prince Street<br>Littleton, CO 80120–1136<br>303–795–4639<br>Email: rtaylor@arapahoegov.com<br>*ATTORNEY TO BE NOTICED*<br><br>**Writer Mott**<br>Arapahoe County Attorney's Office<br>5334 South Prince Street<br>Littleton, CO 80120–1136<br>303–795–4639<br>Fax: 303–738–7836<br>Email: wmott@arapahoegov.com<br>*ATTORNEY TO BE NOTICED* |

<u>Defendant</u>

| | | |
|---|---|---|
| **Michelle Dossey**<br>*Division Manager of the Arapahoe County Department of Human Services, Division of Child & Adult Protection Services, in her official capacity* | represented by | **Rebecca McClain Taylor**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED*<br><br>**Writer Mott**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |

<u>Defendant</u>

| | | |
|---|---|---|
| **Arapahoe County Board of County Commissioners** | represented by | **Rebecca McClain Taylor**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED*<br><br>**Writer Mott**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |

| Date Filed | # | Docket Text |
|---|---|---|

| 05/01/2024 | 55 | NOTICE OF APPEAL as to 46 Order on Motion to Dismiss,,,,,,, 54 Judgment, Set/Clear Flags, 53 Order on Motion for Order by Plaintiff K.A. (Filing fee $ 605, Receipt Number ACODC–9665199) (Brown, Kristine) (Entered: 05/01/2024) |
|---|---|---|
| 04/23/2024 | 54 | FINAL JUDGMENT in favor of Defendants and against Plaintiff pursuant to 53 Order, by Clerk on 4/23/2024. (ebuch) (Entered: 04/23/2024) |
| 04/23/2024 | 53 | ORDER denying 47 Motion for Leave to File Amended Complaint. Defendants are awarded their costs. The Clerk of Court shall close this case, by Judge Nina Y. Wang on 4/23/2024. (ebuch) (Entered: 04/23/2024) |
| 03/06/2024 | 52 | RESPONSE to 47 MOTION for Order to *Amend Complaint* filed by Defendants Arapahoe County Department of Human Services Division of Child & Adult Protection Services, Michelle Dossey. (Mott, Writer) (Entered: 03/06/2024) |
| 03/06/2024 | 51 | RESPONSE to 47 MOTION for Order to *for Leave to File Amended Complaint (Objection)* filed by Defendant Michelle Barnes. (Carty, Jennifer) (Entered: 03/06/2024) |
| 02/20/2024 | 50 | MINUTE ORDER: The 49 Defendants' Unopposed Motion for Extension of Time to Respond to Plaintiff's Motion for Leave to File Amended Complaint is **GRANTED** for good cause shown. Any responses to Plaintiff's motion for leave shall be filed on or before **March 8, 2024**. By Judge Nina Y. Wang on 02/20/2024. Text Only Entry (nywlc5, ) (Entered: 02/20/2024) |
| 02/20/2024 | 49 | Unopposed MOTION for Extension of Time to File Response/Reply as to 47 MOTION for Order to by Defendant Michelle Barnes. (Carty, Jennifer) (Entered: 02/20/2024) |
| 02/05/2024 | 48 | MINUTE ORDER: This matter is before the Court on the 47 Motion for Leave to File Amended Complaint. In connection with this filing, Plaintiff has docketed a redlined version of her proposed pleading which discloses her full name. The Clerk of the Court is **DIRECTED to MAINTAIN** the redlined version of the proposed First Amended Complaint and Jury Demand [Doc. 47–2] under Level 1 Restriction consistent with the Minute Order dated July 25, 2023. *See* [Doc. 15]. Plaintiff is **REMINDED** of her obligation to comply with orders issued in this case. By Judge Nina Y. Wang on 02/05/2024. Text Only Entry (nywlc5, ) (Entered: 02/05/2024) |
| 02/02/2024 | 47 | MOTION for Order to AMENDED COMPLAINT *Renewed Motion to File* against All Defendants, filed by K.A.. (Attachments: # 1 Proposed Amended Complaint, # 2 Redline Amended Complaint, # 3 Niceta Declaration, # 4 Nichols Declaration, # 5 Proposed Order (PDF Only), # 6 Memo on Parental Alienation)(Brown, Kristine) Modified on 2/5/2024 to add gavel and modify document title at the request of Chambers (norlin, ). (Entered: 02/02/2024) |
| 01/19/2024 | 46 | MEMORANDUM OPINION AND ORDER For the reasons herein, it is **ORDERED** that: The ACDHS Defendants' Motion to Dismiss [Doc. 10 ] is **GRANTED**;. All claims against Defendant Michelle Dossey are **STRICKEN**; The Corrected Barnes' Motion to Dismiss [Doc. 37 ] is **GRANTED**; The Complaint [Doc. 1 ] is **DISMISSED without prejudice**; Plaintiff's Motion for Leave to File Amended Complaint [Doc. 45 ] is **DENIED without prejudice**; and, The Clerk of the Court is **DIRECTED to MAINTAIN** the redline version of the proposed First Amended Complaint and Jury Demand [Doc. 45 –1] under Level 1 Restriction consistent with the Minute Order dated July 25, 2023 [Doc. 15 ]. By Judge Nina Y. Wang on 1/19/2023.(norlin, ) (Entered: 01/19/2024) |

| 01/19/2024 | 45 | AMENDED COMPLAINT *Motion to File* against All Defendants, filed by K.A.. (Attachments: # 1 Redline Version of Amended Complaint, # 2 Clean Version Amended Complaint, # 3 Affidavit Declaration of Robin Niceta, # 4 Proposed Order (PDF Only))(Taheri, Suzanne) (Entered: 01/19/2024) |
| 10/02/2023 | 44 | REPLY to Response to 37 MOTION to Dismiss *Complaint* filed by Defendant Michelle Barnes. (Pratt, Aaron) (Entered: 10/02/2023) |
| 09/26/2023 | 43 | REPLY to Response to 10 MOTION to Dismiss filed by Defendants Arapahoe County Board of County Commissioners, Arapahoe County Department of Human Services Division of Child & Adult Protection Services, Michelle Dossey. (Mott, Writer) (Entered: 09/26/2023) |
| 09/25/2023 | 42 | MINUTE ORDER: The 39 Plaintiff's Motion for Leave to File in Excess of 15 Pages is **DENIED**. Defendants' deadline to file any replies in support of their motions to dismiss remains **October 2, 2023**. By Judge Nina Y. Wang on 09/25/2023. (nywlc5, ) (Entered: 09/25/2023) |
| 09/25/2023 | 41 | RESPONSE to 39 MOTION for Leave to File Excess Pages filed by Defendants Arapahoe County Board of County Commissioners, Arapahoe County Department of Human Services Division of Child & Adult Protection Services, Michelle Dossey. (Mott, Writer) (Entered: 09/25/2023) |
| 09/20/2023 | 40 | MINUTE ORDER: This matter is before the Court on the 39 Plaintiff's Motion for Leave to File in Excess of 15 Pages. Defendants **SHALL FILE** their responses to the Motion on or before **September 25, 2023**. By Judge Nina Y. Wang on 09/20/2023. Text Only Entry (nywlc5, ) (Entered: 09/20/2023) |
| 09/20/2023 | 39 | MOTION for Leave to File Excess Pages by Plaintiff K.A.. (Attachments: # 1 Proposed Order (PDF Only))(Brown, Kristine) (Entered: 09/20/2023) |
| 09/18/2023 | 38 | RESPONSE to 37 MOTION to Dismiss, 10 MOTION to Dismiss filed by Plaintiff K.A.. (Attachments: # 1 Exhibit A)(Brown, Kristine) (Entered: 09/18/2023) |
| 08/28/2023 | 37 | BARNES' MOTION to Dismiss by Defendant Michelle Barnes. (trvo, ) (Refiled pursuant to 36 Order) (Entered: 08/29/2023) |
| 08/28/2023 | 36 | MINUTE ORDER: This matter is before the Court on the 34 Barnes' Motion to Dismiss and the 35 Notice of Errata, which attaches the [35–1] Corrected Barnes' Motion to Dismiss, all filed by Defendant Michelle Barnes. Considering the Notice of Errata, the Court **DENIES as moot** the 34 Barnes' Motion to Dismiss. The Clerk of Court is **DIRECTED to DOCKET** the [35–1] Corrected Barnes' Motion to Dismiss as a separate docket entry. By Judge Nina Y. Wang on 08/28/2023. Text Only Entry (nywlc5, ) (Entered: 08/28/2023) |
| 08/28/2023 | 35 | ERRATA re 34 First MOTION to Dismiss *Plaintiff's Complaint Corrected Motion to Dismiss Plaintiff's Complaint* by Defendant Michelle Barnes. (Attachments: # 1 Exhibit Corrected Motion to Dismiss)(Carty, Jennifer) (Entered: 08/28/2023) |
| 08/28/2023 | 34 | **DISREGARD – SEE CORRECTED MOTION AT DOC. 37** . First MOTION to Dismiss *Plaintiff's Complaint* by Defendant Michelle Barnes. (Carty, Jennifer) Modified on 8/29/2023 to note corrected motion (trvo, ). (Entered: 08/28/2023) |
| 08/28/2023 | 33 | ORDER REFERRING CASE: This case is referred to Magistrate Judge Kathryn A. Starnella for **non–dispositive matters**. Pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) and Fed. R. Civ. P. 72(a) and (b), this case is referred to the assigned United States |

| | | |
|---|---|---|
| | | Magistrate Judge to (1) convene a scheduling conference under Fed. R. Civ. P. 16(b) and enter a scheduling order meeting the requirements of D.C.COLO.LCivR 16.2, (2) conduct such status conferences and issue such orders necessary for compliance with the scheduling order, including amendments or modifications of the scheduling order upon a showing of good cause, and (3) hear and determine pretrial matters, including discovery and other non–dispositive motions. Court–sponsored alternative dispute resolution is governed by D.C.COLO.LCivR 16.6. On the request of the parties by motion, this Court may direct the parties to engage in an early neutral evaluation, a settlement conference, or another alternative dispute resolution proceeding. Alternatively, the Magistrate Judge, at her discretion, may convene such early neutral evaluation and/or settlement conferences and direct related procedures as may facilitate resolution of this case without the necessity of a motion or prior authorization of the undersigned. **Counsel for the Parties and all counsel who may later enter an appearance shall review and familiarize themselves with the undersigned's Practice Standards, as well as the Practice Standards of the assigned Magistrate Judge.** By Judge Nina Y. Wang on 08/28/2023. Text Only Entry (nywlc5, ) (Entered: 08/28/2023) |
| 08/25/2023 | 32 | MEMORANDUM RETURNING CASE by Senior Judge Blackburn. This case is randomly reassigned to Judge Nina Y. Wang for all further proceedings and drawn to Magistrate Judge Kathryn A. Starnella. All future pleadings should be designated as **23–cv–01558–NYW**. (schap, ) (Entered: 08/25/2023) |
| 08/24/2023 | 31 | CASE REASSIGNED pursuant to 30 Order. This case is randomly reassigned to Judge Robert E. Blackburn and drawn to Magistrate Judge Kathryn A. Starnella. All future pleadings should be designated as 23–cv–01558–REB. (Text Only Entry) (cmadr, ) (Entered: 08/24/2023) |
| 08/24/2023 | 30 | Minute ORDER by Magistrate Judge Kathryn A. Starnella on 24 August 2023. The signed Consent– Non–Consent Form 29 indicates that at least one party has declined to consent. Accordingly, IT IS HEREBY ORDERED that this case shall be assigned to a District Judge under D.C.COLO.LCivR 40.1(c)(8) and D.C.COLO.LCivR 40.1(a). (cmadr, ) (Entered: 08/24/2023) |
| 08/23/2023 | 29 | CONSENT to Jurisdiction of Magistrate Judge by Plaintiff K.A. All parties do not consent.. (Brown, Kristine) (Entered: 08/23/2023) |
| 08/17/2023 | 28 | Exhibits in Support of 10 MOTION to Dismiss by Defendants Arapahoe County Board of County Commissioners, Arapahoe County Department of Human Services Division of Child & Adult Protection Services, Michelle Dossey. (Attachments: # 1 Exhibit A–3 Order of Dismissal)(Mott, Writer) (Entered: 08/17/2023) |
| 08/15/2023 | 27 | Minute ORDER by Magistrate Judge Kathryn A. Starnella on 15 August 2023. IT IS HEREBY ORDERED that the Unopposed Motion to File Documents Under Level 1 Restriction and Restrict Public Access 18 is GRANTED. IT IS FURTHER ORDERED that the Clerk of the Court is directed to maintain the following documents UNDER RESTRICTION at LEVEL 1:1 (1) Exhibit A–2 11 and (2) Exhibit A–3 [#11–1]. IT IS FURTHER ORDERED that that, no later than August 22, 2023, the Arapahoe County Defendants shall either: (A) file public versions of Exhibit A–2 [#11] and Exhibit A–3 [#11–1], which redact **only** the information that affects the privacy interest of the family members implicated in this lawsuit, e.g., the full name of the litigant contained in both exhibits' case captions; or (B) file a notice explaining why redaction is not practicable.(cmadr, ) (Entered: 08/16/2023) |

| 08/15/2023 | 26 | Minute ORDER by Magistrate Judge Kathryn A. Starnella on 15 August 2023. IT IS HEREBY ORDERED that the Joint Motion to Vacate Scheduling Conference 25 is GRANTED. The Scheduling Conference set for September 26, 2023, at 9:30 a.m. is **VACATED.** It will be reset, if appropriate, following resolution of the motion(s) to dismiss.(cmadr, ) (Entered: 08/15/2023) |
|---|---|---|
| 08/14/2023 | 25 | Joint MOTION to Vacate *Scheduling Conference* by Defendants Arapahoe County Board of County Commissioners, Arapahoe County Department of Human Services Division of Child & Adult Protection Services, Michelle Dossey. (Mott, Writer) (Entered: 08/14/2023) |
| 08/14/2023 | 24 | Minute ORDER by Magistrate Judge Kathryn A. Starnella on 14 August 2023. IT IS HEREBY ORDERED that the Plaintiff's Unopposed Motion for an Extension to File a Combined Response to Defendants' Motion to Dismiss 20 is GRANTED. The deadline for Plaintiff to file a consolidated Response to the County Defendants' Motion to Dismiss 10 and to Defendant Barnes' motion to dismiss, if any, is extended to **September 18, 2023.**(cmadr, ) (Entered: 08/14/2023) |
| 08/08/2023 | 23 | REASSIGNING MAGISTRATE JUDGE. This action is reassigned to Magistrate Judge Kathryn A. Starnella upon her appointment. All future pleadings should reference Magistrate Judge Starnella at the beginning of the civil action number (such as 23−cv−01558−KAS). Unless otherwise ordered, the dates and times for all previously scheduled matters will be maintained and will now be handled by Magistrate Judge Starnella in Courtroom C−204. Her chambers are located in Room C−253 of the Byron G. Rogers Courthouse. Her telephone number is 303−335−2770. (Text only entry) (agarc, ) (Entered: 08/08/2023) |
| 07/31/2023 | 22 | ORDER by Magistrate Judge Kristen L. Mix on 31 July 2023. IT IS HEREBY ORDERED that the Motion to Stay 19 is GRANTED to the extent that all discovery is stayed pending resolution of Defendants' Motion to Dismiss 10 .(cmadr, ) (Entered: 07/31/2023) |
| 07/31/2023 | 21 | NOTICE re 1 Complaint, *Redacted Complaint* by Defendants Arapahoe County Board of County Commissioners, Arapahoe County Department of Human Services Division of Child & Adult Protection Services, Michelle Dossey (Mott, Writer) (Entered: 07/31/2023) |
| 07/28/2023 | 20 | Unopposed MOTION for Extension of Time to File Answer or Otherwise Respond re 10 MOTION to Dismiss by Plaintiff K.A.. (Brown, Kristine) (Entered: 07/28/2023) |
| 07/28/2023 | 19 | Unopposed MOTION to Stay *Discovery and Vacate Scheduling Conference* by Defendants Arapahoe County Board of County Commissioners, Arapahoe County Department of Human Services Division of Child & Adult Protection Services, Michelle Dossey. (Mott, Writer) (Entered: 07/28/2023) |
| 07/26/2023 | 18 | Unopposed MOTION for Leave to Restrict by Defendants Arapahoe County Board of County Commissioners, Arapahoe County Department of Human Services Division of Child & Adult Protection Services, Michelle Dossey. (Mott, Writer) (Entered: 07/26/2023) |
| 07/26/2023 | 17 | NOTICE of Entry of Appearance *of Aaron J. Pratt* by Aaron John Pratt on behalf of Michelle BarnesAttorney Aaron John Pratt added to party Michelle Barnes(pty:dft) (Pratt, Aaron) (Entered: 07/26/2023) |
| 07/26/2023 | 16 | |

| | | |
|---|---|---|
| | | NOTICE of Entry of Appearance *of Jennifer L. Carty* by Jennifer L. Carty on behalf of Michelle BarnesAttorney Jennifer L. Carty added to party Michelle Barnes(pty:dft) (Carty, Jennifer) (Entered: 07/26/2023) |
| 07/25/2023 | 15 | Minute ORDER by Magistrate Judge Kristen L. Mix on 25 July 2023. IT IS HEREBY ORDERED that the Unopposed Motion to Restrict Complaint Under Level 1 Restriction and Restrict Public Access 12 is GRANTED. IT IS FURTHER ORDERED that the Clerk of the Court is directed to maintain the following document UNDER RESTRICTION at LEVEL 1 Complaint 1 . IT IS FURTHER ORDERED that, **no later than August 2, 2023,** the above–named Defendants shall file a public version of the Complaint [#1] which redacts only that information which affects the privacy interest of the family members implicated in this lawsuit. IT IS FURTHER ORDERED that, for reasons stated in the Motion [#12] regarding the use of minor children and their family members 'full names in cases involving allegations of sexual abuse, all future case captions and filings in this lawsuit shall reference Plaintiff as K.A., and the Clerk of Court shall amend Plaintiff's name on the electronic docket to refer only to K.A. IT IS FURTHER ORDERED that all further filings in this lawsuit shall refer to Plaintiff and her family members by their initials.(cmadr, ) (Entered: 07/26/2023) |
| 07/20/2023 | 14 | NOTICE of Entry of Appearance by Allison R. Ailer on behalf of Michelle BarnesAttorney Allison R. Ailer added to party Michelle Barnes(pty:dft) (Ailer, Allison) (Entered: 07/20/2023) |
| 07/17/2023 | 13 | NOTICE of Entry of Appearance by Rebecca McClain Taylor on behalf of Arapahoe County Board of County Commissioners, Arapahoe County Department of Human Services Division of Child & Adult Protection Services, Michelle DosseyAttorney Rebecca McClain Taylor added to party Arapahoe County Board of County Commissioners(pty:dft), Attorney Rebecca McClain Taylor added to party Arapahoe County Department of Human Services Division of Child & Adult Protection Services(pty:dft), Attorney Rebecca McClain Taylor added to party Michelle Dossey(pty:dft) (Taylor, Rebecca) (Entered: 07/17/2023) |
| 07/17/2023 | 12 | Unopposed MOTION for Leave to Restrict by Defendants Arapahoe County Board of County Commissioners, Arapahoe County Department of Human Services Division of Child & Adult Protection Services, Michelle Dossey. (Attachments: # 1 Proposed Order (PDF Only))(Mott, Writer) (Entered: 07/17/2023) |
| 07/17/2023 | 11 | RESTRICTED DOCUMENT – Level 1: by Defendants Arapahoe County Board of County Commissioners, Arapahoe County Department of Human Services Division of Child & Adult Protection Services, Michelle Dossey.. (Attachments: # 1 Exhibit A–3 Order of Dismissal)(Mott, Writer) (Entered: 07/17/2023) |
| 07/17/2023 | 10 | MOTION to Dismiss by Defendants Arapahoe County Board of County Commissioners, Arapahoe County Department of Human Services Division of Child & Adult Protection Services, Michelle Dossey. (Attachments: # 1 Exhibit A–1 Adjudication Order)(Mott, Writer) (Entered: 07/17/2023) |
| 07/14/2023 | 9 | ORDER SETTING SCHEDULING/PLANNING CONFERENCE by Magistrate Judge Kristen L. Mix on 07/14/2023. Proposed Scheduling Order due 9/19/2023. Scheduling/Planning Conference set for 9/26/2023 09:30 AM in Courtroom C204 before Magistrate Judge Kristen L. Mix. (Attachments: # 1 Continuation of Main Document, # 2 Continuation of Main Document) (alave, ) (Entered: 07/14/2023) |
| 07/14/2023 | 8 | |

|  |  |  |
|---|---|---|
|  |  | MINUTE ORDER. Pursuant to D.C.COLO.LCivR 40.1(c)(4), the deadline to file the Consent/Non–Consent to United States Magistrate Judge Jurisdiction form [#3] is September 12, 2023. by Magistrate Judge Kristen L. Mix on 7/14/2023. Text Only Entry (klmlc2, ) (Entered: 07/14/2023) |
| 07/14/2023 | 7 | WAIVER OF SERVICE Returned Executed by K.A. Michelle Barnes waiver sent on 6/29/2023, answer due 8/28/2023. (Taheri, Suzanne) Modified on 12/13/2023 per Minute Order 15 (norlin, ). (Entered: 07/14/2023) |
| 06/30/2023 | 6 | WAIVER OF SERVICE Returned Executed by K.A. Arapahoe County Board of County Commissioners waiver sent on 6/29/2023, answer due 8/28/2023; Arapahoe County Department of Human Services Division of Child & Adult Protection Services waiver sent on 6/29/2023, answer due 8/28/2023; Michelle Dossey waiver sent on 6/29/2023, answer due 8/28/2023. (Attachments: # 1 Waiver by DHS, # 2 Waiver by Dossey)(Taheri, Suzanne) Modified on 12/13/2023 per Minute Order 15 (norlin, ). (Entered: 06/30/2023) |
| 06/27/2023 | 5 | Exhibits in Support of 1 Complaint by Plaintiff K.A.. (Attachments: # 1 Exhibit 2, # 2 Exhibit 3, # 3 Exhibit 4, # 4 Exhibit 5, # 5 Exhibit 6, # 6 Exhibit 7, # 7 Exhibit 8, # 8 Exhibit 9, # 9 Exhibit 10, # 10 Exhibit 11, # 11 Exhibit 12)(Taheri, Suzanne) Modified on 12/13/2023 per Minute Order 15 (norlin, ). (Entered: 06/27/2023) |
| 06/21/2023 | 4 | NOTICE of Entry of Appearance by Kristine Lee Brown on behalf of K.A. (Brown, Kristine) Modified on 12/13/2023 per Minute Order 15 (norlin, ). (Entered: 06/21/2023) |
| 06/20/2023 | 3 | Magistrate Judge consent form issued pursuant to D.C.COLO.LCivR 40.1, direct assignment of civil actions to full time magistrate judges. No Summons Issued. (norlin, ) (Entered: 06/21/2023) |
| 06/20/2023 | 2 | Case assigned to Magistrate Judge Kristen L. Mix.Text Only Entry (norlin, ) (Entered: 06/21/2023) |
| 06/20/2023 | 1 | COMPLAINT against K.A. (Filing fee $ 402,Receipt Number ACODC–9158954)Attorney Suzanne M. Taheri added to party K.A.(pty:pla), filed by K.A.(Taheri, Suzanne) Modified to restrict pursuant to ECF 15 on 7/26/2023 (cmadr, ). Modified on 12/13/2023 per Minute Order 15 (norlin, ). Modified on 12/13/2023 (norlin, ). (Entered: 06/20/2023) |

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No.  1:23-cv-01558-NYW-KAS

K.A.,

       Plaintiff,

v.

MICHELLE BARNES, in her official capacity,
ARAPAHOE COUNTY DEPARTMENT OF
HUMAN SERVICES, DIVISION OF CHILD
AND ADULT PROTECTION SERVICES,
MICHELLE DOSSEY, in her official capacity,
and ARAPAHOE COUNTY BOARD OF
COMMISSIONERS,

       Defendants.

---

## NOTICE OF APPEAL FROM FINAL JUDGMENT

---

K.A. appeals to the United States Court of Appeals for the Tenth Circuit from the final judgment

entered on April 23, 2024.

Dated:  May 1, 2024.

/s/ Suzanne Taheri
**Suzanne Taheri**
West Law Group
6501 E. Belleview, Suite 375
Denver, CO 80111
Phone Number: 303-263-0844
Email: st@westglp.com

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO
### Judge Nina Y. Wang

Civil Action No. 23-cv-01558-NYW-KAS

K.A.,

     Plaintiff,

v.

MICHELLE BARNES, in her official capacity,
ARAPAHOE COUNTY DEPARTMENT OF HUMAN SERVICES, DIVISION OF CHILD
AND ADULT PROTECTION SERVICES,
MICHELLE DOSSEY, in her official capacity, and
ARAPAHOE COUNTY BOARD OF COMMISSIONERS,

     Defendants.

---

## ORDER

---

This matter comes before the Court on the Motion for Leave to File Amended Complaint ("Motion for Leave"), [Doc. 47, filed February 2, 2024], filed by Plaintiff K.A.[1] ("Plaintiff" or "K.A.").  The Motion for Leave is opposed by Defendant Michelle Barnes ("Defendant Barnes" or "Ms. Barnes").  [Doc. 51].  The Motion for Leave is also opposed by Defendants Michelle Dossey ("Defendant Dossey" or "Ms. Dossey") and the Arapahoe County Department of Human Services (the "Department") (together, the "ACDHS Defendants").[2]  [Doc. 52].  The Court finds that oral argument will not materially assist in the disposition of the Motion for Leave.  Upon review of the Parties' briefing, the entire

---

[1] Plaintiff proceeds under her initials in this action.  *See* [Doc. 15].

[2] As Plaintiff now concedes that the Arapahoe County Board of County Commissioners (the "Board") is not a proper party to this action, [Doc. 47 at 5], the Board does not join in the ACDHS Defendants' filing, *see* [Doc. 52 at 1 n.1].

docket, and the applicable case law, this Court respectfully **DENIES** the Motion for Leave.

## BACKGROUND

The Court has already set out the factual allegations underlying this case in some detail. *See* [Doc. 46 at 2–8]. The Court limits its discussion here to the procedural background that is relevant to the instant Motion for Leave. Plaintiff originally filed this action on June 20, 2023. [Doc. 1; Doc. 21]. Two motions to dismiss the Complaint (the "Motions to Dismiss") followed, one from Defendant Barnes and one from the ACDHS Defendants. On January 19, 2024, this Court entered a Memorandum Opinion and Order granting the Motions to Dismiss and holding: (1) that Plaintiff failed to carry her burden of demonstrating that she had standing to sue Defendant Barnes; (2) that Defendants Dossey and the Board were improperly or redundantly named; and (3) that Plaintiff could not obtain injunctive, monetary, or declaratory relief from the remaining Defendant, the Department. [Doc. 46 at 11–17]. In the alternative, the Court held that K.A.'s claims were all barred by the statute of limitations and that equitable tolling was not warranted. *See* [*id.* at 17–19].

Shortly before the Court entered the Memorandum Opinion and Order, K.A. filed an opposed Motion for Leave to File Amended Complaint. [Doc. 45]. The Court denied this request without prejudice in the course of dismissing K.A.'s Complaint, explaining:

> Although Plaintiff did not seek leave to amend in response to the Motions to Dismiss, *see generally* [Doc. 38], she did file a Motion for Leave to File Amended Complaint ("Motion to Amend") today. [Doc. 45]. Because Plaintiff does not have a right to amend under Rule 15(a) of the Federal Rules of Civil Procedure; the Motion to Amend is opposed; and based on the Court's initial review, it is not evident that the proposed amendments cure the deficiencies identified herein, this Court proceeds with this Memorandum Opinion and Order and DENIES without prejudice the Motion to Amend. If, after Plaintiff has an opportunity to review this Memorandum Opinion and Order, she continues to contend that amendment is proper,

she must meet and confer with Defendants about any proposed
amendments and may renew her request for leave to file an amended
pleading no later than February 2, 2024. Any renewed request for leave
must address and account for the Court's rulings reflected in this
Memorandum Opinion and Order.

[Doc. 46 at 19 n.10 (emphasis omitted)]. The instant Motion for Leave, which attaches a

proposed First Amended Complaint and Jury Demand ("First Amended Complaint"), [Doc.

47-1], timely followed.[3] Defendants oppose the motion. [Doc. 51; Doc. 52]. Plaintiff has

not filed a reply brief and the time to do so has passed. *See* D.C.COLO.LCivR 7.1(d).

The Motion for Leave is ripe for resolution.

## LEGAL STANDARD

As relevant here, Rule 15 of the Federal Rules of Civil Procedure provides that "a

party may amend its pleading only with the opposing party's written consent or the court's

leave," which should be "freely give[n] . . . when justice so requires." Fed. R. Civ. P.

15(a)(2). "Refusing leave to amend is generally only justified upon a showing of undue

delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure

deficiencies by amendments previously allowed, or futility of amendment." *Frank v. U.S.*

*W., Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993). Accordingly, a general presumption exists

in favor of allowing a party to amend its pleadings, *see Foman v. Davis*, 371 U.S. 178,

182 (1962), and the non-moving party bears the burden of showing that the proposed

amendment is sought in bad faith, futile, or would cause substantial prejudice, undue

delay, or injustice, *see Corp. Stock Transfer, Inc. v. AE Biofuels, Inc.*, 663 F. Supp. 2d

1056, 1061 (D. Colo. 2009). "A court properly may deny a motion for leave to amend as

---

[3] The Motion for Leave incorrectly asserts that it is Plaintiff's "first request to amend her
Complaint." [Doc. 47 at 3].

futile when the proposed amended complaint would be subject to dismissal for any reason." *Bauchman ex rel. Bauchman v. W. High Sch.*, 132 F.3d 542, 562 (10th Cir. 1997).

**ANALYSIS**

**I.    Equitable Tolling**

In its January 19, 2024, Memorandum Opinion and Order, this Court held that Defendants had a meritorious statute of limitations argument that required dismissal of all asserted claims. *See* [Doc. 46 at 17–18]. Specifically, the Court explained that "the only events described in the Complaint that occurred within the limitations period—the two years preceding June 20, 2023—are decisions denying review of K.A.'s state court cases by the Colorado Court of Appeals and the Colorado Supreme Court in mid-2021," but K.A. "[was] not suing the Colorado state courts." [*Id.* at 18]. The Court further held that equitably tolling the statute of limitations, which requires extraordinary circumstances, was "unwarranted" here because "Plaintiff [did] not explain why she could not litigate these issues sooner and, critically, she ha[d] already been litigating some of these issues in various state court cases." [*Id.* at 19].

In the Motion for Leave, K.A. does not appear to quarrel with the Court's determination that no alleged events giving rise to this litigation occurred within the applicable limitations period. *See generally* [Doc. 47]. Instead, she suggests that "newly discovered facts" support equitably tolling the statute of limitations pursuant to the doctrine of fraudulent concealment. [*Id.* at 2–3]. In particular, Plaintiff draws the Court's attention to the new allegations contained in the First Amended Complaint, as well as the supporting declarations of Robin Niceta ("Niceta Declaration") and Kristin Nichols

("Nichols Declaration").[4]   *See* [*id.* at 3 ("The amendment relates only to the new information that demonstrates unconstitutional patterns and practices of the County, an ongoing conspiracy to deprive plaintiff of her constitutional rights, and a reason for the equitable tolling of the statute of limitations.")]; *see also* [Doc. 47-3; Doc. 47-4].   She contends that, until contacted by Ms. Niceta, she "had no means, even having performed due diligence to obtain her records, to know the extent of the concealment and conspiracy that led to the unconstitutional deprivation of her rights."   [Doc. 47 at 3–4]; *see also* [*id.* at 4 ("Plaintiff is unable to litigate what she does not know, and could not have raised all of these issues in state court.")].   She asks that the Court "[t]oll any statute of limitations because of the falsified records and continuation of the conspiracy."   [*Id.* at 7].   Defendants disagree, arguing that equitable tolling remains unwarranted in this case.   *See* [Doc. 51 at 9–12; Doc. 52 at 11–14].

For purposes of Plaintiff's claims, "state law determines the appropriate statute of limitations and accompanying tolling provisions."   *Fratus v. DeLand*, 49 F.3d 673, 675 (10th Cir. 1995).   "Colorado law permits equitable tolling in situations in which either the defendant has wrongfully impeded the plaintiff's ability to bring the claim or truly extraordinary circumstances prevented the plaintiff from filing his or her claim despite diligent efforts."   *Driscoll v. City & Cnty. of Denver*, No. 21-cv-02866-PAB-NRN, 2023 WL 2261132, at *5 (D. Colo. Feb. 28, 2023).   Establishing the propriety of equitable tolling is

---

[4] The Court considers the Nichols Declaration in the context of Plaintiff's argument for equitable tolling only in an abundance of caution, as her brief focuses on the Niceta Declaration.   *See* [Doc. 47 at 3–5].   Plaintiff previously filed the Nichols Declaration when she opposed the Motions to Dismiss in September 2023.   *See* [Doc. 38-1].

5

K.A.'s burden.  *See Olson v. State Farm Mut. Auto. Ins. Co.*, 174 P.3d 849, 853 (Colo. App. 2007).

The Court is respectfully unpersuaded by Plaintiff's argument that the First Amended Complaint supports equitable tolling.  Plaintiff's new allegations are as follows:

16.   Upon information and belief (see Niceta Affidavit), Marika Quinn and other Department staff were not neutral and had predetermined opinions of C.P. and K.A., and only went through the motions during this entire process with K.A.

17.   Upon information and belief (see Niceta Affidavit), false entries about meetings were made in K.A. and C.P.'s case.

18.   The entry of false meetings or altered information about meetings was a practice the Department engaged in regularly.

. . .

35.   Upon information and belief, (see Niceta Affidavit), Yarbrough would text other Department workers about K.A., calling her "stupid" and saying her brain hurt from having to listen to her.  She also had a predetermined opinion about K.A. rather than conducting a real investigation.  This was a practice of the Department.

36.   Yarbrough, Quinn, and Chase were constantly unprofessional, texted about K.A.'s case to avoid later discovery, and discussed what should happen to K.A. because they did not like her.  Treating single mothers like this in dependency hearings was a practice of the Department.

. . .

114.   . . . At the March 1, 2023 hearing, C.P., the County and the GAL appeared together in objection to the request.

115.   . . . At the April 13, 2023 hearing, C.P., the AC and the GAL appeared together requesting the protective order transfer to another court.

116.   On October 24, 2024, [sic] Robin Niceta, a former caseworker with the County familiar with K.A.'s case and the County practice and procedures contacted Counsel for K.A. by email with additional information about K.A.'s case.

117.   On November 27, 2023, Niceta provided a declaration to counsel.

118.   Niceta provided information unknown and unattainable to K.A. including:

- The recommendations and outcomes of K.A.'s case were predetermined by the County
- The County, the GAL and the parental evaluator conspired to deprive K.A. of her parental rights
- The County would, as a policy and practice, alter notes and falsify notes in the case files

6

- The County would, as a policy and practice, use private cell phones to avoid detection of records
- The County falsified a record regarding a purported meeting on June 30, 2019 regarding K.A.'s case (Niceta declaration)

119.   The County relied upon the theory of parental alienation to unconstitutionally deprive Plaintiff of her right to parent.

[Doc. 47-1 at ¶¶ 16–18, 35–36, 114–19].   The Niceta and Nichols Declarations cover largely the same territory.   *See* [Doc. 47-3; Doc. 47-4].

Respectfully, Plaintiff's Motion for Leave and proposed First Amended Complaint read as if this Court had originally dismissed K.A.'s Complaint because she failed to show a pattern or practice of illegal activity by Defendants.   But that is not why the Court dismissed the Complaint, nor did it bear on the Court's prior holding that extraordinary circumstances did not support equitable tolling.   Notably, the proposed First Amended Complaint contains the *same* causes of action as the original Complaint.   *Compare* [Doc. 47-1 at 19–34], *with* [Doc. 21 at 18–31].   It follows that the new information in the proposed First Amended Complaint and its supporting declarations, however material to Plaintiff's anticipated evidentiary presentation, did not prompt Plaintiff to bring either this action or these claims.   *Cf.* [Doc. 47 at 4 ("The details uncovered in the Niceta Declaration give credence and further depth—as well as facts previously unknown.")].   Nor does the Motion for Leave effectively demonstrate that Defendants wrongfully impeded Plaintiff from filing this action.   After all, Plaintiff already brought this very action, and these precise claims, outside the limitations period, in June 2023.   *See* [Doc. 51 at 10 (Defendant Barnes arguing that K.A. "does not allege any new basis of liability" in the First Amended Complaint)].

To the extent Plaintiff argues that tolling is supported by the newly uncovered depth of the alleged conspiracy among Defendants, *see* [Doc. 47 at 4 ("Statutes of limitations

should be equitably tolled when an ongoing conspiracy between the government and a private actor continues to be uncovered in further detail.")], she provides no authority for that proposition. Besides, as the ACDHS Defendants observe, the allegation of a conspiracy in this case is not new to the proposed First Amended Complaint. *See* [Doc. 52 at 13]; *see also, e.g.*, [Doc. 21 at ¶ 215 (alleging "a conspiracy to deprive Plaintiff of her parental rights")]. And, as Defendant Barnes points out, "[t]he new evidence . . . does nothing to support the crucial element . . . that the alleged conspiracy impeded [Plaintiff] from timely filing this action." [Doc. 51 at 10].

To be sure, the new allegations in the proposed First Amended Complaint and the assertions in the Niceta and Nichols Declarations all "bolster Plaintiff's claims that she was unconstitutionally discriminated against by Defendants, conspired against by government actors, and deprived of her constitutional rights due to practices and policies of Defendants," just as Plaintiff argues. [Doc. 47 at 4]; *see also* [*id.* at 4–5 (discussing how the new allegations "help to establish" a due process violation on the merits)]. But equitable tolling is not based on how robust a plaintiff's allegations are. What matters is that, as this Court has previously discussed, it is unclear how Defendants wrongfully prevented Plaintiff from bringing this case within the limitations period. *See* [Doc. 46 at 19]. Nor does Plaintiff provide authority for the proposition that the conduct alleged in the First Amended Complaint constitutes extraordinary circumstances that warrant tolling. And the only case Plaintiff cites in support of her tolling argument involves a court declining to engage in equitable tolling. *See Ballen v. Prudential Bache Sec., Inc.*, 23 F.3d 335, 336–37 (10th Cir. 1994). Even construing the proposed amendments in Plaintiff's favor, all the First Amended Complaint does is make a more detailed case for

untimely claims. The same is true of the Niceta and Nichols Declarations. [Doc. 47-3; Doc. 47-4]. The Court respectfully agrees with the ACDHS Defendants that "the fact [K.A.] alleges she recently learned additional information to bolster her claims does not provide grounds for tolling her stale claims." [Doc. 52 at 14].

In sum, Plaintiff fails to show that any information allegedly fraudulently concealed by Defendants warrants tolling the statute of limitations, or that any other extraordinary circumstances exist, such that the Court's prior analysis with respect to equitable tolling should be revisited. Because Plaintiff fails to meet her burden as to equitable tolling, the First Amended Complaint would be untimely if operative. Accordingly, Defendants have met their burden to show that K.A.'s proposed amendments would be futile. *See Jefferson Cnty. Sch. Dist. No. R-1 v. Moody's Inv.'s Servs., Inc.*, 175 F.3d 848, 859 (10th Cir. 1999) ("A proposed amendment is futile if the complaint, as amended, would be subject to dismissal."). The Motion for Leave is respectfully **DENIED**.

## II. Additional Matters

Two aspects of the Motion for Leave call for further discussion. First, Plaintiff suggests that the Court's disposition of her first attempt to amend her pleading in its January 19, 2024, Memorandum Opinion and Order "indicates the Court could not have thoroughly reviewed Plaintiff's Amended Complaint before deciding to deny it and going forward with an order that was clearly already written." [Doc. 47 at 1–2]. Upon further consideration, the Court maintains its view that the proposed amendments would have had no effect on its analysis. But even setting aside the substance of the proposed amendments, the Court specifically denied leave to amend *without prejudice* and invited Plaintiff to make a more thorough case for amendment with the benefit of the grounds for

9

dismissal discussed in the Memorandum Opinion and Order.  *See* [Doc. 46 at 19 n.10].

Doing so expedited this litigation.  *See* Fed. R. Civ. P. 1.

      Second, K.A. asserts in the Motion for Leave:

> Plaintiff's earlier request for additional pages to respond to Defendant's
> Motion to Dismiss was denied by this Court on September 25, 2023.  This
> Court criticized Plaintiff for failing to respond to all arguments, but had
> denied Plaintiff's request to provide more information and facts to this Court,
> which Plaintiff was willing and able to do.  The additional information would
> have addressed a number of the factors raised by the Court in its opinion,
> including traceability of Plaintiff's injury to state actors.

[Doc. 47 at 2].  The implication that the Court prevented Plaintiff from opposing

Defendants' arguments for dismissal and then relied upon those very arguments to

dismiss her case is simply unsupported.

      On July 17, 2023, the first of the two Motions to Dismiss was filed.  [Doc. 10].  In

lieu of responding on the merits, Plaintiff filed an Unopposed Motion for an Extension to

File a Combined Response to Defendants' Motion to Dismiss, in which she represented

that another motion to dismiss was forthcoming and, "in the interest of consolidating

arguments and briefing to this Court," she asked "that the deadline for her response to

the [ACDHS] Defendants be extended to match the deadline for [responding to Defendant

Barnes's motion] and that she answer both motions in one answer."  [Doc. 20 at 1].  The

Honorable Kathryn A. Starnella granted that request and permitted Plaintiff to file a

combined response to the Motions to Dismiss.  [Doc. 24].  The second motion to dismiss

was filed on August 28, 2023.  [Doc. 37].  On September 18, 2023, which was the 21-day

response deadline for the second motion, Plaintiff filed her combined response to both

Motions to Dismiss.  [Doc. 38].  Plaintiff sought neither an extension of time nor an

extension of pages with respect to this filing.

Two days after responding to the Motions to Dismiss on the merits, Plaintiff filed an opposed request "for leave to file an additional 15 pages Memorandum of Law . . . to fully present legal arguments related to the argument of the parental alienation theory relied upon by Defendants in the permanent termination of Plaintiff's parental rights." [Doc. 39 at 1–2]. Plaintiff explained that she "attempted diligently to stay within the page limit but the complexity and importance of the issue presented in the Memorandum of Law necessitates a further explanation." [*Id.* at 2]. On September 25, 2023, Defendants filed a joint response in which they contended that neither of the Motions to Dismiss "raise[d] any legal defenses or arguments about parental alienation theory," rendering Plaintiff's request both irrelevant and untimely. *See* [Doc. 41 at 2–4]. The Court denied Plaintiff's request. [Doc. 42].

Although the Court did not provide a written explanation at the time, it is apparent from Plaintiff's submission that her request for additional pages did not bear on the substantive arguments raised by the Motions to Dismiss. *See generally* [Doc. 39]. K.A. explained in no uncertain terms that her request for additional pages was exclusively aimed at "the argument of the parental alienation theory," [Doc. 39 at 2], which Defendants correctly pointed out goes unmentioned in the Motions to Dismiss, [Doc. 41 at 3]; *see also* [Doc. 10; Doc. 37].[5] Accordingly, the suggestion in the instant Motion for Leave that the Court improperly prevented Plaintiff from arguing all issues raised by Defendants in the Motions to Dismiss is not well taken.

---

[5] To the extent the request for additional pages sought permission to file "Plaintiff's Memorandum on the Parental Alienation Theory," a 14-page document attached without explanation to the instant Motion for Leave, *see* [Doc. 47-6], the Court has reviewed the memorandum and finds that it has no bearing on the legal arguments for dismissal raised by Defendants in this action.

## CONCLUSION

For the foregoing reasons, it is **ORDERED** that:

(1)      The Motion for Leave to File Amended Complaint [Doc. 47] is **DENIED**;

(2)      Defendants are awarded their costs under Federal Rule of Civil Procedure 54 and Local Rule 54.1; and

(3)      The Clerk of Court is direct to close this case.


DATED: April 23, 2024                    BY THE COURT:

                                              _____

                                              Nina Y. Wang

                                              United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 23-cv-01558-NYW-KAS

K.A.,

        Plaintiff,

v.

MICHELLE BARNES, in her official capacity,
ARAPAHOE COUNTY DEPARTMENT OF HUMAN SERVICES, DIVISION OF CHILD
AND ADULT PROTECTION SERVICES,
MICHELLE DOSSEY, in her official capacity, and
ARAPAHOE COUNTY BOARD OF COMMISSIONERS,

        Defendants.

---

## FINAL JUDGMENT

---

In accordance with the orders filed during the pendency of this case, and pursuant to Fed. R. Civ. P. 58(a), the following Final Judgment is hereby entered.

Pursuant to the Order entered by United States District Judge Nina Y. Wang on April 23, 2024 [Doc. 53], it is

ORDERED that the Motion for Leave to File Amended Complaint [Doc. 47] is DENIED. It is

FURTHER ORDERED that final judgment is hereby entered in favor of Defendants and against Plaintiff. It is

FURTHER ORDERED that Defendants shall have their costs by the filing of a Bill of Costs with the Clerk of this Court within fourteen days of the entry of judgment, pursuant to Fed. R. Civ. P. 54(d)(1) and D.C.COLO.LCivR 54.1. It is

FURTHER ORDERED that this case is closed.

Dated at Denver, Colorado this 23rd day of April, 2024.

                                        FOR THE COURT:
                                        JEFFREY P. COLWELL, CLERK

                                        By: s/Emily Buchanan
                                        Emily Buchanan, Deputy Clerk